JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MINHYE PARK

### DEFENDANTS
DAVID DENNIS KIM, MD

**(b)** County of Residence of First Listed Plaintiff  S.KOREA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
JSL LAW OFFICES, P.C.
626 RXR PLAZA, UNIONDALE, NY11556, (718) 463-8000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — ☐ 310 Airplane; ☐ 315 Airplane Product Liability; ☐ 320 Assault, Libel & Slander; ☐ 330 Federal Employers' Liability; ☐ 340 Marine; ☐ 345 Marine Product Liability; ☐ 350 Motor Vehicle; ☐ 355 Motor Vehicle Product Liability; ☐ 360 Other Personal Injury; ☒ 362 Personal Injury - Medical Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881; ☐ 690 Other | ☐ 422 Appeal 28 USC 158; ☐ 423 Withdrawal 28 USC 157 | ☐ 375 False Claims Act; ☐ 376 Qui Tam (31 USC 3729(a)); ☐ 400 State Reapportionment; ☐ 410 Antitrust; ☐ 430 Banks and Banking; ☐ 450 Commerce; ☐ 460 Deportation; ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 120 Marine | | | **PROPERTY RIGHTS** — ☐ 820 Copyrights; ☐ 830 Patent; ☐ 840 Trademark | |
| ☐ 130 Miller Act | | | | |
| ☐ 140 Negotiable Instrument | | | | |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | | |
| ☐ 151 Medicare Act | | | | |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | **PERSONAL INJURY** — ☐ 365 Personal Injury - Product Liability; ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability; ☐ 368 Asbestos Personal Injury Product Liability | | | |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** — ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability | **LABOR** — ☐ 710 Fair Labor Standards Act; ☐ 720 Labor/Management Relations; ☐ 740 Railway Labor Act; ☐ 751 Family and Medical Leave Act; ☐ 790 Other Labor Litigation; ☐ 791 Employee Retirement Income Security Act | **SOCIAL SECURITY** — ☐ 861 HIA (1395ff); ☐ 862 Black Lung (923); ☐ 863 DIWC/DIWW (405(g)); ☐ 864 SSID Title XVI; ☐ 865 RSI (405(g)) | ☐ 480 Consumer Credit; ☐ 490 Cable/Sat TV; ☐ 850 Securities/Commodities/Exchange; ☐ 890 Other Statutory Actions; ☐ 891 Agricultural Acts; ☐ 893 Environmental Matters; ☐ 895 Freedom of Information Act; ☐ 896 Arbitration; ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision; ☐ 950 Constitutionality of State Statutes |
| ☐ 160 Stockholders' Suits | | | | |
| ☐ 190 Other Contract | | | | |
| ☐ 195 Contract Product Liability | | | | |
| ☐ 196 Franchise | | | | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **FEDERAL TAX SUITS** | |
| ☐ 210 Land Condemnation; ☐ 220 Foreclosure; ☐ 230 Rent Lease & Ejectment; ☐ 240 Torts to Land; ☐ 245 Tort Product Liability; ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights; ☐ 441 Voting; ☐ 442 Employment; ☐ 443 Housing/Accommodations; ☐ 445 Amer. w/Disabilities - Employment; ☐ 446 Amer. w/Disabilities - Other; ☐ 448 Education | **Habeas Corpus:** ☐ 463 Alien Detainee; ☐ 510 Motions to Vacate Sentence; ☐ 530 General; ☐ 535 Death Penalty; **Other:** ☐ 540 Mandamus & Other; ☐ 550 Civil Rights; ☐ 555 Prison Condition; ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 870 Taxes (U.S. Plaintiff or Defendant); ☐ 871 IRS—Third Party 26 USC 7609 | |
| | | **IMMIGRATION** — ☐ 462 Naturalization Application; ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332
Brief description of cause:
Defendant failed to remove the fetus from plaintiff.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 150.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE  
DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ✔

I, JSL LAW OFFICES, P.C., counsel for PLAINTIFF, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐ monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐ the complaint seeks injunctive relief,

☐ the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?   ☐ Yes   ✔ No

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?   ☐ Yes   ✔ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?   ✔ Yes   ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?   ☐ Yes   ☐ No
(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.
✔ Yes   ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?
☐ Yes   (If yes, please explain   ✔ No

I certify the accuracy of all information provided above.

Signature: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MINHYE PARK,                                                                                Civil Docket No.

                                  Plaintiff,                                          **COMPLAINT**

        -against-

DAVID DENNIS KIM, M.D.,

                                  Defendant.
-------------------------------------------------------------------X

       Plaintiff, by their attorneys, JSL LAW OFFICES, P.C., as and for their Complaint, respectfully allege, upon information and belief as follows:

## I. PRELIMINARY STATEMENT

       1. On November 22, 2017, the plaintiff was lawfully on the defendant premises and the defendant DAVID DENNIS KIM undertook to examine and diagnose, and confirmed that plaintiff was five weeks pregnant. On November 27, 2017, the defendant undertook plaintiff's surgery to remove the fetus. On December 19, 2017, plaintiff discovered that the defendant failed to remove fetus on November 27, 2017 when plaintiff visited a doctor in South Korea who told her that she was nine weeks pregnant and that the fetus was not healthy and would be born with defects. On December 29, 2017, the plaintiff underwent surgery to remove the fetus from her womb in South Korea.

## II. JURISDICTION

       2. This court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that such jurisdiction is founded upon the diversity of citizenship between the parties to this action and the matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-five

thousand ($75,000) Dollars and 28 U.S.C. §§ 1331, 1334, and 1367. Plaintiffs' action for declaratory, injunctive, and /or monetary relief is authorized by 28 U.S.C. §§ 1343(a)(VI), 2201 & 2202 and the aforementioned statutory and constitutional provisions.

3. Plaintiff further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

### III. VENUE

4. Venue is proper for the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391(a), (b), and (c) as a substantial part of the events or omissions giving rise to the claim occurred in Queens County.

### IV. JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

### V. THE PARTIES

5. Plaintiff MINHYE PARK is at all times relevant hereto, resident of the South Korea.

6. Defendant DAVID DENNIS KIM had its principal place of business in Flushing, NY, County of Queens.

### VI. GENERAL ALLEGATIONS

7. That at all times herein mentioned, defendant DAVID DENNIS KIM, MD was a physician duly licensed to practice medicine in the State of New York.

8. That at all times herein mentioned, defendant DAVID DENNIS KIM represented

himself to be a specialist in the field of Anesthesiology and Obstetrics & Gynecology and represented that he possessed the required and necessary knowledge, education, qualifications, skills, learning, training and experience to qualify as a specialist in the field.

9. That at all times herein mentioned, defendant DAVID DENNIS KIM was providing medical services at 143-16 Sanford Avenue, Flushing, NY 11355.

10. That at all times herein mentioned, defendant DAVID DENNIS KIM owned, was one of the owners, a lessee, or a lessor of the premises located at 143-16 Sanford Avenue, Flushing, NY 11355.

11. That at all times hereinafter mentioned, defendant DAVID KIM, M.D managed, maintained and controlled a facility, located at 143-16 Sanford Avenue, Flushing, NY 11355.

12. That all times hereinafter mentioned, plaintiff, MINHYE PARK, sought care and/or treatment from the defendant, their agents, servants, partners and/or employees, at the aforesaid facility.

13. That at all times hereinafter mentioned, the defendants, their agents, servants, partners and/or employees, undertook and agreed to render treatment and procedure to the plaintiff.

14. That at all times herein mentioned, defendant DAVID DENNIS KIM had physicians, nurses and personnel to provide medical care and attention to Plaintiff. That on or about November 16, 2017, November 17, 2017, November 22, 2017 and November 27, 2017, the plaintiff was lawfully on the defendant premises and came under the care and treatments of the defendant DAVID DENNIS KIM.

15. That the defendant DAVID DENNIS KIM undertook to examine and diagnose, and confirmed that plaintiff was five weeks pregnant on November 22, 2018.

16. That the defendant DAVID DENNIS KIM undertook a surgery to remove the fetus

on November 27, 2017, attention and treatment rendered to the Plaintiff was not in accordance with accepted standards of good and accepted removal fetus surgery and was negligent and careless under the circumstances.

17. That the treatment and procedures rendered by the defendant were negligent in failing to timely and properly perform all necessary and proper diagnose, treat and surgical care, and in failing immediately admit his patient after the surgery the plaintiff was in severe pain as a result of the surgery.

18. That o**n or about December 19, 2017, Plaintiff first time discovered that defendant failed to terminate the fetus** when Plaintiff visited a doctor in South Korea who told her that she was nine weeks pregnant and that the fetus was not healthy and would be born with defects. Plaintiff visited another doctor to get a second opinion and that doctor confirmed what the previous doctor in South Korea had diagnosed.

19. That on or about December 29, 2017, the plaintiff finally underwent surgery to remove the fetus from her womb in South Korea.

20. The defendants, their agents, servants, partners and/or employees, were negligent and careless in the services rendered for and on behalf of the plaintiff, MINHYE PARK, in negligently and carelessly failing and neglecting to use reasonable care in the services rendered for and on behalf of the plaintiff, MINHYE PARK, in negligently and carelessly failing and neglecting to heed plaintiff, MINHYE PARK's condition, in negligently and carelessly departing from accepted practices and services rendered, in failing to successfully operate and/or properly operate the fetal surgery.

21. As a result of the foregoing acts, omissions and/or departures from good and

acceptable practice on the part of the defendants, their respective agents, servants, partners and/or employees, the plaintiff, MINHYE PARK, was injured.

22. That by reason of the foregoing, Plaintiff had additional scars and costs due to the need to repeat the procedure, needed to start her recovery process again and was unable to work for several months. Plaintiff had also suffered and continued physical pain and severe emotional distress, anxiety , fear, required medical care and upset at the failure of the first surgery, and will suffer permanent effects as a result of the Defendant's negligence herein.

23. That this case falls within one of the exceptions enumerated by CPLR 1602.

24. That as a result of the foregoing, Plaintiff was caused in a sum in excess of the jurisdictional limitations of this Court.

## AS AND FOR A FIRST CAUSE OF ACTION

25. Plaintiff repeat and reallege each and every allegation contained in paragraphs numbered "1" through "24" of the Complaint as if fully set forth at length herein.

26. That on November 27, 2017, the plaintiff was lawfully on the defendant's premises.

27. Defendant, DAVID KIM, M.D. agreed to render professional services to remove the fetus and failed to proceed the fetal surgery. Due to defendant's negligence and a general duty of care to defendant's patient, MINHYE PARK, this resulted in a botched fetal surgery and the fetus was not successfully removed from the plaintiff's womb.

28. By reason of the foregoing, the plaintiff was caused to suffer pain, discomfort, disability, and mental and emotional shock and was damaged thereby.

29. Due to defendant's negligence, plaintiff MINHYE PARK is entitled to compensatory damages in a sum which exceeds the jurisdictional limit of this Court.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR LACK OF INFORMED CONSENT

30. Plaintiff repeat and reallege each and every allegation contained in paragraphs numbered "1" through "29" of the Complaint as if fully set forth at length herein.

31. That Defendant , his agents, servants and/or employees failed to obtain an informed consent in that he failed to provide the plaintiff any diagnose made, treatment prescribed, and risks and alternatives to said course of treatment.

32. Had informed consent been given, Plaintiff as a reasonably prudent person would not have consented.

33. That as a result of the foregoing, Plaintiff was caused to sustain damages in a sum in excess of the jurisdictional limitation of this Court.

**WHEREFORE**, Plaintiff demands judgment against defendant on the First Cause of Action and on the Second Cause of Action in the amount of ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00), together with the costs and disbursements of this action, with interest from the date of the verdict to be rendered herein.

Dated: Uniondale, NY
June 12, 2020

JSL LAW OFFICE P.C.

_____
JAE S. LEE
626 RXR PLAZA
UNIONDALE, NY 11556

To:
DAVID DENNIS KIM, M.D.
143-16 Sanford Ave
Flushing, New York 11355