## RULE 26(f) MEETING REPORT

**CASE NAME: Minhye Park v. David Dennis Kim, M.D.**

**DOCKET NO.: 1:20-cv-02636**

Have the parties met and conferred? Yes Date? November 5, 2020

Date the Rule 26(a)(1) initial disclosures were exchanged? Not yet. We agreed to serve this disclosure as well as initial demands by November 19, 2020.

## PROPOSED DISCOVERY PLAN

1. Deadline for parties to provide properly executed authorizations/releases: Authorizations by December 15, 2020 and parties to respond to all other initial demands by January 15, 2021.

2. Deadline to join new parties or amend the pleadings: December 15, 2020.

3. Should any changes be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule?[1] Yes ☐ No ☒

4. Deadline to file any protective order: Not applicable

5. The parties shall complete all fact discovery by: June 15, 2021.

   Deposition of plaintiff to be conducted via video-conference with an interpreter by March 30, 2021.

   Deposition of Dr. Kim to be conducted on or by April 19, 2021.

6. The parties shall complete expert discovery, if necessary, by: Plaintiff may not do expert discovery because Kim's negligence is obvious. Defendant intends to retain an expert.

7. The parties shall file any pre-motion conference request by:[2] To be determined as needed.

8. Should the Court hold an early settlement conference in this action?[3] Yes ☒ No ☐

   Plaintiff's counsel requests a settlement conference on or around February 26, 2021. Defense counsel does not object to participation in a settlement conference after initial discovery has been exchanged but maintains that a settlement demand should be conveyed before participating in a conference.

9.   Have the parties agreed to a plan regarding electronic discovery?[4] Yes __ No x__

     This is premature and does not seem to be applicable to the issues in this case, at this juncture.

10.  Do the parties consent to trial before a magistrate judge pursuant to 28 U.S.C. §636?[5] (Answer no if any party declines to consent without indicating which party has declined) Yes ☐ No ☒

---

[1] If yes, the parties should be prepared to address the proposed changes at the initial conference.
[2] The parties are reminded to comply with the individual rules of the presiding district court judge.
[3] Prior to the initial conference, counsel shall discuss with their clients and their adversaries whether an early settlement conference, or other form of alternative dispute resolution, is appropriate in this case and be prepared to explain their reasons to the Court.
[4] If yes, the parties shall file a letter detailing the parties' proposed plan regarding electronic discovery.
[5] The fillable consent form AO 85 is available at https://www.nyed.uscourts.gov/forms/all-forms/general_forms and must be signed by all parties and filed electronically.

2308490.1