# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MINHYE PARK,   Index No.: 1:20-cv-02636

                Plaintiff,   **DEFENDANT'S FIRST DEMAND FOR PRODUCTION OF DOCUMENTS**

   -against-

DAVID DENNIS KIM, M.D.,

                Defendant.
------------------------------------------------------------------------X

**PLEASE TAKE NOTICE** that, pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, defendant DAVID DENNIS KIM, M.D. hereby demands that Plaintiff, MINHYE PARK, answers fully, in writing and under oath, Defendant's First Set of Interrogatories. Answers to these Interrogatories shall be provided within thirty (30) days of service via email to hnewman@hpmb.com and rgibson@hpmb.com and via mail to HEIDELL, PITTONI, MURPHY & BACH, LLP, 81 Main Street, White Plains, New York 10601.

**REQUESTS FOR PRODUCTION**

1. Produce any and all documents in Plaintiff's possession pertaining to Plaintiff's Responses to Defendant's First set of Interrogatories.

2. Produce copies of all medical records in Plaintiff's possession concerning the allegations and injuries in the Complaint, but not limited to, treatment records; gynecologic records, abortion records, primary care providers or mental health professionals; insurance claim forms, reports and records; invoices for treatment, whether paid or unpaid; canceled checks relating to any such treatment or therapy; hospital records; records from health care facilities/offices; records form surgical clinics/facilities; records from imaging centers; records from urgent care centers; records from therapy centers and therapists.

2312243.1

3. Produce copies of all correspondence regarding the claims made in this case that were exchanged by Plaintiff on her behalf to claims personnel or to Defendant Dr. Kim or his office staff exchanged prior to defense counsel's filing of a Notice of Appearance.

4. Produce copies of any and all documentation that supports a claim of past/future medical expenses, past/future out-of-pocket expenses, or other damages claimed by Plaintiffs.

5. Correspondence sent by Plaintiffs to Defendants, or anyone else, related to any and all claims in this litigation.

6. Written or electronic statements made by Plaintiff, Defendants, or any individual(s) identified in connection with the claims and/or issues pertaining to this litigation.

7. Any video recordings or audiotapes taken or created by Plaintiff of Defendant Dr. Kim or his office staff.

8. Any diaries, journals, memoranda, notes, appointment books maintained by Plaintiff regarding the allegations or injuries in the Complaint.

9. Copies of all social media posts by Plaintiff pertaining to allegations or alleged injuries in the Complaint.

10. All documents that show the identity of any witness to, or any person with knowledge of, facts confirming any of the allegations in the Complaint.

11. Produce each and every document, electronic recording, or other tangible item, however described, which in any way reflects, underlies or relates to the facts and allegations asserted by Plaintiffs in this action, and which have not previously been identified in response to these requests.

12. A curriculum vitae setting forth the qualifications of any experts Plaintiff expects to call at the time of trial.

2312243.1

13. All documents provided by Plaintiff to any expert whom Plaintiffs intend to call as a witness(es) at trial and all documents concerning any facts or opinions about which each such expert(s) is expected to testify.

14. Copies of any and all written material or other documentation Plaintiff's expert(s) will rely upon in forming his or her opinion.

15. Any and all documentation indicating whether any part of the cost of medical care or other economic loss sought to be received herein was replaced or indemnified, in whole or in part, from any collateral source such as insurance, social security, Workers' Compensation, Medicaid, public assistance, or employee benefit programs, including the full name and address of each organization, agency, or program providing such replacement or indemnification together with an itemized statement of the amount in which each such claimed item of economic loss was replaced or indemnified by each such organization or program.

16. All documents supporting the claim for lost wages or other income, including, but not limited to, employment agreements, bank or investment account statements, tax documents (e.g., W-2 forms, 1099 forms) and any other document reflecting income earned or received by Plaintiff from November 2014 through the present. If Plaintiff is not asserting any claim for lost wages or other income, indicate same and no documentary evidence will be sought.

17. Produce all documents from any text messaging and/or instant messaging service upon which you received or transmitted any information concerning the claims at issue in this litigation and/or this litigation itself.

18. Produce all subpoenas served on any person/entity concerning this litigation and all documents received in response to any subpoena.

2312243.1

**PLEASE TAKE FURTHER NOTICE,** that all documents are to be produced in English and if the originals exist in Korean, a transcription of those documents along with copies of the original are to be produced.

Dated: New York, New York
November 19, 2020

                                    Respectfully submitted,

                                    HEIDELL, PITTONI, MURPHY & BACH, LLP

By:_____
        HAYLEY B. NEWMAN (HN 5509)
        Attorneys for Defendant
        DAVID DENNIS KIM, M.D.
        99 Park Avenue, 7th Floor
        New York, New York 10016
        Tel.: (212) 286-8585
        Fax: (212) 490-8966
        *hnewman@hpmb.com*

TO:    **VIA EMAIL - *jae@lawjsl.com* AND REGULAR MAIL**
          Jae Lee, Esq.
          JSL LAW OFFICES, P.C.
          Attorneys for Plaintiff
          626 RXR Plaza
          Uniondale, NY 11556

2312243.1

Index No.:   1:20-cv-02636

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MINHYE PARK,

    Plaintiff,

 -against-

DAVID DENNIS KIM, M.D.,

    Defendant.

### DEFENDANT'S FIRST DEMAND FOR PRODUCTION OF DOCUMENTS

**HEIDELL, PITTONI, MURPHY & BACH, LLP**
Attorneys for Defendant
99 Park Avenue
New York, NY  10016
T:  (212) 286-8585
F:  (212) 490-8966

*Service of a copy of the within* _____ *is hereby admitted.*

Dated: _____   Signature: _____
        Attorney(s) for _____

*PLEASE TAKE NOTICE*

☐   NOTICE OF ENTRY   *that the within is a (certified) true copy of a _____ entered in the office of the clerk of the within named Court on _____, 20___.*

☐   NOTICE OF SETTLEMENT   *that an Order of which the within is a true copy will be presented for settlement to the Hon. _____ one of the judges of the within named Court, at _____ on , _____. 20___. at _____ a.m./p.m.*

Dated:

2313021.1
1684591.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MINHYE PARK,

                    Plaintiff,

-against-

DAVID DENNIS KIM, M.D.,

                    Defendant.
-----------------------------------------------------------------------X

Index No.: 1:20-cv-02636

**DEFENDANT'S FIRST SET OF INTERROGATORIES**

**PLEASE TAKE NOTICE** that, pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, defendant DAVID DENNIS KIM, M.D. hereby demands that Plaintiff, MINHYE PARK, answers fully, in writing and under oath, Defendant's First Set of Interrogatories. Answers to these Interrogatories shall be provided within thirty (30) days of service via email to hnewman@hpmb.com and rgibson@hpmb.com and via mail to HEIDELL, PITTONI, MURPHY & BACH, LLP, 81 Main Street, White Plains, New York 10601.

## DEFINITIONS

    1.    All definitions and rules of construction set forth in Federal Rules of Civil Procedure and the Local Rules of Civil Procedure for the Southern and Eastern Districts of New York shall apply to all requests for documentation herein.

    2.    As used herein, the term "document" in addition to the definitions provided in Rule 34 of the Federal Rules of Civil Procedure and Rule 26.3 of this Court's Local Rules of Civil Procedure, which are expressly incorporated herein, includes tape, video, or sound recordings of any type.

    3.    As used herein, the term "plaintiff" refers to MINHYE PARK.

2310224.1

    4. As used herein, the term "defendant" refers to DAVID DENNIS KIM, M.D.

    5. As used herein, "Complaint" refers to the Complaint in this action filed by plaintiff.

## INSTRUCTIONS

    A. Plaintiff is required to obtain and furnish all information available to Defendant.

    B. If an Interrogatory is objected to upon the assertion of privilege or other protection, identify the privilege or other grounds for withholding the information and state the factual basis for the claim in detail sufficient enough so as to permit an adjudication of the validity of the claim.

    C. Respond to each part of the Interrogatory separately. If part of an Interrogatory is objected to, that part not objected to will be answered.

    D. In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, Interrogatories are continuing in nature and require Plaintiff to file supplemental answers if Plaintiff obtains any further or different information after Plaintiff's initial answers or responses. This includes up to and through the time of trial.

    E. If any document requested to be identified or described is no longer within Plaintiff's possession, custody or control, state whether it is (a) missing or lost; (b) destroyed and the date of destruction; (c) transferred to others and if so, to whom; or, (d) or indicate if otherwise disposed and explain why and how. For each instance, explain the circumstances surrounding such disposition and describe in detail the type of document, the date created, the author, the contents if known and persons to whom the document was distributed.

2310224.1

## INTERROGATORIES

1. State the following information pertaining to Plaintiff:

    a. Full name and any other names(s) by which she has been known;

    b. Date of birth;

    c. Residence/home address in November 2017 and in June 2020;

    d. All countries in which Plaintiff holds citizenship as of June 2020;

    d. Social Security Number (if known, please indicate).

    e. Index number and venue for all other litigations to which she has been a party.

2. Identify all the specific acts and allegations in the Complaint which Plaintiff alleges this Defendant performed or failed to perform which constitute the alleged malpractice. If it will be claimed that the Defendant was negligent due to an omission or failures to act, describe with particularity all of the actions Plaintiff claims this Defendant should have performed.  If it is claimed that this Defendant departed from the standard of care, describe each standard of care that Plaintiff claims was not comported with and describe the actions/omissions allegedly performed by Defendant.

3. With respect to the Informed Consent claim, identify all risks, benefits and alternatives Plaintiff claims should have been conveyed to her and those that were conveyed by the Defendant regarding the claim in the Complaint for lack of informed consent.

4. If Plaintiffs claim that Defendants alleged liability is premised upon any statute, regulation, or rule of law, set forth all such statutes or rules of law and the application to this matter.

5. Identify all witnesses whom Plaintiff will call at trial.

2310224.1

6. Identify any person who witnessed, was present at, or has knowledge or information concerning the treatment Plaintiff received from Defendant and a general statement of his/her knowledge of the subject matter of this litigation. This request includes but is not limited to medical personnel, nurses, physicians, plaintiff's friends, family, coworkers, etc. Provide the person's address (or last known address) and a general statement of his/her knowledge relevant to the subject matter of this litigation. If Plaintiff is unable to identify any of the individuals within the meaning of Local Civil Rule 26.3, describe that individual's physical appearance.

7. Identify all persons with whom Plaintiff communicated with on the dates upon which she treated with Defendant on November 16, 2017, November 21, 2017, November 27, 2017, and December 13, 2017. Provide the person's name, address, and describe the sum and substance of the communication.

8. Identify any person who witnessed, was present at, or has knowledge or information concerning Plaintiff's presentation to Queens Surgical Care Center located in Flushing, New York on November 27, 2017. This request includes but is not limited to medical personnel, nurses, physicians, plaintiff's friends, family, coworkers, etc. Provide the person's address (or last known address) and a general statement of his/her knowledge relevant to the subject matter of this litigation. If Plaintiff is unable to identify any of the individuals within the meaning of Local Civil Rule 26.3, describe that individual's physical appearance.

9. Identify any person who witnessed, was present at or has knowledge or information concerning Plaintiff's abortion treatment in South Korea. This request includes but is not limited to medical personnel, nurses, physicians, plaintiff's friends, family, coworkers, etc. Provide the person's address (or last known address) and a general statement of his/her

2310224.1

knowledge relevant to the subject matter of this litigation.  If Plaintiff is unable to identify any of the individuals within the meaning of Local Civil Rule 26.3, describe that individual's physical appearance.

10. If you have identified witnesses to Responses #4, #5 through #9 identify the method of communication, indicating whether it was by telephone, in-person, video remote, text message, Skype, What's App, short hand, or other means, and provide the date of the communication, the names and addresses of the persons present or party to each communication, and the name and address of all persons who had custody of any tangible records of any communications herein referred to, and provide a description of such record.

11. Identify all communications in Plaintiff's possession regarding the allegations in the Complaint and any and all persons with whom Plaintiff has communicated, whether orally or in writing, with the exception of her counsel.  This request includes but is not limited to any expert or physician with whom plaintiff discussed the allegations and damages described in the Complaint.

12. Identify the existence, custodian, location, and general description of any and all documents, including medical records, that were referred to, examined, or relied on by Plaintiff in preparing the Complaint.

13. Describe and identify any and all documents, recordings, electronic communication and photographs in Plaintiff's possession relating to the allegations in the Complaint.

14. Identify all medical conditions, physical and emotional injuries, or aggravations of prior conditions which are claimed to have been sustained by Plaintiff due to the actions and/or inactions of the Defendant.

2310224.1

15. Identify and provide the name and address of every health care provider and health care entity with whom Plaintiff has treated for the injuries alleged in this case.

16. Identify and provide the name and address of every gynecologist or medical provider with whom Plaintiff has treated from 2012 up until the present.

17. Identify and provide the date, location and address of each and every abortion undergone by the Plaintiff. State the name and address of each physician who Plaintiff treated with for such procedures.

18. Identify all collateral source providers, medical insurance providers, disability insurance, social security, worker's compensation, or employee benefit programs which Plaintiff possessed from 2012 to present. For each collateral source provider identify the limits of coverage available to the Plaintiff. If Plaintiff is in possession of documents responsive to this interrogatory, please provide copies of all documents pertaining to this request.

19. Identify and provide both the name and address of any and all of Plaintiff's employers in 2017 and 2018 and for any other time periods for which lost earnings will be claimed. Provide Plaintiff's job title, responsibilities, salary, and hours worked per week for each identified instance of employment. If Plaintiff is in possession of documents responsive to this interrogatory, please provide copies of all documents, including pay stubs or tax records, pertaining to this request.

20. Identify any and all expenses incurred by Plaintiff as a result of the incident at issue, including for any abortions and any other expenditures for medical, psychiatric, or psychological treatment, attorneys' fees, and any other item of damages Plaintiff claims in this action. If Plaintiff is in the possession of documents responsive to this interrogatory, including

receipts or other forms of proof of payment, please provide copies of all documents pertaining to this request.

21. Provide a computation of all damages alleged in the Complaint. State whether Plaintiffs are claiming special damages and, if so, state separately the total amount claimed by Plaintiffs as special damages for each of the following:

    a. Past and Future medical expenses:

    b. Past and Future lost earnings;

    c. Past and Future pain and suffering;

    d. Past out-of-pocket expenses; and

    e. Other damages.

**PLEASE TAKE NOTICE** that, the foregoing demands are ongoing and continuing, and any failure to comply fully and completely with these demands in a timely fashion throughout the duration of this litigation, or as responsive information becomes known or available to Plaintiffs, will be deemed the basis for a motion to preclude Plaintiffs from producing evidence at trial and in support of Plaintiffs' claims herein.

Dated: New York, New York
       November 19, 2020

                              Respectfully submitted,

                              HEIDELL, PITTONI, MURPHY & BACH, LLP

By:_____
                              HAYLEY B. NEWMAN (HN 5509)
                              Attorneys for Defendant
                              DAVID DENNIS KIM, M.D.
                              99 Park Avenue, 7th Floor
                              New York, New York 10016
                              Tel.: (212) 286-8585
                              Fax: (212) 490-8966
                              *hnewman@hpmb.com*

2310224.1

TO: **VIA EMAIL  - *jae@lawjsl.com* AND REGULAR MAIL**
Jae Lee, Esq.
JSL LAW OFFICES, P.C.
Attorneys for Plaintiff
626 RXR Plaza
Uniondale, NY 11556

2310224.1

Index No.:   1:20-cv-02636

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MINHYE PARK,

        Plaintiff,

-against-

DAVID DENNIS KIM, M.D.,

        Defendant.

DEFENDANT'S FIRST SET OF INTERROGATORIES

**HEIDELL, PITTONI, MURPHY & BACH, LLP**
Attorneys for Defendant
99 Park Avenue
New York, NY  10016
T:  (212) 286-8585
F:  (212) 490-8966

*Service of a copy of the within* _____ *is hereby admitted.*

Dated: _____     Signature: _____
                      Attorney(s) for _____

*PLEASE TAKE NOTICE*

☐  NOTICE OF ENTRY         *that the within is a (certified) true copy of a _____ entered in the office of the clerk of the within named Court on _____, 20___.*

☐  NOTICE OF SETTLEMENT    *that an Order of which the within is a true copy will be presented for settlement to the Hon. _____ one of the judges of the within named Court, at _____ on , _____. 20___. at _____ a.m./p.m.*

Dated:

2313025.1
1684591.1