# EXHIBIT D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MINHYE PARK,

                Plaintiff,

-against-

DAVID DENNIS KIM, M.D.

                Defendants
---------------------------------------------------------------X

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Case No. 1:20-cv-02636

Plaintiff, **MINHYE PARK**, by his attorneys, **JSL LAW OFFICE, P.C.**, as and for his Response to Defendant **DAVID DENNIS KIM, M.D.**'s, First Set of Interrogatories dated November 19, 2020, alleges upon information and belief, as follows:

1.    a. Plaintiff's full name is Minhye Park

      b. Plaintiff's date of birth is ▮▮▮▮▮▮▮▮▮▮, 1988.

      c. Plaintiff's residence on June 2020: 11 Changwon-daero 397 neon-gil, Uichang-gu, Hill State Artium City Apt 104-1605, Changwon-si, gyeongsangnam, South Korea.

      Plaintiff's residence on November 2017, temporary address in NY: 43-11 220th Street, Flushing, NY11361.

      d. Plaintiff is only a citizen of South Korea.

      d. Social Security Number: None

      e. Not applicable. Plaintiff has not been a party nor does not have any other litigations.

2. The occurrence of the said incident was caused solely and wholly by Defendants, and/or each of them, their agents, servants, contractees, licensees, and/or employees, without any negligence on the part of Plaintiff contributing thereto. Defendants negligently, recklessly, carelessly, willfully and wantonly committed the following acts and omissions, amongst others:

Failed to properly diagnosis; failed to proceed with the fetal surgery; failure to provide a general and medically accepted standard of care upon the Plaintiff that resulted in a botched fetal surgery and the fetus was not fully and successfully removed from the Plaintiff's womb; failure to properly inform the patient of the risks and procedures; failure to properly inform the patients of condition; failure to obtain an informed consent; failure to inform the patient of any diagnose made, treatment prescribed, and risks and alternatives to said course of treatment.

3. Objection. This interrogatory is vague, overly broad and unduly burdensome. Without waiving the objection, none known to Plaintiff at this time other than those individuals identified in the medical records.

4. See Response #2, *supra*.

5. Plaintiff has not designated any experts at this time. If and when any expert witness is retained, expert disclosure will be provided.

6. To be answered after a reasonable amount of discovery is completed.

7. All of Plaintiff's treating physicians, and his family have knowledge. Please see medical records for the names of his physicians. In addition, Dr.Kim and Dr. Kim's receptionist, name unknown at this time.

8. All of Plaintiff's treating physicians and his family have knowledge. Please see medical records for the names of his physicians.

9. All of Plaintiff's treating physicians and his family have knowledge. Please see medical records for the names of his physicians.

10. All communications were done in person.

11. To be answered after a reasonable amount of discovery is completed.

12. Plaintiff provided to Defendant on 11. 19, 2020.

13. See Attached.

14. Already provided all medica records from South Korea. However, defendant refused to provide plaintiff's medical records in 2018 and 2019 although Plaintiff requested several times.

15. Plaintiff provided all information to Defendants.

16. See Response #15, *supra*.

17. Objection.  This interrogatory seeks information that is not reasonably calculated to lead to the discovery of relevant or admissible information.  Without waiving said objection, Plaintiff underwent said procedure about 13 years ago when she was about 20 years old. Plaintiff does not recall information regarding that procedure.

18. Insurance information was previously provided to Defendants on November 19, 2020.

19. Not Applicable.

20. To be answered after a reasonable amount of discovery is completed.

21. To be answered after a reasonable amount of discovery is completed.


Plaintiff reserves the right to supplement and amend his Responses up to and through the time of trial.

Dated: Uniondale, New York
      January 18, 2021 (Re-sent)

Yours, etc.

Jae S. Lee, Esq.
JSL LAW OFFICE, P.C.
Attorneys for Plaintiff
626 RXR PLAZA
Uniondale, NY 11556
718) 461-8000

To:   Heidell, Pittoni, Murphy & Bach, LLP
      Attorneys for Defendant
      99 Park Avenue 7th Fl
      New York, New York 10016
      212-286-8585
      hnewman@hpmb.com

## AFFIRMATION OF SERVICE

**Index No.** 500626/2019

I, Jae S. Lee, Esq., an attorney duly licensed to practice law in the Courts of the State of New York, alleges and affirms, under the penalty of perjury, the following

On January 17, 2021, I served a true copy of the annexed **PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES b**y first class mail and email due to ongoing COVID-19 Pandemic.

To:    Heidell, Pittoni, Murphy & Bach, LLP
        Attorneys for Defendant
        99 Park Avenue 7th Fl
        New York, New York 10016
        212-286-8585
        hnewman@hpmb.com

                                            _____
                                                Jae S. Lee, Esq.

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
```
MINHYE PARK,

                Plaintiff,

    -against-

DAVID DENNIS KIM, M.D.

               Defendants
```
------------------------------------------------------------X
```

Case No. 1:20-cv-02636

**INITIAL DISCLOSURES PURSUANT TO RULE 26**

Plaintiff, MINHYE PARK, by his attorneys, **JSL LAW OFFICE, P.C.**, hereby submits the following disclosures in accordance with Fed. R. Civ. P. 26 ("Rule 26")

1. Rule 26 (a) (1) (A)(i): The name and, if known, the address and telephone number of each individual likely to have discoverable information, along with the subjects of that information that the disclosing party may use to support her claims or defenses unless the use would be solely for impeachment:

    MINHYE PARK: (To be contacted through Plaintiff's Counsel.)

2. Rule 26 (a) (1) (A) (ii): A copy or a description by category and location of all documents, electrically stored information, and tangible things that the disclosing party has in her possession, custody, or control and may use to support her claims or defenses, unless the use would be solely for impeachment.

Plaintiff already provided medical records and receipts from South Korea. However, Plaintiff requested her medical records to Defendant Dr. Kim prior to commencing this action, defendant refused to provide plaintiff's medical records. Nonetheless, Plaintiff anticipates that medical records maintained by Defendant Dr. Kim's office and Queens Surgical Care Center will contain pertinent information.

Plaintiff reserves the right to supplement Plaintiff's disclosure after additional discovery and investigation in the future.

Plaintiff reserves the right to supplement and amend her Responses up to and through the time of trial.

Dated: Uniondale, New York
      January 18, 2021

                                        Yours, etc.

                                        Jae S. Lee, Esq.
                                        JSL LAW OFFICE, P.C.
                                        Attorneys for Plaintiff
                                        626 RXR PLAZA
                                        Uniondale, NY 11556
                                        718) 461-8000

To:   Heidell, Pittoni, Murphy & Bach, LLP
       Attorneys for Defendant
       99 Park Avenue 7th Fl
       New York, New York 10016
       212-286-8585
       hnewman@hpmb.com