# **EXHIBIT I**



**HPM&B**
ATTORNEYS AT LAW

81 MAIN STREET   WHITE PLAINS, NY 10601-1711
TEL: (914) 559-3100   FAX: (914) 949-1160
WWW.HPMB.COM

**Bianca M. Van Deusen**
Associate
bvandeusen@hpmb.com

June 21, 2021

**VIA E-MAIL** - *jae@lawjsl.com*
Jae Lee, Esq.
JSL Law Offices, P.C.
626 RXR Plaza
Uniondale, New York 11556

Re:   Minhye Park v. David Dennis Kim, M.D.
      Index No.:  1:20-cv-02636-PKC-LB
      Our File No.:  778-1018

Dear Ms. Lee:

Our firm represents Dr. David Dennis Kim in this action.  Please allow this correspondence to serve as another good faith effort to obtain outstanding discovery.  We have tried calling your office several times to address this outstanding discovery, but you have not returned our calls.  We have also sent numerous emails that have gone unanswered.  As you know, discovery, including the deposition of Ms. Park, is to be completed by September 30, 2021.  In order to comply with the Court's deadline, please provide the outstanding discovery delineated below as soon as possible.  This discovery is necessary to prepare for your client's deposition.

Please produce the materials described in Defendant's Second Demand for Production of Documents dated May 24, 2021.  Pursuant to this demand, please provide your client's collateral source records from the National Health Insurance Service of Korea and any other collateral source/insurer from 2010 to present, and the employment records that allegedly support the lost earnings claim.

As noted in our previous good faith letters dated February 8, 2021, March 9, 2021, and April 29, 2021, responses to Defendant's First Demand for Production of Documents dated November 19, 2020 remain outstanding.  Additionally, your initial Rule 26 Disclosures are deficient.  You did not disclose a computation of damages pursuant to 26(a)(1)(A)(iii).  Please also provide the names of the physicians who performed your client's two previous abortions as well as properly executed authorizations to obtain their records.

Your responses to Defendant's First Set of Interrogatories dated January 18, 2021 were also deficient.  Many of your responses to these interrogatories were incomplete or were wholly

2416708.1

HEIDELL, PITTONI, MURPHY & BACH, LLP

NEW YORK   |   CONNECTICUT   |   WESTCHESTER   |   LONG ISLAND

Jae Lee, Esq.
Re: Minhye Park v. David Dennis Kim, M.D.
June 21, 2021
Page 2



non-responsive to the interrogatory. Please see below for a detailed explanation regarding these deficiencies:

- As to Interrogatory #3: This interrogatory pertains to plaintiff's lack of informed consent claims and demands plaintiff identify "all risks, benefits, and alternatives plaintiff claims should have been conveyed to her" as well as demands plaintiff identify the risks, benefits, and alternatives of the procedures that were actually conveyed to her. Your response, "none known to Plaintiff at this time other than those individuals identified in the medical records" is wholly unresponsive. Please provide a supplemental response that is responsive to the demand.

- As to Interrogatory #5: This interrogatory demands the identification of <u>all</u> witnesses plaintiff will call at trial. Your response indicates that plaintiff "has not designated any experts at this time." This is not responsive to the demand. Please identify by name <u>all</u> witnesses, fact and expert, whom Plaintiff will call at trial.

- As to Interrogatory #6: This interrogatory demands plaintiff identify <u>any</u> person who witnessed, was present at, or otherwise has knowledge or information concerning the treatment plaintiff received from Dr. Kim. Your response that this will be answered "after a reasonable amount of discovery is completed" is deficient. Specifically, in various other responses to these interrogatories, including the response to interrogatory #7, you indicate that plaintiff's family has knowledge of her treatment with Dr. Kim. As such, please identify these family numbers, including providing their name and address, in addition to providing a general statement of their knowledge.

- As to Interrogatory #7: This interrogatory demands the identification of all persons plaintiff communicated with on the dates she treated with Dr. Kim. In your response, you identified plaintiff's "family" as having information pertinent to this demand without providing any of the other demanded information. Please identify the family members by name and relationship to plaintiff and provide their address. Additionally, describe the sum and substance of the communications with these persons.

- As to Interrogatory #8: This interrogatory demands that plaintiff provide the identity, including name and address, of persons identified in response to this demand as well as a general statement of that person's knowledge as relevant to this litigation. Your response identifies plaintiff's "family" as having knowledge as demanded by this interrogatory. Please identify the family members with this knowledge by name and indicate their address and relationship to plaintiff. Please also give a general statement of each identified family members' relevant knowledge.

- As to Interrogatory #9: As with the above interrogatories, you identify plaintiff's "family" as having knowledge as demanded by this interrogatory. Please identify these family members by name and provide their address and relationship to the plaintiff. Also,

2416708.1

Jae Lee, Esq.
Re: Minhye Park v. David Dennis Kim, M.D.
June 21, 2021
Page 3



- As to Interrogatory #10: You indicated that all communications with witnesses identified in responses #4 and #5 - #9 took place in person. However, your response is deficient as it fails to provide the dates of the communications and the names and addresses of the persons present or party to each communication. Please provide this information as demanded in the original interrogatory.

- As to Interrogatory #11: This interrogatory demands communications <u>in Plaintiff's possession</u>. Thus, your response that this information will be provided "after a reasonable amount of discovery is completed" is inappropriate. Please provide the demanded materials, excluding communications plaintiff has had with her counsel.

- As to Interrogatory #13: We are in receipt of four photos provided via email on January 19, 2021. However, in your response, you failed to describe and identify these photos. Please provide descriptions of each of the photos, including identifying where the photo was taken, what the photo is purported to show, and on what date the photo was taken. We also demand original metadata for these files if this exists.

- As to Interrogatory #14: In sum, this interrogatory demands that plaintiff identify her injuries that she claims she sustained due to Dr. Kim's alleged actions or inactions. Your response that medical records from South Korea were already provided and that "Defendant refused to provide plaintiff's medical records in 2018 and 2019…" is not responsive to this interrogatory. Please provide a supplemental response particularizing plaintiff's claimed injuries. Moreover, please recall that Defendant was not permitted to release a copy of his medical records to plaintiff's counsel due to their failure to provide a validly executed HIPAA authorization.

- As to Interrogatory #17: This interrogatory seeks information concerning "each and every abortion" undergone by Plaintiff. Your response identifies one such abortion that occurred approximately 13 years ago. Dr. Kim's medical records also document that plaintiff advised him that she had two abortions prior to the treatment at issue. Plaintiff has also indicated that she underwent another abortion subsequent to her treatment with Dr. Kim and return to South Korea in 2017. Consequently, please amend this response as appropriate. If plaintiff had only one abortion prior to the treatment at issue, please clearly indicate such in writing. If plaintiff did <u>not</u> have an abortion subsequent to her treatment with Dr. Kim, please clearly indicate this in writing as well. For any abortions undergone by Plaintiff, provide the date, location, and address where such procedure occurred. Also provide the names of the physicians' plaintiff treated with for these procedures.

- As to Interrogatory #19: This interrogatory seeks plaintiff's employment information based on her claims for lost earnings. Your response that this interrogatory is

2416708.1

Jae Lee, Esq.
Re: Minhye Park v. David Dennis Kim, M.D.
June 21, 2021
Page 4



"not applicable" is inappropriate as you have indicated plaintiff is asserting claims for lost earnings. Please provide the information demanded in interrogatory #19 or advise that there are no claims for lost earnings.

In addition to the above, you have also not served expert disclosure or an expert report. As you know, we are permitted to depose your expert as part of the discovery process. Please advise when you will be providing this disclosure.

Thank you for your attention to this matter. We look forward to receiving a prompt response so we can avoid the unnecessary need for court intervention.

Very truly yours,

Bianca M. Van Deusen

2416708.1