# EXHIBIT K

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MINHYE PARK,

                     Plaintiff,

          -against-

DAVID DENNIS KIM, M.D.

                     Defendants

-------------------------------------------------------------X

**PLAINTIFF'S FIRST
REQUEST FOR
ADMISSION**

Case No. 1:20-cv-02636

     PLEAE TAKE NOTICE, that Plaintiff MINHYE PARK, by their attorneys, JSL LAW

OFFICES, P.C., hereby demands that you produce within twenty days as follows:

## **INTERROGATORIES**

1.  The Defendant has no evidence to support the affirmative defense that the Plaintiff

assumed the risk of her injuries.

2.  The Defendant has no evidence to support the affirmative defense that the Plaintiff was

contributorily negligent, or that she failed to mitigate her damages.

3.  The Defendant has no evidence to support the affirmative defense that the Plaintiff's

case fails to state a claim upon which relief can be granted.

4.  The Defendant failed to remove the fetus from Plaintiff's womb on or about November

27, 2017 during the course of a medical procedure that Dr. Kim performed on the Plaintiff at

Queens Surgical Care Center in Flushing, New York (hereinafter referred to as "surgical

procedure").

5.   The Defendant knew and/or should have known that the fetus was not successfully

removed and left alive after the surgical procedure.

6.   The Defendant failed to inform the Plaintiff about the botched fetal surgery and the fetus

left alive after the surgery on November 27, 2017. The Defendant only informed untruthfully the

Plaintiff that she required an immediate re-surgery to remove **debris** left in the Plaintiff's womb

after the surgery.

7.   The Defendant failed to inform the Plaintiff that the fetus remained alive after the

surgery on November 27, 2017 although the Plaintiff complained about severe pain and bleeding

for about two (2) weeks after the surgery on November 27, 2017.

8.   The Defendant failed to inform the Plaintiff of the risks and procedures, including but

not limited to, that the fetus was not removed and remained alive inside the Plaintiff's womb.

9.   The Defendant failed to obtain an informed consent of the risks and procedures.

10. That as a direct and proximate result of the Defendant's failure of the removal of the

fetus, and failure to inform the fetus was left alive after the surgery on November 27, 2017 and

the Plaintiff of any diagnose made, treatment prescribed, and risks and alternatives to said course

of treatment, the Plaintiff required immediate diagnoses at MIRAE and ROSEMOM, and a

surgical care that was performed at ROSEMOM in South Korea.

11. That the follow-up medical care the Plaintiff received by ROSEMOM was medically

necessary and reasonable in light of the injuries the Plaintiff received during the operation

performed by Defendant on or November 27, 2017.

12. That as a direct and proximate result of the fetus left alive in the Plaintiff's womb by

the Defendant, the Plaintiff required medical care and treatment from ROSEMOM, which

included the removal of the alive fetus on or about December 27, 2017.

13. The medical bills that were generated by the additional care the Plaintiff received

following the failure to removal the fetus and left the fetus alive were fair and reasonable and

directly related to the failure to remove the fetus.

14. That the Defendant has no evidence that any of the Plaintiff's medical care and

treatment that she received from ROSEMOM relative to her injury at bar was unreasonable or

unnecessary.

15. That the Defendant has no evidence that any of the Plaintiff's medical diagnosis and

care on or about December 19, 2017 that she received from MIRAE for a second opinion relative

to her injury at bar was unreasonable or unnecessary.

16. That the Defendant has no evidence that any of the Plaintiff's travelling expenses of approximately $3,000.00 for an urgent flight ticket during the holidays peak time to South Korea as soon as the Defendant forced the Plaintiff to undergo an additional corrective surgery on or about December 17, 2017 were unfair, unreasonable, or inflated.

17. That the Plaintiff was disabled from gainful employment due to the injuries sustained on November 27, 2017.  Plaintiff started to work a part time job, 3-5 hours a day from December 2020.

18. That the Plaintiff earned approximately $22,000 per year in the year 2017.

19. That the Plaintiff has a temporary and/or permanent injury as a direct result of the Defendant's failure to remove the fetus and left fetus alive in the Plaintiff's womb.

20. That the occurrence of the said incident was caused solely and wholly by Defendant, and/or each of them, their agents, servants, contractees, licensees, and/or employees, without any negligence on the part of Plaintiff contributing thereto. Defendants negligently, recklessly, carelessly, willfully and wantonly committed the following acts and omissions, amongst others:

21. The Defendant failed to properly diagnosis; failed to proceed with the fetal surgery; failure to provide a  general and medically accepted standard of care upon the Plaintiff that resulted in a botched fetal surgery and the fetus was not fully and successfully removed from the

Plaintiff's womb; failure to properly inform the patient of the risks and procedures; failure to properly inform the patients of condition; failure to obtain an informed consent; failure to inform the patient of any diagnose made, treatment prescribed, and risks and alternatives to said course of treatment.

Dated: Uniondale, New York
February 9, 2021

Yours, etc.

Jae S. Lee, Esq.
JSL LAW OFFICE, P.C.
Attorneys for Plaintiff
626 RXR PLAZA
Uniondale, NY 11556
718) 461-8000

To:   Heidell, Pittoni, Murphy & Bach, LLP
Attorneys for Defendant
99 Park Avenue 7th Fl
New York, New York 10016
212-286-8585
hnewman@hpmb.com

<u>**AFFIRMATION OF SERVICE**</u>

**Case No. 1:20-cv-02636**

I, Jae S. Lee, Esq., an attorney duly licensed to practice law in the Courts of the State of

New York, alleges and affirms, under the penalty of perjury, the following

On February 9, 2021, I served a true copy of the annexed **PLAINTIFF'S FIRST SET**
**OF INTERROGATORIES** by first class mail and email due to ongoing COVID-19 Pandemic.

To:   Heidell, Pittoni, Murphy & Bach, LLP
      Attorneys for Defendant
      99 Park Avenue 7th Fl
      New York, New York 10016
      212-286-8585
      hnewman@hpmb.com

_____
Jae S. Lee, Esq.