UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

MINHYE PARK,

                        Plaintiff,

      -against-

DAVID DENNIS KIM, M.D.,

                        Defendant.

--------------------------------------------------------------------X

Index No.:  1:20-cv-02636


### MEMORANDUM OF LAW IN SUPPORT OF DAVID DENNIS KIM, M.D.'s MOTION TO COMPEL


**Hayley Newman, Esq.**
**Heidell, Pittoni, Murphy & Bach, LLP**
**Attorneys for Defendant David Dennis Kim, M.D.**

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** .................................................................................................. ii

**PRELIMINARY STATEMENT** ........................................................................................... 1

**FACTUAL AND PROCEDURAL BACKGROUND** ........................................................ 3

**ARGUMENT** ......................................................................................................................... 7

**CONCLUSION** ..................................................................................................................... 10

# **TABLE OF AUTHORITIES**

## Cases

1:20-cv-02636-PKC-LB, ECF No. 14, Filed 06/01/2021 .................................................. 8

1:20-cv-02636-PKC-LB, ECF No. 1, Filed 06/13/2020 .................................................. 6

1:20-cv-02636-PKC-LB, ECF No. 7, Filed 10/22/2020 .................................................. 6

1:20-cv-02636-PKC-LB, Order on Motion for Extension of Time to Complete Discovery, Filed 06/02/2021 ....................................................................................................................... 8

1:20-cv-02636-PKC-LB, Scheduling Order, Filed & Entered 11/12/2020 ....................... 6

1:20-cv-02636-PKC-LB, Scheduling Order, Filed & Entered 12/22/2020 ....................... 7

Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) ......................... 12

Balk v. New York Inst. Of Tech., 974 F. Supp. 2d 147, 154 (E.D.N.Y. 2013)............................. 10

Carr v. State Farm Mut. Auto. Ins., 2015 U.S. Dist. LEXIS 163444, at *26 (N.D. Tex. Dec. 7, 2015)................................................................................................................................... 11

Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 1363 (2d Cir 1991) ............................. 11

Farmer v. Hyde Your Eyes Optical, Inc., 2015 U.S. Dist. LEXIS 62904, *29 (S.D.N.Y 2015).. 13

Fox v. Cheminova, 2006 U.S. Dist. LEXIS 11463, at *25-26 (E.D.N.Y. March 1, 2006) .......... 11

Griggs v. Weiner, 2015 U.S. Dist. LEXIS 145030, *7 (E.D.N.Y 2015)....................................... 11

Kelly v. Times/Review Newspapers Corp., 2016 U.S. Dist. LEXIS 65579, *3 (E.D.N.Y 2016) 11

Luo v. Panarium Kissena Inc., 2019 U.S. Dist. LEXIS 107925, *2, (E.D.N.Y. 2019) ................ 12

Luo v. Panarium Kissena Inc., 2019 U.S. Dist. LEXIS 14187, *18 (E.D.N.Y. 2019) ................. 12

Michelman v. Ricoh Ams. Corp., 2013 U.S. Dist. LEXIS 25143, *7, 2013 WL 664893 (E.D.N.Y. 2013) ................................................................................................................... 12

Ortiz v. New York City Hous. Auth., 2010 U.S. Dist. LEXIS 23719, at *3-5 (E.D.N.Y. March 12, 2010)................................................................................................................................. 11

Roberites v. Huff, 2013 U.S. Dist. LEXIS 45930, *7 (W.D.N.Y. 2013) ..................................... 12

## Rules

Fed. R. Civ. P. 37(a) .................................................................................................................. 11

Fed. R. Civ. P. 37(b)(2)(A)(v) ................................................................................................... 12

## PRELIMINARY STATEMENT

Defendant David Dennis Kim, M.D., respectfully submits this memorandum of law in support of his motion pursuant to Rule 37(a) of the Federal Rules of Civil Procedure for an Order compelling Plaintiff Minhye Park to produce documents and discovery in response to Defendant's discovery demands and to provide complete answers to Defendant's interrogatories.

This is a medical malpractice action in which Plaintiff claims that Dr. Kim negligently performed an abortion in November 2017. Exh. A at ¶¶ 1, 16.  Plaintiff further alleges that the procedure was performed without her informed consent and alleges that after the procedure, she suffered physical injuries, emotional distress, and was unable to work. Id. at ¶ 30-33.   This motion to compel is necessary because Plaintiff has failed to produce basic document discovery or, complete interrogatory responses relevant to the claims made in this case.

Plaintiff is a resident of South Korea. Id. at ¶ 5.  As such, all her relevant prior and subsequent treatment records are located in South Korea.  Prior to the treatment at issue, Plaintiff underwent two abortions in South Korea.  Our firm has been unable to obtain these relevant prior records because Plaintiff failed to produce medical authorizations for these records and, failed to produce actual copies of the records, too.

Plaintiff's counsel has suggested that these records cannot be obtained because her client does not recall the names of the providers who performed these services.  Plaintiff provided Defendant with an authorization for the collateral source records but the South-Korean based insurer has ignored and refused to respond to our firm's request for records for several months.  Therefore, Defendant then served a demand for a  copy of Plaintiff's collateral source records, the insurance records which would reveal  the identities of the providers who performed her prior abortions, as well as the identities of other relevant treating physicians who may have information pertinent to Plaintiff's gynecologic history and the injuries alleged in this case.   Instead of

furnishing the records, Plaintiff objected to the production of a copy of the collateral source records as irrelevant.  Upon information and belief, Plaintiff has not made any good faith effort to obtain either her prior abortion records or insurance records.

In addition to the issues above, with respect to document discovery, Plaintiff refused to provide records supporting her claims for lost earnings, complete medical records regarding all injuries alleged in the Complaint, and refuses to provide proper responses to some of the interrogatories served.  Plaintiff produced photographs and then failed to respond to Defendant's demand for information regarding these photographs, such as the dates each photo was taken and its metadata.

In addition to the above, Plaintiff has failed to produce any expert discovery, despite the fact that this action involves allegations of medical malpractice.

Despite having commenced this case nearly ten months ago, the action is in the early stages of discovery and no depositions have been held due to Plaintiff's failure to comply with her discovery obligations.  It has been challenging to reach Plaintiff's counsel to resolve these discovery disputes but after significant effort on our part, we were able to do so this month. Plaintiff's counsel advised that her client satisfied her discovery obligations, despite the extensive outstanding discovery.  As this Court is well-aware, given that the pertinent records are all located in a foreign country, our firm as well as this Court cannot compel production from non-party record holders.  Therefore, it is incumbent upon Plaintiff to obtain and produce the records in this case.

Defendant has exhausted good faith efforts at attempting to resolve these issues with Plaintiff's counsel.  This motion to compel is necessary because Plaintiff failed to provide basic discovery, as required by Rule 26 and Rule 37 of the Federal Rules of Civil Procedure and has failed to articulate any good faith objections warranting her refusal to provide necessary

discovery that is essential to Dr. Kim's defense.  Plaintiff's actions are hindering discovery in this case and are prejudicial to the defense.  Defendant respectfully requests that the Court issue an order requiring Plaintiff to produce all outstanding document discovery and to provide complete responses to Defendant's Interrogatories.  It is additionally requested that the order provide grounds for dismissal of this case in the future should Plaintiff fail to timely comply.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, who was visiting the United States from South Korea, sought treatment from Dr. Kim for abortion services. Exh. A at ¶ 1.  More specifically, at 5-weeks of pregnancy, she consulted with him twice before deciding to undergo a surgical abortion on November 27, 2017. Id. at ¶¶ 1, 14.  The abortion was performed at a nonparty medical facility located in Queens, New York.  Plaintiff had one post-procedure appointment with Dr. Kim and thereafter, upon information and belief, Plaintiff returned to South Korea. Id. at ¶¶ 1, 18.  She then instituted this action on June 13, 2020. See Case 1:20-cv-02636-PKC-LB, ECF No. 1, Filed 06/13/2020.

In the Complaint, Plaintiff claims that Dr. Kim was negligent in performing the abortion, because he failed to completely remove all products of conception. Exh. A at ¶¶ 16-20.  She further alleges that Dr. Kim failed to inform her that the abortion was unsuccessful, despite clear and contemporaneous documentation by Dr. Kim to the contrary. See Exh. A at ¶ 18 and Exh. J at 30-32.  Plaintiff is seeking damages for loss of earnings, past and future pain and suffering, and the need to undergo a second procedure to remove the retained products of conception. See Exh. A.

Dr. Kim Answered the Complaint on October 22, 2021. See Case 1:20-cv-02636-PKC-LB, ECF No. 7, Filed 10/22/2020.  An Initial Scheduling Conference was held in this case on November 12, 2020. See Case 1:20-cv-02636-PKC-LB, Scheduling Order, Filed & Entered 11/12/2020.  However, due to Plaintiff's failure to follow prior Court orders regarding service of

the Summons and Complaint, the Court declined to set complete discovery deadlines at that time, and Plaintiff's counsel was instructed to re-serve the Defendant. Id.  At the next conference on December 22, 2017, all discovery was ordered to be complete by June 15, 2021. Case 1:20-cv-02636-PKC-LB, Scheduling Order, Filed & Entered 12/22/2020.

On November 19, 2020, Defendant's First Set of Interrogatories and First Demand for Production of Documents were served on Plaintiff. See Exhibit C.  Plaintiff did not serve a response to Defendant's First Set of Interrogatories or her Initial Rule 26 Disclosures until January 18, 2021. See Exhibit D.  The Rule 26 Disclosures and response to Dr. Kim's Interrogatories were deficient.  To date, Plaintiff has not provided any response to Defendant's First Demand for Production of Documents.

On February 8, 2021, our firm sent a detailed letter to Plaintiff's counsel identifying the deficient responses. See Exhibit E.  Specifically, some of Plaintiff's interrogatory responses were wholly non-responsive to the numbered interrogatory or failed to provide complete information.  For example, when asked to identify witnesses to the events described in the Complaint, Plaintiff responded that her "family members" were witnesses but then failed to provide any identifying information regarding these family members, such as their names or addresses. See Exhibit D.

Additionally, Plaintiff disclosed four photos to our firm via email.  However, she failed to provide any metadata for the photos or even a description of when each photo was taken, where each photo was taken, and what each photo purported to show.  This information was specifically demanded in Defendant's Interrogatory #13 and requested again in the letter dated February 8, 2021.

Over the ensuing months, our office made additional good faith demands for the outstanding discovery.  Plaintiff's counsel was served with another letter requesting responses to outstanding discovery on March 9, 2021. <u>See</u> Exhibit F.  However, no response was received. Defendant served another letter on Plaintiff's counsel requesting the outstanding discovery on April 29, 2021. <u>See</u> Exhibit G.  Again, Plaintiff did not respond.  Defendant served a Second Demand for Production of Documents on May 24, 2021. <u>See</u> Exhibit H.  No response was received.

Despite our diligent efforts, our office was unable to obtain all necessary discovery by June 15, 2021.  The parties jointly requested an extension of time to complete fact discovery at that time, upon the information and belief that Plaintiff's counsel would continue to cooperate with discovery in good faith and required more time to produce all the discovery owed to Defendant. <u>See</u> Case 1:20-cv-02636-PKC-LB, ECF No. 14, Filed 06/01/2021.  On June 2, 2021, Magistrate Judge Lois Bloom extended the time to complete discovery to September 30, 2021. <u>See</u> Case 1:20-cv-02636-PKC-LB, Order on Motion for Extension of Time to Complete Discovery, Filed 06/02/2021.

Our firm called Plaintiff's counsel five times in June 2021 to discuss the extensive discovery Plaintiff still owed.  Plaintiff's counsel did not return our calls but, on occasion, sent email responses without any further discovery attached.  Another good faith letter was sent on June 21, 2021. <u>See</u> Exhibit I.  Finally, our office was able to arrange a telephone call with Plaintiff's counsel on July 7, 2021.  During the phone conference, Ms. Lee stated that Plaintiff satisfied her discovery obligations and that she would not produce any additional documents or supplemental responses to Defendant's demands and interrogatories.

During this call, Plaintiff's counsel suggested that Defendant Dr. Kim owed discovery to her firm in the form of a response to a document titled "Plaintiff's First Request for

Admission." This document was served on February 9, 2021. See Exhibit K. On March 9, 2021, our office advised Plaintiff's counsel by letter that the document could not be responded to in its current form because the document was confusingly drafted and unclear as to what it sought. See Exhibit L. The document was titled "Plaintiff's First Request for Admission," but the document instructions actually demanded production of discovery, "produce within twenty days as follows…" See Exhibit K. This instruction was then immediately followed by the title "Interrogatories." Our office did not receive a response to the March 9th letter, and Plaintiff did not serve any supplemental discovery demands. Many of the items of discovery described in the demand are identical to a prior demand served by Plaintiff earlier in this action and responded to by Defendant. When plaintiff's counsel raised this issue for a second time, our office responded again and by email dated June 21, 2021, and advised Plaintiff that the document could not be responded to in its current form due to the noted issues in our letter dated March 9, 2021.

Plaintiff's counsel stated that she had not been provided a copy of Dr. Kim's medical chart or the Queens Surgical Care Center Records. However, Plaintiff's counsel was previously provided a copy of Dr. Kim's records on February 10, 2021.[1] See Exhibit M. Notably, our office has no control over Queens Surgical Center, which is not a party to this case and a wholly separate entity from Dr. Kim. Notwithstanding, we provided a courtesy copy of the record we obtained from this nonparty entity to Plaintiff's counsel. Based on the foregoing, defendant Dr. Kim does not owe any discovery in this case.

In May of 2020, Defendant supplemented his Initial Rule 26 Disclosures to include expert witness disclosure. Plaintiff has still not provided any supplemental response to her Initial Rule 26 Disclosures, which were deficient due to her failure to include any computation of

---

[1] The receipt of the medical records by plaintiff's counsel from Dr. Kim was delayed by her failure to provide a duly executed HIPAA authorization permitting the release of Ms. Park's records to her attorney.

damages as required by section (a)(1)(A)(iii) of Rule 26 of the Federal Rules of Civil Procedure and she has not provided any expert witness information, either.

    To date, the following discovery is owed by Plaintiff:

- Response to Defendant's First Demand for the Production of Documents; (Exhibit C).
- Supplemental Response to Defendant's First Set of Interrogatories (Exhibit C), as detailed in Defendant's good faith letters (Exhibit E);
- Response to Defendant's Second Demand for Production of Documents (this Demand included a request for Plaintiff's collateral source records and employment records) (Exhibit H);
- Response to demand for metadata and other information regarding the photographs Plaintiff disclosed (Exhibit C and E);
- Copies of all medical records pertaining to Plaintiff's prior abortions and subsequent medical treatment documenting the injuries alleged in the Complaint (Exhibit C); and
- Complete Rule 26 Disclosures, specifically including expert disclosure and a computation of damages as required by 26(a)(1)(A)(iii) (Exhibit D).

## **ARGUMENT**

    Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, a party is permitted to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Relevance under Rule 26 has been broadly construed. Balk v. New York Inst. Of Tech., 974 F. Supp. 2d 147, 154 (E.D.N.Y. 2013). It encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." Id.

    All of Dr. Kim's discovery requests relate to the allegations and injuries contained within Plaintiff's Complaint. This information is clearly relevant and necessary to Defendant's

defense to Plaintiff's claims. See Kelly v. Times/Review Newspapers Corp., 2016 U.S. Dist. LEXIS 65579, *3 (E.D.N.Y 2016) (noting that disclosure of medical records is warranted where plaintiff has put his medical condition at issue); Griggs v. Weiner, 2015 U.S. Dist. LEXIS 145030, *7 (E.D.N.Y 2015) (holding that medical record disclosure is appropriate in cases where the plaintiff has put her medical condition at issue); Fox v. Cheminova, 2006 U.S. Dist. LEXIS 11463, at *25-26 (E.D.N.Y. March 1, 2006) (granting defendants' motion to compel discovery responses concerning damages because such discovery was relevant to their defense); see also Carr v. State Farm Mut. Auto. Ins., 2015 U.S. Dist. LEXIS 163444, at *26 (N.D. Tex. Dec. 7, 2015). Plaintiff's failure to provide this information is prejudicial to Dr. Kim and completely inhibits his ability to properly prepare a defense. Moreover, the delay in failing to produce records can result in permanent harm as the records pertaining to her relevant prior or subsequent treatment may not be available anymore. Of note, the treatment at issue occurred four years ago and but for the tolling in place due to the Covid-19 pandemic, Plaintiff's lawsuit would not have been timely. By waiting to file a lawsuit and then delaying production of discovery, Plaintiff is prejudicing the Defendant from being able to obtain all the necessary records to examine Plaintiff's allegations and cross-examine her as to the claims made in this case.

When a party fails to comply with a discovery demand, Rule 37(a) of the Federal Rules of Civil Procedure permits the demanding party to move the Court to compel the production of the discovery. See Fed. R. Civ. P. 37(a); Ortiz v. New York City Hous. Auth., 2010 U.S. Dist. LEXIS 23719, at *3-5 (E.D.N.Y. March 12, 2010). Additionally, pursuant to Rule 37(b), the Court can order sanctions for a party's failure to comply with discovery orders. See Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 1363 (2d Cir 1991). Permissible sanctions for failure to abide by court orders or permit discovery include the award of attorney's fees and dismissal of the action

with prejudice. See Fed. R. Civ. P. 37(b)(2)(A)(v); Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009).

In compliance with Rule 37(a), Defendant has made numerous good faith attempts, as delineated above and in the attached Rule 37 Certification, to obtain the requested and outstanding discovery. Plaintiff has nonetheless refused to provide the outstanding discovery and has not offered any reason justifying her failure, and now refusal, to do so. In failing to provide the outstanding discovery, Plaintiff has also failed to abide by this Court's discovery orders. As such, Defendant respectfully requests that plaintiff be compelled to provide the outstanding discovery. See Michelman v. Ricoh Ams. Corp., 2013 U.S. Dist. LEXIS 25143, *7, 2013 WL 664893 (E.D.N.Y. 2013) (upholding the magistrate judge's order compelling plaintiff to disclose tax returns and medical records); Roberites v. Huff, 2013 U.S. Dist. LEXIS 45930, *7 (W.D.N.Y. 2013) (ordering plaintiff to provide authorizations for medical records as his medical condition was placed at issue by the nature of his claims).

Defendant also respectfully requests that he be awarded attorney's fees and costs for making this motion pursuant to Rule 37 of the Federal Rules of Civil Procedure, and in the event that Plaintiff fails to provide the outstanding discovery at a date specified by this Court, he respectfully requests that he be granted permission to move for dismissal of the action if Plaintiff fails to comply with the Order by a date certain. See Luo v. Panarium Kissena Inc., 2019 U.S. Dist. LEXIS 14187, *18 (E.D.N.Y. 2019) (recommending that the action be dismissed with prejudice where plaintiffs were non-responsive, failed to provide discovery, and otherwise failed to abide by court orders), adopted by Luo v. Panarium Kissena Inc., 2019 U.S. Dist. LEXIS 107925, *2, (E.D.N.Y. 2019); Farmer v. Hyde Your Eyes Optical, Inc., 2015 U.S. Dist. LEXIS 62904, *29

(S.D.N.Y 2015) (assessing monetary sanctions against plaintiff where he refused to provide discovery and comply with court orders, including the production of medical records and releases).

## **CONCLUSION**

For the reasons outlined above, Defendant respectfully requests that the Court grant his Motion to Compel and Order that Plaintiff produce all documents, discovery and interrogatory responses as outlined in this motion.  It is further requested that the Court provide Defendant with grounds to file a motion to dismiss should Plaintiff fail to comply with the Order by a date certain. Lastly, reasonable attorney's fees and costs associated with making this Motion are requested as Defendant attempted in good-faith to resolve these issues prior to making the motion.

Dated: New York, New York
      July 29, 2021

                               _____
                               Hayley Newman  (HN 5509)