# JSL Law Offices, P.C.

**626 RXR PLAZA, Uniondale, NY 1156**
Tel:  (718) 461-8000
Fax: (866) 449-8003

_____

August 9, 2021

<u>*VIA ECF*</u>

Honorable Pamela Chen
United States District Court
Eastern District Of New York
225 Cadman Plaza East
Brooklyn, New York 11201

<u>Re: 1:20-cv-02636</u>
<u>(Minhye Park v. David Kim, M.D.)</u>

Dear Judge Chen:

  Our office represents Plaintiff MINHYE PARK in the above- referenced action for medical malpractice.  We submit this letter  to request a settlement conference that Defendant is using the discovery process to harass Plaintiff and that Plaintiff has supplied sufficient discovery. As stated in <u>Miranda v. Haywood</u>, 2010 U.S. Dist. LEXIS 256780 (E.D.N.Y. Jan. 22, 2010), the United States Magistrate Judge noted that "[a]s a matter of course, this Court routinely schedules settlement conferences in every case before the court when the parties request such a conference or when the parties have exchanged sufficient information to make such a conference appropriate." <u>Haywood</u> at 14.

### *<u>Defendant's Counsel Untruthfully Stated</u>*

  Plaintiff must point out that Defendant's counsel untruthfully stated that Plaintiff came to New York only to obtain the abortion.  EXHBIT A (Defendant's letter dated July 17, 2021) Plaintiff was travelling in the United State before she saw the Defendant.   Plaintiff visited Defendant for the first time on November 16, 2017 as her symptoms indicated that she was likely pregnant. Defendant told Plaintiff that it's too early to determine whether Plaintiff was pregnant

or not, and asked Plaintiff to come later. During her second visit on November 21, 2017, Defendant confirmed that the plaintiff was indeed pregnant and performed the surgery on November 27, 2017. The Defendant's counsel falsely alleged the above only to insult or harass the Plaintiff.  Also Defendant's counsel insulted Plaintiff by the implication that Plaintiff had two prior abortions. Finally, the Defendant's counsel incorrectly asserts that Plaintiff signed a consent form.

### *Defendant's Failure to Terminate Plaintiff's Pregnancy And NO  Expert Testimony Needed*

On December 13, 2017, Defendant Dr. Kim admitted his failure to terminate Plaintiff's pregnancy by stating that Plaintiff was recalled to review the results of the termination of pregnancy on November 27, 2017 and Defendant explained to the Plaintiff that the pregnancy was still present. EXHIBIT B (Dr. Kim's note, page 31); *see* Def Ex. J (entire records of Dr. Kim, document #17-11)

In addition, the two physicians in South Korea examined the Plaintiff, including the use of ultrasound test, and determined the damaged fetus was still alive in Plaintiff's womb. Plaintiff provided all medical records to Defendant. And therefore, **Plaintiff does not need extra expert testimony.** EXHIBIT C (MED REC_MIRAE Obstetrics and gynecology_12.19.2017); EXHIBIT D (MED REC_ROSEMOM BOGY CLINIC)

Due to defendant's negligence to Plaintiff, the fetus was not successfully removed from the plaintiff's womb. Our traumatized Plaintiff had to undergo a second procedure, leaving her with additional scars and a longer recovery period.  Plaintiff was caused to suffer pain, discomfort, mental anguish and emotional distress and was damaged thereby.

### *Plaintiff Has Not Consented to Waive Defendant's Liability If the Fetus Is Alive After the Surgery*

Plaintiff cannot speak English or understand spoken English.  Plaintiff confirmed that on November 16, 2017, Plaintiff signed a patient information sheet when an interpreter of the Defendant's staffs translated said sheet into Korean and it was written out in Korean as well. EXHIBIT E (Patient consent form in Korean & English 11/16/2017)

Defendant's counsel misleads this court that Plaintiff signed consent form on November 27, 2017  and that Plaintiff took the risk after surgery. The alleged consent form dated November 27, 2017 was written in **English only, not in Korean.** EXHIBIT F (Informed Consent Form 11/27/2021, page 5, Queens Surgical Care Center). There was **no Korean interpreter** on that day. And, in fact, the consent form the Defendant's counsel alleged **does not include any language specifying that Plaintiff consented to the risk that the Defendant may fail to properly remove the fetus.**

On November 27, 2017, Plaintiff met Defendant at the Queens Surgical Center. Defendant can't speak Korean. Defendant gestured for the Plaintiff to follow Defendant into a room and Defendant preformed the surgery directly.  Plaintiff did not sign any papers on November 27, 2017. **The handwritten Plaintiff's name, date and signature are not hers** but someone else's, and Plaintiff has never seen the papers before or after the surgery and no one informed any risks from

the surgery. EXHIBIT G  (Plaintiff's emails dated July 5, 2021 were translated in English. Plaintiff was unable to get it notarized due to COVID-19)

Defendant failed to obtain an informed consent to the risk that Defendant may fail to properly remove the fetus.  Had informed consent been given, Plaintiff as a reasonably prudent person would not have consented.

### *Plaintiff Is Not Required to Assist Defendant's Discovery*

Defendant's counsel kept asking for the insurance records as collateral sources to prove prior two abortions.  As Defendant's counsel has admitted Plaintiff served all authorizations to collect her medical records, including collateral sources. That insurance providers in South Korea delayed responding to Defendant is not Plaintiff's responsibility, nor is Plaintiff required to assist Defendant Discovery.

Plaintiff had only one prior abortion roughly 10 years ago from the date the Defendant's failed to remove the fetus. This occurred when Plaintiff was a teenager. At that time, her boyfriend brought her to a clinic, and she does not remember or know the place or name of the clinic. The medical records of the Defendant Dr. Kim only shows that someone checked the box "twice" with no date or place noted.  An abortion from the 10 years ago is not relevant to this action. If the prior abortion is relevant or important to Plaintiff's surgery on November 27, 2017, Defendant Dr. Kim, must have asked the dates and places of prior abortion(s) and recorded the same in his medical notes. But nowhere is it noted in the records that the Plaintiff had two abortions.

Furthermore, requesting all the history of Plaintiff's life violates Plaintiff's privacy and civil rights as it may include the release of information related to AIDS, HIV, sexually transmitted disease, tuberculosis, or genetics, if any.  Therefore, Defendant's attempt to force Plaintiff to provide all insurance records, without any exclusion, must be denied.

### *Damage Calculation:*

An oriental doctor said that a woman requires postpartum care for at least 3 weeks after an abortion. https://news.joins.com/article/6999017   The doctor added that since an abortion causes not only physical damages but emotional distress, such abortions are much more serious than a regular delivery, and thus there is more postpartum care required as compared to a normal delivery. Upon an abortion, her body drastically changes such as, headache, stomachaches, pelvic pain, uterine inflammation, and hormonal imbalance.  Bleeding and inflammation in the process of removing a fetus may cause scratches and damages on endometrium and cervix, the doctor emphasized, as well as possible sterility in the future. *See id.*

Due to Defendant Dr. Kim's failure to terminate the fetus, Plaintiff had to undergo the abortion surgery twice,  and was forced to consult with the two Korean doctors if she could keep the fetus and deliver it. The doctors did not recommend it because Defendant Dr. Kim had already performed general anesthesia, scratched it, and administered antibiotic and other drugs to the Plaintiff.  The failure of the Defendant Dr. Kim's to exercise standard and reasonable medical care

caused the Plaintiff physical damages and severe emotional distress. In addition, the plaintiff faces the very real possibility of sterility in the future at a rate that is twice the normal rate after a successfully performed abortion. In addition Plaintiff incurred medical expenses in South Korea, urgent peak time flight ticket in December 2017 to South Korea, and postpartum care.

*Lost Wages*

During the postpartum period of one year, Plaintiff's lost wages would be calculated pursuant New York Workers' Compensation Act and the minimum wage she would have possible earned.

*Conclusion*

Plaintiff has provided sufficient discovery responses, and Defendant keeps harassing plaintiff to increase their billable hours. Plaintiff respectfully requests this court to set up a settlement conference.

Respectfully submitted,

Dated: Uniondale, New York
August 9, 2021

*/s/ Jae S. Lee*
Jae S. Lee
JSL LAW OFFICES, P.C.
*Attorneys for Plaintiff*
626 RXR PLAZA
Uniondale, New York 11556