

**HPM&B**
ATTORNEYS AT LAW

99 PARK AVENUE  NEW YORK, NY 10016-1601
TEL: 212-286-8585  FAX: 212-490-8966
WWW.HPMB.COM

Hayley Newman
Partner
hnewman@hpmb.com

July 16, 2021

**VIA ECF**

Honorable Pamela Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  Minhye Park v. David Kim, M.D.
     Docket 1:20-CV-02636(PC)
     Our File 778-1018

Dear Judge Chen:

    Our law firm represents Dr. David Kim in this action for medical malpractice. We are requesting permission to file a discovery motion compelling plaintiff to produce her medical records relevant to the claims at issue in this lawsuit and to produce other discovery responses which remain outstanding.

    Over the past few months and since filing the joint request for an extension of time to complete discovery, our firm attempted to communicate with plaintiff's counsel in good faith to resolve these issues. In addition to sending letters and emails, we called plaintiff's counsel five times in June. Only some of these calls were responded to by Ms. Lee - via email. On July 7, 2021, our firm was finally able to arrange a phone conference with Ms. Lee. During this meet and confer, we discussed the discovery issues that are the subject of this letter-motion. Ms. Lee believes her client satisfied her discovery obligations and advised that she will not produce additional medical records, collateral source records, documentation in support of plaintiff's claims for lost earnings or, supplemental discovery responses as to interrogatories that were clearly insufficient. Moreover, plaintiff has not served expert disclosure or an expert report, to date.



Honorable Pamela Chen
Re: Minhye Park v. David Kim, M.D.
July 16, 2021
Page -2-

  Briefly, plaintiff claims our client, Dr. Park, negligently performed an abortion in November 2017. Plaintiff is a resident of South Korea and traveled to New York for the procedure. All of plaintiff's relevant prior and subsequent medical records are located in South Korea. Unfortunately, this means that the Court and our firm cannot compel production of records from this country. It is uncontroverted that prior to the abortion at issue in this case, Ms. Park underwent two previous abortions. To date, we have been unable to obtain the records of the prior procedures. These are relevant to our expert's review of the case as well as plaintiff's claim for informed consent asserted in this action.

  In addition to medical records, we have been unable to obtain any insurance/collateral source records from South Korea which would contain the names of plaintiff's physicians and we could discern the identity of the relevant prior/subsequent providers based upon these records. It is plaintiff's position that the records are irrelevant. She also advised our firm that her client may not recall the name of the prior abortion providers, which is why the insurance records are of particular importance.

  To date, plaintiff has not produced any records in support of the claims for lost earnings, despite claiming her client was unable to work for several months as a result of the treatment at issue. Nor has she produced any subsequent gynecology records from 2019 to present that would reveal whether plaintiff's alleged injuries are ongoing or fully resolved. Plaintiff did not produce records in support of the claims for emotional distress, either.

  With respect to discovery, plaintiff's counsel served interrogatory responses some of which are inadequate or not responsive to the demands (i.e. when asked to identify witnesses, plaintiff's counsel stated that plaintiff's family are witnesses to the events described in the Complaint but failed to identify family members by name, description and failed to provide an address). This information should have been produced in plaintiff's Rule 26(a) response. Without witness disclosures, defendant cannot determine whether there will be nonparty witnesses to depose about the events at issue.

  Plaintiff also produced photographs allegedly taken in a physician's office but failed to respond to our demand for the metadata for each photograph, as well as information as to where each photograph was taken and who is depicted in the photo.

  Without this discovery, defendant is prejudiced in defending this case. Moreover, our office cannot conduct an informed deposition of the plaintiff.

  Given the issues above, we respectfully request permission to file a motion pursuant to Rule 37 to compel plaintiff to produce all outstanding discovery or, issue in sanctions and reasonable costs due to plaintiff's non-compliance and/or, dismiss the case should plaintiff fail to comply by a date-certain.



Honorable Pamela Chen
Re: Minhye Park v. David Kim, M.D.
July 16, 2021
Page -3-

      This is the first application for this request. At present, the deadline to complete fact discovery is September 30, 2021.

      Respectfully submitted,

HN:mn       Hayley Newman

cc: **VIA ECF**

    JSL Law

2425586.1