UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MINHYE PARK,

                           Plaintiff,

-against-

DAVID DENNIS KIM, M.D.,

                           Defendant.
-------------------------------------------------------------------X

Case No. 1:20-cv-02636

**NOTICE OF APPEAL AND REQUEST PERMISSION TO FILE DISCOVERY MOTION**

      Notice is hereby given that Plaintiff MINHYE PARK hereby appeals from the Magistrate judge's erroneous discovery rulings to the District Judge, entered in this action on the 11th day of August, 2021. Plaintiff requests permission to file a discovery motion compelling Defendant to produce responses to the request for Admission, Interrogatories and Defendant's expert reports, and set up Defendant's deposition on September 1, 2021 at 10:00 A.M. or alternatively on September 8, 2021 at 10:00A.M.

Dated: Uniondale, New York
       August 25, 2021

                                          JSL LAW OFFICE P.C.

                                          _____
                                          JAE S. LEE
                                          626 RXR PLAZA
                                          UNIONDALE, NY 11556
                                          (718) 461-8000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MINHYE PARK,                                                                  Case No. 1:20-cv-02636

                  Plaintiff,

    -against-


DAVID DENNIS KIM, M.D.,

                  Defendant.
-------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S NOTICE OF APPEAL AND REQUEST PERMISSION TO FILE DISCOVERY MOTION**

      Plaintiff respectfully submits this memorandum of law in support of her notice of appeal from the Magistrate judge's erroneous discovery rulings to the District Judge, and request for permission to file a discovery motion compelling Defendant to produce outstanding discovery responses to the request admission, interrogatories and expert reports, and set up Defendant's deposition on September 1, 2021, at 10:00 A.M., alternatively on September 8, 2021 at 10:00 A.M.

      The Magistrate Judge's discovery rulings are clearly erroneous as the court did not cite any legal authority. This failure would give the reviewing court no basis to determine if the Magistrate's decision was legally correct. In *Thomas v. Biocine Scalvo*, S.P.A., 1997 U.S. Dist. LEXIS 7184 (N.D. N.Y. 1997), the Magistrate Judge denied a motion for reconsideration without the benefit of an opinion. The District Court, due to the lack of an explanation for the denial, remanded the matter back to the Magistrate Judge for "further explication of his grounds for denial of plaintiff's motion for reconsideration." *Biocine Scalvo* at 7, citing *Robinson v. United States Army*, 1996 WL 91904, at 2 (N.D. N.Y. 1996). Pretrial matters involving discovery generally are considered non-dispositive and are not reversed or modified on appeal from a Magistrate Judge's

decision unless found to be clearly erroneous or contrary to law. *See In re: Savitt/Adler Litig.*, 1997 U.S. Dist. LEXIS 9200, (N.D. N.Y. 1997), citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F. 2d 522, 525 (2nd Cir.) cert. denied, 498 U.S. 846 (1990). A Magistrate judge's decision is clearly erroneous when, based on the entire evidence, the reviewing court is left "with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

On August 11, 2021, the Court held a telephone conference. EXHIBIT A (Transcript on 8/11/2021, "Transcript") The Hon. Magistrate Judge ordered Plaintiff shall provide records regarding her lost earnings, the names of her experts and their reports and authorizations for collateral source insurance reports from 2010 to the present, and Plaintiff was warned of the consequences of noncompliance. EXHIBIT B (Order entered 8/11/2021, "Order").  Plaintiff's request for a settlement conference was denied. *See id* ; EXHIBIT C ( Plaintiff's motion for hearing : Request a settlement conference .ECF No.19)

### *Names of Experts and Their Expert Reports*

Federal Rule of Civil Procedure  26(a)(2) mandates that a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under [Federal Rule of Evidence 702](#), [703](#), or [705](#). Rule 26(a)(2)(B) requires that reports be submitted **90 days before trial** and that rebuttals be submitted 30 days after the other party's disclosure. A stipulation or a specific date set by the court can (and often does) change this deadline in specific cases. However, the expert disclosure deadline was not set in the Scheduling Order in this action.

Parties agreed that Plaintiff may not do expert discovery because Defendant Kim's negligence is obvious, and Defendant intends to retain an expert. EXHBIIT D (Rule 26(f) meeting  report:

Proposed Discovery Plan, #6) On August 11, 2021, the Hon. Magistrate Judge ordered that the PLAINTIFF ONLY must disclose her experts and their expert reports, and NO such Order was issued against the Defendant expert discovery . *See* Order

The Magistrate Judge's decision is erroneous as the court did not cite any legal authority and thus the order must be reversed and remanded.

### *Plaintiff's Lost Earnings May be Compensated as a Minimum Wage under New York Worker's Compensation Act*

On August 11, 2021, the Hon. Magistrate Judge ordered that the Plaintiff shall provide records regarding her lost earnings. This was done without providing any legal authority. Plaintiff has no records of wages for the prior year. Plaintiff stated in a letter motion dated August 10, 2021, that when an injured worker does not have wage records for the prior year, the injured worker should be compensated as a minimum wage worker under the New York Worker's Compensation Act, and such was cited regarding No Fault Insurance companies. Transcript page 22, lines14-18.

The Magistrate Judge's decision is erroneous as the court did not cite any legal authority which would give the reviewing court any basis to determine if the Magistrate's decision was legally correct. The District Court, due to the lack of an explanation for the denial, remanded the matter back to the Magistrate Judge for "further explication of his grounds for denial of plaintiff's motion for reconsideration." *Biocine Scalvo* at 7, citing *Robinson v. United States Army*, 1996 WL 91904, at 2 (N.D. N.Y. 1996).

The Magistrate Judge's order did not offer any legal analysis and/or legal basis for the decision, and thus the order should be reversed and remanded.

### *Plaintiff's Discovery Motion to Compel & Deposition*

**Federal Rule** of Civil Procedure **37** provides that a party may move for an order compelling disclosures or discovery. Rule 37(a) requires the moving party to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." (Rule 37(a)(1).)

Plaintiff demanded the aforesaid information about witnesses from Defendant both through a request for Admissions and a set of Interrogatories sent pursuant to Rules 33 & 36 on February 9, 2021. In addition, Plaintiff sent several good faith letters, including the dates of July 6, 2021, and August 11, 2021, asking for responses to the Admissions and Interrogatories and to date no response has been issued.

The Hon. Magistrate Judge precluded the plaintiff's motion to compel defendant's outstanding discovery responses without providing any legal reason or legal authority.

This is highly prejudicial to the Plaintiff. *See* transcript page 5, lines 5-6 (Ms. Lee: "Your honor, should the Plaintiff send a letter motion to compel defendants? The Court: "No, absolutely not."; also *see* transcript page 5, lines 20-21("We (Plaintiff) demanded the admissions and interrogatories back to February 9, 2021.")

As for the deposition, Plaintiff asked the court, "Can we depose the defendant first?" and the Magistrate judge clearly stated, "there is no firstness in federal court" *See* transcript page 21, lines 6-10. The Magistrate Judge allowed Plaintiff to schedule the deposition of the Defendant. *See* transcript page 20, lines 16-19. On August 11, 2021, Plaintiff served a notice of deposition of the Defendant scheduled for September 1, 2021, at 10: 00 A.M. EXHIBIT E ( Notice of Deposition)

However, On August 11, 2021, Defendant's counsel refused to make the defendant available for deposition on September 1, 2021.  EXHIBIT F (Def email dated 8.11, 2021) Defendant's email stated that the DEFENDANT has the right to depose Plaintiff first,  and requested Plaintiff's deposition on September 10, 2021.  Plaintiff requests Defendant's deposition on September 1, 2021, alternatively September 8, 2021 so that parties complete all discovery including post-EBT discovery by September 30, 2021. *See* Order 8.11, 2021

The Magistrate Judge's decision is clearly erroneous and thus, Plaintiff requests for permission to file a discovery motion compelling Defendant to produce outstanding discovery responses to the request admission, interrogatories and expert reports, and set up Defendant's deposition on September 1, 2021, at 10:00 A.M., alternatively on September 8, 2021 at 10:00 A.M.

### *Plaintiff Does Not Have Custody of the Insurance Provider's Records or Reasonable Access to the Records*

The only reason the defendant filed a motion to compel was that the Defendant faced a delay in getting necessary records from South Korea, and so the Defendant tried to force Plaintiff to get the records for defendant. *See* transcript page 4, lines 6-21. Plaintiff served all authorizations for the two physicians in South Korea and National Health Insurance on November 19, 2020, and January 18, 2021 again in a timely manner.  *See* transcript page 3, lines 9-10; page 18, lines 3-7; page 24, lines11-14

This was done to comply with the Orders of November 23, 2020 and December 22, 2020. Defendant's counsel admitted she was served all the authorizations. *See* transcript page 4, lines 3-5.  Plaintiff has no custody of the medical records or reasonable access to the records. *See* transcript page 24, lines 4-14

Defendant's counsel further admitted that she received a copy of records including pictures and ultrasound DVDs from the two subsequent providers in South Korea. *See* transcript page 9, lines 21-25;  page 10, lines 1-3

On December 13, 2017, Defendant Dr. Kim admitted his failure to terminate Plaintiff's pregnancy by stating that Plaintiff was recalled to review the results of the termination of pregnancy on November 27, 2017 and Defendant explained to the Plaintiff that the pregnancy was still present. *See* EXHIBIT G  (Exh. B: Dr. Kim's note, page 31); *see* Def Ex. J (entire records of Dr. Kim, document #17-11)

The records from the two physicians in South Korea evidenced that the Defendant failed to remove the fetus. The two physicians examined the Plaintiff, including the use of ultrasound test, and determined the damaged fetus was still alive in Plaintiff's womb.  *See* EXHIBIT G

 Plaintiff is not working for the defendant but is, in fact, cooperating to get the medical records.

Surprisingly,  the Hon. Magistrate Judge reasoned that the scheduling order was extended back in December 2020 and that the Plaintiff failed to provide Defendants the authorization to obtain medical records. The Magistrate Judge's decision was clearly erroneous or contrary to law. *See United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). Thus, the Hon. Magistrate Judge's decision should be reversed and remanded.

### ***Should imposing Sanctions against Defendant and his Counsel(s) Not Plaintiff***

Defendant's counsel stated that defendant is not contesting that Plaintiff did not produce the medical records. *See* transcript page 6, lines 12-13.  Also parties agreed that Plaintiff may not retain expert as the defendant's negligence  is obvious. *See supra*

The Magistrate Judge erroneously warned the Plaintiff that the Magistrate Judge may order sanctions against the Plaintiff in an Order dated August 11, 2021. In order to get sanctions against a party, a court order is a prerequisite, "directing compliance with discovery requests is a required predicate to Rule 37(b) sanctions." *Local 3621, EMS Officer's Union, DC 37, AFSCME AFL-CIO*, No. 18 Civ. 4476 (LJL) (SLC), 2021 WL 134566, at 3 (S.D.N.Y. Jan. 14, 2021).

Thus, Plaintiff should not be warned about sanctions when Plaintiff has complied in a timely manner.

More importantly, Plaintiff must point out that Defendant's counsel untruthfully stated that Plaintiff came to New York only to obtain the abortion. (Defendant's letter dated July 17, 2021) In fact, Plaintiff was travelling in the United State before she visited the Defendant. Plaintiff visited Defendant for the first time on November 16, 2017, as her symptoms indicated that she was likely pregnant. Defendant told Plaintiff that it was too early to determine whether Plaintiff was pregnant or not, and asked Plaintiff to come back later. During her second visit on November 21, 2017, Defendant confirmed that the plaintiff was indeed pregnant and performed the attempted abortion on November 27, 2017. The Defendant's counsel falsely alleged the above to insult or harass the Plaintiff. Also, Defendant's counsel insulted the Plaintiff by implying that Plaintiff had undergone two prior abortions with no evidence. Finally, the Defendant's counsel incorrectly asserts that Plaintiff signed a consent form with the Defendant.

Therefore, any possible sanctions against Plaintiff must be dismissed and withdrawn. Rather, based on the above, sanctions against the defendant and defendant's counsel must be imposed pursuant to Rule 37.

### *Plaintiff's Request For A Settlement Conference Should Not Be Denied*

As alleged in the Plaintiff's motion for settlement conference dated August 10, 2021, Plaintiff sufficiently provided discovery responses, and Plaintiff clearly proved Defendant's failure to terminate the Plaintiff's pregnancy. This done through Defendant's own note on December 13, 2017, and the records of two physicians in South Korea. Defendant received the physicians' records, including ultrasound that showed the fetus was alive after defendant's failure to properly perform the surgery on November 27, 2020.

### *Plaintiff Has Not Consented to Waive Defendant's Liability If the Fetus Is Alive After the Surgery*

Also, Plaintiff proved that defendant failed to obtain an informed consent form signed by the Plaintiff. Defendant argued that Plaintiff signed the informed consent form on November 27, 2017. However, the alleged informed consent form was written in English only and there was no Korean interpreter available that day. Plaintiff is not able to communicate properly in English. Plaintiff confirmed the alleged signatures were not signed by Plaintiff. And, in fact, the consent forms the Defendant's counsel presented **do not include any language specifying that Plaintiff consented to the risk that the Defendant may fail to properly remove the fetus.** *See* Plaintiff's letter dated August 10, 2021.

### *Conclusion*

For the foregoing, the Magistrate Judge's ruling regarding discovery granting the defendant's motion to compel was clearly erroneous. There is no legal reasoning or legal authority cited in the ruling and therefore the order must be reversed and remanded in its entirety. The Magistrate judge denied Plaintiff's request a settlement conference with no explanation or reasoning or legal authorities and thus the denial must be reversed. Finally, Plaintiff respectfully

requests for permission to file a discovery motion compelling Defendant to produce outstanding discovery responses to the request admission, interrogatories and expert reports, and set up Defendant's deposition on September 1, 2021, at 10:00 A.M., alternatively on September 8, 2021 at 10:00 A.M.

        Respectfully submitted,

Dated: Uniondale, NY
       August 25, 2020

                              JSL LAW OFFICE P.C.

                              _____
                              JAE S. LEE
                              626 RXR PLAZA
                              UNIONDALE, NY 11556
                              (718) 461-8000