UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK


-----------------------------X
                             :
MINHYE PARK,                 :
                             :    20-CV-2636 (PKC)(LB)
            Plaintiff,       :
                             :    August 11, 2021
                             :
            V.               :    Brooklyn, New York
                             :
DAVID DENNIS KIM,            :
                             :
            Defendant.   :
-----------------------------X


TRANSCRIPT OF CIVIL CAUSE FOR STATUS CONFERENCE
BEFORE THE HONORABLE LOIS BLOOM
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:          JAE SOOG LEE, ESQ.
                            Jsl Law Offices, P.C.
                            626 Rxr Plaza
                            Uniondale, NY 11358


For the Defendant:          HAYLEY B. NEWMAN, ESQ.
                            Heidell, Pittoni, Murphy &
                            Bach, LLP
                            99 Park Avenue
                            New York, NY 10016



Court Transcriber:          ARIA SERVICES, INC.
                            c/o Elizabeth Barron
                            102 Sparrow Ridge Road
                            Carmel, NY 10512
                            Aria@leinen.net



Proceedings recorded by electronic sound recording,
transcript produced by transcription service

1          THE CLERK:  Civil cause for telephone status

2    conference, docket number 20-CV-2636, Park v. Kim.

3          Will the parties please state your names for

4    the record.

5          MS. LEE:  J.S. Lee from JSL Law Offices for

6    plaintiff.

7          MS. NEWMAN:  Hayley Newman from Heidell,

8    Pittoni, Murphy & Bach for defendant Dr. Kim.

9          THE CLERK:  The Honorable Lois Bloom

10    presiding.

11          THE COURT:  Good morning, Ms. Lee and Ms.

12    Newman.  This is a telephone conference in plaintiff's

13    medical malpractice case, in which he alleges that

14    defendant, who is a doctor, committed malpractice by

15    failing to remove her fetus during a medical procedure.

16    I last spoke to the parties on December 22nd, 2020 and

17    at that time, I ordered the parties to complete all

18    discovery by June 15th and that any party seeking to

19    file a dispositive motion should request a pre-motion

20    conference by June 29th.

21          On June 2nd, I granted the parties an

22    extension of time to complete all discovery by

23    September 30th and that any request for a pre-motion

24    conference should be made to Judge Chen in accordance

25    with her rules by October 15th.  After I granted that

1   extension request, on July 16th, I received a motion to

2   compel, and the motion to compel is by defendants to

3   compel plaintiff to produce documents and responses.

4   I've now received plaintiff's objections to that, and I

5   have to say this case is a mess.  I really don't

6   understand what is going on here.

7            Ms. Lee, has there been any progress on

8   discovery since the motion to compel was filed?

9            MS. LEE:  Yes, your Honor.  For plaintiff

10  (ui) all authorizations on February 9th, 2021, and

11  defendant asked again so we provided twice.  Now,

12  defendant asks the plaintiff to provide the insurance

13  records of her whole life but we already --

14           THE COURT:  Ms. Lee, did you hear what my

15  question was?  My question was, since the motion was

16  filed, has there been any progress.  I did not ask you

17  what happened before they filed the motion to compel,

18  I'm asking since they filed it, has there been any

19  progress?

20           MS. LEE:  Your Honor, because the plaintiff

21  did whatever defendant asked, so at this moment, I

22  don't believe we need to provide more.  That's the

23  plaintiff's position, your Honor.

24           THE COURT:  So, Ms. Newman, has there been

25  any progress on discovery since filing the motion to

1    compel?

2                    MS. NEWMAN:  None.

3                    THE COURT:  They're saying they filed --

4    that they gave you authorizations back in February.

5                    MS. NEWMAN:  Correct.

6                    THE COURT:  What is going on with the

7    documents that you're trying to get from plaintiff's

8    counsel?

9                    MS. NEWMAN:  Well, unfortunately, the

10   providers are all located in South Korea, and our firm

11   generally works with third parties that exclusively

12   process authorizations on our behalf to try to get

13   these records.  And the third party advised my

14   paralegal that no one is returning their calls

15   specifically at the collateral source provider in South

16   Korea.  I then had my own paralegal try to reach out to

17   them and she was unsuccessful, too.  We just don't know

18   how to obtain these records beyond sending letters and

19   making phone calls, and those efforts have been ongoing

20   for over a year and have been unproductive,

21   unfortunately.  I don't --

22                   THE COURT:  Let me be straight with you, Ms.

23   Lee.  How are you going to prove that this medical

24   procedure did not remove the fetus if you don't get the

25   medical records from Korea for your client?

1          MS. LEE:  Yes, your Honor.  We have already

2    proved by defendant's medical records December 13th,

3    2017.  Defendant clearly noted the fetus that present

4    alive (sic).  Then also, after that --

5          THE COURT:  Ms. Lee, Ms. Lee.

6          MS. LEE:  Yes.

7          THE COURT:  You are objecting to getting any

8    of the medical records from Korea.

9          MS. LEE:  No, your Honor.

10          THE COURT:  You have to prove that the

11   doctor here failed to remove the fetus as expected.

12          MS. LEE:  Yes, your Honor.  So we prove and

13   provided the two (ui) in South Korea.  They are

14   medical --

15          THE COURT:  The two what?  I can't --

16          MS. LEE:  Two physicians, their medical

17   records.  We provided all medical records to the

18   defendant.  Those medical records revealed the fetus

19   was alive after the surgery.  So we have three medical

20   -- three doctors to prove the fetus was alive after

21   surgery.

22          THE COURT:  Again, I'm looking at the

23   records that were attached to document 19.  Is that

24   what you're thinking proves that your client --

25          MS. LEE:  Your Honor, the plaintiff filed

1  the letter motion that all documentation provided

2  there.  That is all medical records of defendant Dr.

3  Kim and two doctors from South Korea, which is (ui).

4  We (ui) medical documents (ui).

5            THE COURT:  Ms. Newman?

6            MS. NEWMAN:  Yes, your Honor.  She did

7  produce records from these two providers.  This was

8  discussed back at the conference in December because

9  the records should produced did not include an actual

10  procedure note of a second abortion.  This is something

11  we talked about at the last conference, you know.

12  We're not contesting that she didn't produce these

13  records, we're just saying that we need more.  First of

14  all, there's an informed consent issue, which is why we

15  wanted the collateral source records in part, because

16  this patient had two prior abortions and her knowledge

17  of the procedure before the abortion with Dr. Kim is

18  obviously relevant to what she knew going into the

19  procedure.

20            Also, what types of abortions were performed

21  before Dr. Kim is medical relevant, and our expert has

22  asked us to try and get those records as part of her

23  review.  I don't even know what authorizations to

24  demand because we don't know where those procedures

25  were performed or who performed them.

1          MS. LEE:  Your Honor, if defendants now are

2    asking to provide a (ui) insurance record of

3    plaintiff's whole life.  (Ui) two abortions --

4          THE COURT:  Again, Ms. Lee.

5          MS. LEE:  Yes.

6          THE COURT:  Your client is the one bringing

7    the case.

8          MS. LEE:  Yes.

9          THE COURT:  Your client has had two prior

10   procedures that may have bearing on what happened in

11   this case.

12         MS. LEE:  Your Honor --

13         THE COURT:  So talking about -- excuse me.

14   Do not talk over me.

15         MS. LEE:  Yes.

16         THE COURT:  Talking about that you've given

17   her everything, you have not given her everything.  You

18   have not given her the records that she did talk to the

19   Court about back in December.  And in December, we

20   talked about needing those records and if you're not

21   going to help provide those records, then again, your

22   client is going to have a problem maintaining this

23   malpractice case.

24         In December, December 22nd, I held a

25   conference.  Defense counsel stated they had only

1   gotten some of the records and they had outlined what

2   has still to be provided.  Plaintiff says they

3   responded to everything, and I ruled that defendant was

4   entitled to get those medical records and that the

5   prior abortion was something that they were able to

6   discover records about.  Again, the documents regarding

7   the second abortion that your client is saying she was

8   caused to suffer in Korea, she needs to get those

9   records.  There is nothing in the records that have

10  already been produced that says that she had an

11  abortion in Korea, and it's not acceptable -- I said

12  this to you before -- to say that your client doesn't

13  want to turn over the records.  This is her case and if

14  she's not going to turn over these records, then you're

15  not going to be able to prove a malpractice claim

16  against this doctor in this Court.

17          MS. LEE:  Your Honor, may I interrupt you?

18          THE COURT:  What do you want to say?

19          MS. LEE:  The second abortion was, after Dr.

20  Kim failed to remove the fetus, then plaintiff went to

21  South Korea and she got second abortion.  That record

22  plaintiff provided to defendant.  Even after that,

23  defense counsel asked everything.  So we provided again

24  the ultrasound DVD, we provided everything.

25          THE COURT:  Again, Ms. Lee, you did not

1  provide everything.  Saying that you provided

2  everything -- again, that you provided an ultrasound

3  but they asked specifically --

4         Ms. Newman, what is the name of the

5  procedure sheet that you needed?

6         MS. NEWMAN:  It would be an operative report

7  or a procedure report that describes the technique and

8  what was done, whether it was a dilation and curettage,

9  a dilation and evacuation, the steps to prepare the

10  patient, what tools or instruments were used, the

11  outcome of the procedure.  There might be anesthesia

12  notes because generally, this procedure is performed

13  under anesthesia.  So I'm really looking for the

14  equivalent of an operative report and any other medical

15  records that were maintained at that time by the

16  anesthesiologist.

17         THE COURT:  Ms. Newman --

18         MS. LEE:  Your Honor --

19         THE COURT:  Excuse me, Ms. Lee.

20         MS. LEE:  Yes.

21         THE COURT:  Ms. Lee is saying that she gave

22  you the ultrasound.  Can you place on the record what

23  she has given you and why that is or is not what you've

24  been asking for?

25         MS. NEWMAN:  She gave us a copy of records

1    from two subsequent providers in Korea.  There are

2    pictures, ultrasound pictures included in those

3    records.  There is no note or second procedure note of

4    a second abortion, which was discussed in December.

5    Then after that conference, at some point in time, I

6    received a one-page piece of paper in Korean, which I

7    then paid to have a Korean translator, a certified

8    Korean translator translate into English, an unsigned

9    document that says that name of the patient and that a

10   dilation and curettage was performed.  It's like a one-

11   sentence piece of paper that could have honestly been

12   written by anyone.  It's not an operative report, it's

13   not a medical record.

14              MS. LEE:  Your Honor, we (ui) the doctor as

15   well to doctors in South Korea.  Whatever they have is

16   all records, anything they provided to us, and we

17   forwarded it to defendant.  I want to make sure.  So

18   now the defendant want to have all medical records

19   after Dr. Kim's failure or ten years before the

20   plaintiff's abortion.  (Ui) 15 years, when she was a

21   teenager.  That is the only one.  If the defendant

22   asking the plaintiff's abortion for teenager from now

23   for 15 years ago, the plaintiff even did not remember

24   the place or the name of the clinic because at the

25   time, her boyfriend brought her to a clinic.  Nobody

1    knows -- she cannot remember right now, then how could

2    (sic)?  The second thing is, if Dr. Kim -- the prior

3    abortion ten years ago, it is important and necessary

4    to her abortion surgery, Dr. Kim should ask her before

5    surgery.  When was it, where was it?

6              THE COURT:  Ms. Lee, Ms. Lee, Ms. Lee.

7              MS. LEE:  Yes.

8              THE COURT:  Your argument that if it was

9    important for Dr. Park to know about prior abortions,

10   he should have asked before he performed this

11   procedure, that is not a winning argument when you're

12   bringing a federal malpractice lawsuit, okay?

13             MS. LEE:  Your Honor, the doctor said --

14             THE COURT:  Ms. Lee, Ms. Lee.

15             MS. LEE:  Yes.

16             THE COURT:  If you keep interrupting me, I

17   am going to not accept you to appear by phone.  It is

18   not okay to keep interrupting me.  Do you understand?

19             MS. LEE:  Yes.

20             THE COURT:  So your client has decided to

21   bring this lawsuit.  I understand that you are saying

22   she doesn't remember the name of the prior abortion

23   provider, so we can't get those records, which I

24   imagine is why defendant's counsel is asking for the

25   insurance records, because perhaps those insurance

1    records would show who the prior doctors were.

2              Is that the reason why you're asking for the

3    collateral source information from her insurer, Ms.

4    Newman?

5              MS. NEWMAN:  Correct.

6              THE COURT:  So, Ms. Lee, when you bring a

7    medical case against a doctor, yes, there are many

8    questions that are going to be asked of the plaintiff.

9    And that the plaintiff lives in Korea does not change

10   what the questions that need to be answered are.  So if

11   she's not able to remember who gave her these prior

12   procedures, they should be able to get information from

13   her insurer.

14             It doesn't mean, Ms. Newman, that that will

15   necessarily be reflected there, and I would like to

16   limit the temporal scope of what you're asking for.

17             MS. NEWMAN:  Okay, I understand that.

18             MS. LEE:  Your Honor?

19             MS. NEWMAN:  I can make a diligent effort.

20   She explained the reasoning as to why she doesn't

21   remember the name and location of one of the two

22   abortions but Dr. Kim's records indicate she reported

23   she had two.  I don't know when the other one happened.

24   Two prior.

25             MS. LEE:  Your Honor, if I may interrupt

1  here.  Defense counsel keeps saying two abortions,

2  prior two abortions.  No, that's not correct.  It's

3  only one, and defense counsel asked -- demanded her

4  medical records.  That is a violation of plaintiff's

5  privacy.

6          THE COURT:  No, it is not.  It is not.  Ms.

7  Lee, that argument is a losing argument.  Your client

8  is bringing this lawsuit.  So to the extent that she

9  has chosen to bring this lawsuit, it is a losing

10  argument for her to claim that it's a violation of her

11  privacy.  She is suing a doctor, saying the doctor

12  committed malpractice.  She must turn over these

13  records.  If she does not want to turn over these

14  records, then she should not bring the lawsuit.

15          MS. LEE:  Your Honor, as we said, she

16  provided all medical records, everything.

17          THE COURT:  No, she did not.  She did not.

18          MS. LEE:  Your Honor, the only --

19          THE COURT:  She did not provide all the

20  medical records.  There are ultrasound records provided

21  but there is no operative report talking about the

22  procedure.

23          MS. LEE:  That does not have -- the

24  plaintiff has not had that.  Whatever the doctor

25  provided -- the plaintiff provided authorization to

1    defendant.  Then the defendant can get it.

2              THE COURT:  Let me raise another issue.  Let

3    me raise another issue.  There are three open motions.

4    There's the motion to compel and there is also your

5    request, Ms. Lee, for a settlement conference.

6              MS. LEE:  Yes.

7              THE COURT:  Have you tried to talk to Ms.

8    Newman about settling the case?

9              MS. LEE:  Yes.  We sent the settlement

10   demand on 2/20/2021.  However, defense counsel has

11   never responded to that settlement demand at all.

12             THE COURT:  Ms. Newman?

13             MS. LEE:  Then after that --

14             THE COURT:  Ms. Newman?

15             MS. NEWMAN:  That's untrue, your Honor.  I

16   have an email responding to her settlement demand,

17   which by the way never included an amount, just a

18   demand that we attend a settlement conference, to which

19   the response was, we still need this discovery from

20   you.  We need clarification of the interrogatory

21   responses, the medical records, we need to corroborate

22   all of the claims and damages alleged in the complaint.

23   I mean, we are focusing on the most important records

24   here, which are the subsequent abortion records and the

25   prior records.

1          Overall, she's claiming that she had other

2     injuries, which there's no proof of.  I've received

3     nothing to show that she had ongoing complaints of pain

4     and bleeding or that she suffered lost earnings, which

5     are claimed in the case.  So yes, I did respond to that

6     email and said, we don't have the discovery we need to

7     even talk about that at this point in time.

8          THE COURT:  Let me say, Ms. Lee, you are not

9     helping your client because, again, the defendants made

10    the issue known to me back in December.  Again, they're

11    making the issue known to me now.  They're saying that

12    you did not adequately respond to the interrogatories

13    or to the demand for production of documents.  So I

14    have to say to you I don't understand what it is you

15    think is going to happen here but, Ms. Lee, I'm

16    granting the defendant's motion to compel the

17    discovery.

18          I'm going to give you a chance -- because I

19    do accept that certain of these records from Korea may

20    not be known to plaintiff.  I accept that if she had an

21    abortion many years ago, she may not know the

22    providers.  That being said, if there is information

23    from her insurer, she must turn that over.  Ms. Lee --

24          MS. LEE:  Yes, your Honor.

25          THE COURT:  The Court is ordering you to

1   turn over that information, and I will limit it so that

2   it's not for her entire life.  But she says that these

3   events happened in 2017, so I'll say that it has to go

4   back to 2010.  2010.

5           MS. LEE:  Yes.

6           THE COURT:  So she must turn over the

7   information about her insurer, and the defendants can

8   try to get the information from the insurer.  Also, if

9   there is a claim for lost earnings, she must support

10   those claims.  And last, it says that plaintiff has not

11   provided any experts.  In a malpractice case, you need

12   expert discovery.  There is no way that you could prove

13   malpractice unless you have an expert.

14           So I am going to give you until the deadline

15   that has been extended to turn over these things.  So

16   you have now until September 30th to turn over any lost

17   earnings, so any records that support claims for lost

18   earnings, who your expert is going to be and any expert

19   report, and any collateral source information going

20   back to 2010.  So that request for a motion to compel

21   is granted, and your motion for a settlement conference

22   is denied without prejudice.  You need to speak to Ms.

23   Newman about precise numbers, about what your client's

24   claims are.  She cannot have a settlement conference

25   without there being demands that have been talked

1  about.  I'm not going to schedule a conference unless

2  you and Ms. Newman start talking between your clients

3  and yourselves.

4          MS. LEE:  Your Honor, I want to ask

5  defendant, why didn't you respond to plaintiff's demand

6  for admissions and interrogatories?  Your Honor --

7          THE COURT:  Again, I am not orally accepting

8  a motion at this time.  Ms. Lee, it is not proper in a

9  case where you were able to respond and you did not say

10 anything in your response regarding missing discovery.

11 Again, I am not going to accept that you are raising

12 that now.  I'm telling you that you have -- and this

13 all has to be done -- so September 30th is the deadline

14 to complete all discovery so I'll give you thirty days

15 from today to get everything that I've discussed with

16 you.

17          So by September 10th, 9/10/21, plaintiff must

18 produce the information that the Court has specified,

19 anything to support her claim for lost earnings,

20 anything regarding expert discovery, and her

21 authorization regarding collateral source information

22 from her insurers with the names of the insurers, all

23 of that by September 10th.  And I am warning you that

24 your client can be subject to sanctions, which could be

25 as severe as dismissal of the case, if she fails to

1    comply.

2            MS. LEE:  I understand, your Honor.  Your

3    Honor, plaintiff provided all authorizations.  Then

4    what else should plaintiff provide, copies of the

5    medical records?  That's defendant's responsibility,

6    not us.  Plaintiff only provides authorizations,

7    including insurance records.

8            THE COURT:  Ms. Lee, Ms. Lee.

9            MS. LEE:  Yes.

10           THE COURT:  You're making the same argument

11   that you've already made.  They have said that they

12   never got an operative report for the abortion that

13   you're saying she was required to have because Dr. Kim

14   did not properly perform the abortion.  They say they

15   got a one-page sheet that could have been written by

16   anybody, in Korean, that it was not an operative

17   report.

18           Did it have any letterhead or name of a

19   physician on it, Ms. Newman?

20           MS. NEWMAN:  I can't honestly speak to

21   whether or not there was letterhead or the name of a

22   physician because the version I received from the

23   translator just has different boxes of medical

24   categories, most of which are left blank.  I honestly

25   don't know because I don't know if that would have been

1   translated, if they translate letterhead or not.  I

2   don't know.

3            THE COURT:  Well, you're going to need to

4   confer with Ms. Lee on that.

5            MS. NEWMAN:  Okay.

6            THE COURT:  Again, Ms. Newman, I've granted

7   your motion to compel.  I've given them until September

8   10th.  The deadline for discovery has already been

9   extended to September 30th.  Have you conducted a

10  deposition of the plaintiff?

11           MS. NEWMAN:  No, your Honor, because I was

12  hoping to have these records before deposing her.

13           THE COURT:  But it looks like that might not

14  be possible, so you need to move forward if you're

15  going to plan to depose plaintiff.

16           MS. NEWMAN:  Okay.

17           THE COURT:  Because getting records from an

18  insurer in Korea by September seems somewhat unlikely,

19  but you can certainly ask the questions that you need

20  to ask.  If she doesn't remember things that go back

21  ten years, that might be reasonable, but if she doesn't

22  remember things that happened around the time that

23  she's saying that Dr. Kim failed to live up to his

24  obligations, that's something that would be relevant in

25  any transcript.

1          MS. NEWMAN:  Okay.

2          THE COURT:  That's the same for you, Ms.

3   Lee.  If you're intending to depose Dr. Kim, you'd

4   better get that scheduled.

5          MS. LEE:  Yes, your Honor.  Should the

6   plaintiff send a letter motion to compel defendants?

7          THE COURT:  No, absolutely not.

8          MS. LEE:  Your Honor --

9          THE COURT:  Again, Ms. Lee, you seem to

10  think that this is your time to complain about what

11  defendants have failed to do, and yet I had conferences

12  with you going back to December.  That was their

13  conference to say that they didn't get what they

14  needed.  I already extended the deadline for the

15  parties to complete discovery.  Still, you never said

16  anything about what you didn't get.  So no, now is your

17  time to schedule the deposition.  If you intend to

18  depose Dr. Kim, now is the time to schedule that with

19  Ms. Newman.  Do you understand me?

20         MS. LEE:  Yes, your Honor.  We demanded the

21  admissions and interrogatories back February 9, 2021.

22  But defense counsel --

23         THE COURT:  Ms. Lee, Ms. Lee, did you hear

24  what I said, that if you plan to depose the doctor who

25  is the defendant, you need to arrange for that now.  It

1  should be conducted remotely.  Same thing for your

2  client who is in Korea, it should be done remotely.

3  And you need to make that arrangement so you complete

4  those depositions by September 30th.  Do you understand

5  me, Ms. Lee?

6         MS. LEE:  Yes, your Honor.  Then one

7  question, your Honor.  Can we depose the defendant

8  first?

9         THE COURT:  There is no firstness in federal

10  court.  I am not going to govern who deposes who first.

11  I am going to tell you, Ms. Lee, that you need to make

12  this case move.  I am not going to extend discovery and

13  your client must make herself available for deposition

14  by defendant's counsel in advance of the deadline.  Do

15  you understand?

16         MS. LEE:  Yes, your Honor.

17         THE COURT:  Okay.

18         MS. NEWMAN:  I do believe we did talk about

19  priority, though, when the case was filed.  I

20  understand that that doesn't exist in federal court but

21  I'm already agreeing to take a deposition with very

22  limited records.  I do think I'm entitled to take a

23  deposition of her client, who has produced very little

24  documentary evidence in support of the claims, before

25  my client, who has patiently waited for the resolution

1   of this case since it was filed.

2            THE COURT:  Ms. Newman, get your notice to

3   Ms. Lee.  Again, I don't expect to hear again from the

4   parties saying that they can't get this scheduled.

5            It is something difficult because one person

6   is in Korea, but I am not letting you hold this up, Ms.

7   Lee.  They have the right to depose your client.  Even

8   without all the records, that should be something that

9   happens.  That way, we can at least lock her into

10  whatever the claim is about.  If you don't produce lost

11  earnings records, then there's not going to be any

12  claim for lost earnings.  Do you understand me, Ms.

13  Lee?

14           MS. LEE:  Yes, your Honor.  However, the New

15  York Workers Compensation Act -- in that case, they

16  applied the minimum --

17           THE COURT:  I'm sorry, Ms. Lee.  Workers

18  compensation won't apply for this case.

19           MS. LEE:  The minimum rate would apply.

20           THE COURT:  Ms. Lee, Ms. Lee, workers

21  compensation won't apply to this case.  If you don't

22  produce records or lost earnings and there's no

23  testimony that supports that she was employed and lost

24  earnings because of Dr. Kim, you will not be able to

25  rely on workers comp.  Do you understand me?

1          MS. LEE:  Then what -- I understand, your

2    Honor.  However, then the plaintiff can submit her

3    affidavit saying she wasn't able to work due to the

4    failure of the abortion.

5          THE COURT:  Let her turn over records and

6    let her testimony say where she worked and how much she

7    earned and how long she was out of work because of

8    this.  If there isn't documents or testimony to support

9    it, there is no lost earning claim.

10          Anything else that needs to be addressed,

11   Ms. Lee?  I've granted defendant's motion to compel.

12   I've given you until September 10th to turn over the

13   records.  They will be specified in my order.  Is there

14   anything else that needs to be addressed?

15          Hearing nothing, is there anything else, Ms.

16   Newman, that needs to be addressed?

17          MS. NEWMAN:  No, thank you.  I thought your

18   question was to Ms. Lee.

19          THE COURT:  I did but she didn't answer my

20   question.

21          MS. NEWMAN:  Nothing on our end, your Honor,

22   thank you.

23          THE COURT:  Ms. Lee, last chance.  Anything

24   else you want to raise before we get off the line?

25          MS. LEE:  Yes, your Honor, just to specify

1   -- specify up to 2010, then it's abortion records only.

2                   THE COURT:  No, it was the insurance records

3   to 2010.

4                   MS. LEE:  Yes, insurance records.  Your

5   Honor, that means plaintiff provides authorization or

6   (ui) the insurance record?

7                   THE COURT:  Again, if she has insurance

8   records going back to 2010, she should produce them.

9                   MS. LEE:  She doesn't have it.  That's why

10  she provided --

11                  THE COURT:  Then she has to sign an

12  authorization for her insurance records to be given to

13  Ms. Newman.

14                  MS. LEE:  Yes, she did.

15                  THE COURT:  Ms. Lee, I don't think you're

16  understanding the Court.  I really don't think you're

17  understanding because --

18                  MS. LEE:  Your Honor --

19                  THE COURT:  -- your client brought this case

20  and you just keep repeating that she's given

21  everything.

22                  MS. LEE:  No, your Honor --

23                  THE COURT:  I am granting their motion to

24  compel, which will require you to turn over records and

25  respond to their interrogatories by September 10th.  You

1    should complete all depositions in this case by

2    September 30th.

3              With that, we are adjourned.  Thank you.

4                        * * * * * * *

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18        I certify that the foregoing is a correct

19   transcript from the electronic sound recording of the

20   proceedings in the above-entitled matter.

21

22

23

24

25   ELIZABETH BARRON                        August 20, 2021