

99 Park Avenue   New York, NY  10016-1601
Tel: (212) 286-8585   Fax: (212) 490-8966
www.hpmb.com

**Hayley Newman**
**Partner**
**hnewman@hpmb.com**

September 16, 2021

<u>**VIA ECF**</u>

Honorable Pamela Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Re:    Minhye Park v. David Kim, M.D.
       Docket:  1:20-CV-02636(PC)
       <u>Our File:  778-1018</u>

Dear Judge Chen:

Our law firm represents Defendant Dr. David Kim in this action for medical malpractice. We respectfully request permission to file a motion to dismiss pursuant to FRCP 37(b)(2) and 41(b) based upon Plaintiff's failure to comply with Magistrate Bloom's Order dated August 11, 2021 and Judge Chen's Order dated August 27, 2021 and her failure to prosecute this action since its inception more than one year ago.

The Court granted Defendant's Motion to Compel (filed on July 29, 2021) and directed Plaintiff to produce discovery by September 10, 2021.

Since the last conference, Plaintiff's counsel sent an email that purportedly contained a single authorization for collateral source records, but the attachment was defective and could not be accessed.  Our firm emailed Plaintiff's counsel to advise of this issue and Plaintiff's response to Defense counsel's email was that "Plaintiff is not working for defendant."  After the expiration of the Court's September 10, 2021 deadline, Plaintiff filed an expert report on September 13, 2021.

Plaintiff still owes the following discovery pursuant to the prior Orders:

1.  All records of the Plaintiff's alleged lost earnings;

2.  Expert discovery, including Plaintiff's expert disclosure, expert CV and rates;

Honorable Pamela Chen
Re:  Park v. Kim et al.
September 16, 2021
Page 2



3.  Collateral source records from 2010 to present in Plaintiff's possession and an authorization for same;

4.  Responses to interrogatories and other written document demands (the following list was contained in Defendant's Motion to Compel which was granted by the Court):

- Response to Defendant's First Demand for the Production of Documents; (Exhibit C annexed to Defendant's Motion).
- Supplemental Response to Defendant's First Set of Interrogatories (Exhibit C annexed to Defendant's Motion), as detailed in Defendant's good faith letters (Exhibit E, annexed to Defendant's Motion);
- Response to Defendant's Second Demand for Production of Documents (this Demand included a request for Plaintiff's collateral source records and employment records) (Exhibit H, annexed to Defendant's Motion);
- Response to demand for metadata and other information regarding the photographs Plaintiff disclosed (Exhibit C and E, annexed to Defendant's Motion);
- Copies of all medical records pertaining to Plaintiff's prior abortions and subsequent medical treatment documenting the injuries alleged in the Complaint (Exhibit C, annexed to defendant's Motion); and
- Complete Rule 26 Disclosures, specifically including expert disclosure and a computation of damages as required by 26(a)(1)(A)(iii) (Exhibit D).

A majority of the discovery outlined in Defendant's Motion has been outstanding for more than 10 months and much of this discovery was discussed at the previous court conference held on December 22, 2020.  Judge Bloom has explained to Plaintiff that she must produce the records from the second abortion she allegedly underwent in South Korea and she has yet to comply with this directive.

Plaintiff's delay in producing discovery at this juncture is clearly willful.  There is no ambiguity about the discovery owed, based upon the prior conferences and orders. The ongoing failure to produce this discovery has significantly prejudiced the Defendant who has not yet been provided with the necessary records to assess Plaintiff's claims and prepare a full defense in this case.  At present, Defendant was directed to complete Plaintiff's deposition by September 30, 2021, but has not received the necessary discovery to conduct an informed deposition due to Plaintiff's willful failure to produce essential discovery pertaining to her claims.

Plaintiff's delay in prosecuting this case is particularly egregious given that this claim would never have been timely filed but for the Covid-19 toll in New York.  The treatment at issue concerns medical care in 2017 and Plaintiff failed to properly commence this case within the statute of limitations but for the pandemic.  Even after the initial court conference, Plaintiff had to be instructed by the Court multiple times about proper service upon Dr. Kim because she failed to timely and properly serve this Defendant on multiple occasions.  Plaintiff has

2453866.1

Honorable Pamela Chen
Re:  Park v. Kim et al.
September 16, 2021
Page 3



unilaterally delayed the prosecution of this case, at the expense of the Defendant, and in doing so has wasted precious judicial resources.

Judge Bloom warned Plaintiff at the August 11, 2021 conference that if her client failed to comply with the Discovery Order, Ms. Park could be subject to sanctions including dismissal of her case.  (Transcript pg. 17, 18).  Defendant's proposed motion is warranted and should be permitted in accordance with the Court's prior warnings to Plaintiff.

This is the first application for this relief.  The deadline to complete fact discovery is September 30, 2021 and Plaintiff's deposition has been noticed and scheduled for September 20, 2021.

In the event that the Court declines this motion request, it is hereby requested that the Court extend the time to complete fact discovery due to Plaintiff's late disclosure of an expert in this case.  We respectfully request that the Court extend the time to complete fact discovery, including expert discovery and the deposition of Plaintiff's expert to November 15, 2021.  This is the second request for an extension of time to complete discovery and was necessitated by Plaintiff's failure to comply with the prior Court orders on a timely basis.  Defendant was not given enough time to serve notice for the deposition of Plaintiff's expert relative to the Court's fact discovery deadline.  As such, an extension of time is respectfully requested.

Respectfully submitted,

Hayley Newman

HN:ot
cc:  **VIA ECF**

JSL Law

2453866.1