# JSL Law Offices, P.C.
626 RXR PLAZA, Uniondale, NY 1156
Tel:  (718) 461-8000
Fax: (866) 449-8003
_____

September 22, 2021

<u>VIA ECF</u>
Honorable Pamela Chen
United States District Court
Eastern District Of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: 1:20-cv-02636 (Minhye Park v. David Kim, M.D.)**

Dear Judge Chen:

Our office represents Plaintiff MINHYE PARK in the above- referenced action for medical malpractice.  Pursuant to Rule 11, Rule 11(b) of Federal Rules of Civil Procedure, Plaintiff seeks sanctions against Defendant and his counsels and attorneys' fees pursuant to 15 U.S.C § 1692k(a)(3), Fed. R. Civ. P. Rule 54(d), and 28 U.S.C. § 1927 because Defendant filed a pleading, written motion or other papers to the court without any basis in fact or in law. It was filed in bad faith and for the purpose of harassing Plaintiff.

Rule 11(b) of the Federal Rules of Civil Procedure states that an attorney who presents "a pleading, written motion, or other paper" to the court thereby "certifies" that to the best of his knowledge, information, and belief formed after a reasonable inquiry, the filing is: (1) not presented for any improper purpose, "such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;" (2) "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;" and (3) either supported by evidence or "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." FED. R. CIV. P. 11(b); s*ee*

also *Mahoney v. Yamaha Motor Corp. U.S.A.*, 290 F.R.D 363, 368 (E.D.N.Y 2013); 15 U.S.C § 1692k (a) (3), Fed. R. Civ. P. Rule 54(d); and 28 U.S.C. § 1927

Defendant's counsel **Ms. Newman** untruthfully stated that Plaintiff came to New York only to obtain the abortion. *See* Defendant's letter dated July 17, 2021. In early November 2017, Plaintiff was travelling in the United State before she saw the Defendant. Plaintiff visited Defendant for the first time on November 16, 2017 as her symptoms indicated that she was likely pregnant. Defendant told Plaintiff that it's too early to determine whether Plaintiff was pregnant or not, and asked Plaintiff to come later. During her second visit on November 21, 2017, Defendant confirmed that the plaintiff was indeed pregnant. It's impossible for Plaintiff to discover her pregnancy in South Korea before Plaintiff came to New York. **Ms. Newman** filed the false letter for the purpose of insulting and harassing Plaintiff.

**Ms. Newman** also untruthfully stated in her motion to compel, "Prior to treatment at issue, Plaintiff underwent two abortions in South Korea." *See* Def motion filed on July 29, 2021, doc #17-16, page 165, para 3. Plaintiff explained numerous occasions about the alleged two (2) prior abortions of Plaintiff is incorrect and even a prior abortion is not relevant to Defendant's failure to terminate Plaintiff's pregnancy. *See* Expert's report from Dr. Garofalo, filed 9/13/2021. Obviously defendant's above statements are false and in bad faith.

Rule 30(b) (1) requires that a deposition notice identify the time and place of the deposition. In a remote deposition, **this location is deemed to be the "place where the deponent answers the questions" under Rule 30(b) (4).** The Defendant should not be allowed **to treat Plaintiff inhumanely and tortuously by performing an overnight deposition of Plaintiff.** On September 18, 2021, as Plaintiff filed a protective order, due to the time difference of thirteen (13) hours between South Korea and New York, Plaintiff suggested to the Defendant that Plaintiff should be ready, willing and able to attend her deposition on September 20, 2021 **between 09:00AM and MIDNIGHT in South Korea Time.** Accordingly, Plaintiff proposed the Defendant change the starting time to 08:00 AM, New York Time

(21:00 PM South Korea Time) and the deposition be finished at midnight South Korean Time. Alternatively, the Plaintiff suggested starting at 20:00 PM New York Time (09:00 AM South Korea Time) if Defendant wants to continue seven (7) hours a day. Defendant, however, insists that the deposition continue for seven (7) hours a day during the court hours in New York Time and repeatedly rejected all Plaintiff's proposals for a reasonable time for the deposition. The insistence of the Defendant to depose as scheduled overnight is only designed to harass Plaintiff physically and psychologically. This is shown by the fact the Defendant is insisting that the Plaintiff attend the **deposition OVERNIGHT from 22:00 PM to 5:00 AM in South Korea.** Plaintiff is a victim of Defendant's malpractice, not a criminal. Ms. Newman's conduct is unreasonable and absurd.

Furthermore, on August 11, 2021, Honorable Magistrate Judge answered to Plaintiff's question if defendant could be deposed first. *See* transcript of 8/11/2021, at 21, 6-10 ("MS. LEE: …. Can we depose the defendant first? THE COURT: There is no firstness in federal court.") Plaintiff served a notice of deposition of Defendant on the 1st day of September 2021 at 10:00AM EST and will continue consistent with Rule 30 (d) until it is completed. Defendant rejected it only because Plaintiff must be deposed first.

For the foregoing reasons, sanctions against Defendant and his counsel for the repeated bad faiths for the purpose of harassing Plaintiff are warranted and Plaintiff requests this Court to order Defendants to pay attorney's fees incurred in the matters. *See*, *e.g., Roadway Express, Inc. v. Piper*, 447 U.S. 752, (1980); *Hall v. Cole*, 412 U.S. 1, 5 (1973).

        Respectfully submitted,

        */s/ Jae S. Lee*
        Jae S. Lee