

**99 Park Avenue   New York, NY  10016-1601**
Tel: (212) 286-8585   Fax: (212) 490-8966
www.hpmb.com

**Hayley Newman**
Partner
hnewman@hpmb.com

September 23, 2021

**VIA ECF**
Magistrate Judge Louis Bloom
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Re:   **Minhye Park v. David Kim, M.D.**
Docket:  1:20-CV-02636(PC)
Our File:  778-1018

Dear Judge Bloom:

The following letter is in response to the Court's order dated September 20, 2021, directing the parties to file a letter by September 24, 2021, regarding the status of plaintiff's deposition noticed to be held on September 20, 2021 and the status of rescheduling plaintiff's deposition.  I have attempted in good faith to confer with Plaintiff's counsel on a joint letter as directed by the Court.  Attached is the draft letter I sent to her for review, as well as the emails exchanged about this issue.  In lieu of responding to me or attempting to work with our office on the joint letter as directed by this Court, last night, Ms. Lee filed yet another motion on this matter, this time seeking sanctions.  Plaintiff's counsel is clearly unwilling to work on submission of a joint letter, as your Honor directed.

Please be advised that September 20, 2021, I appeared on behalf of Defendant Dr. Kim for Ms. Park's deposition, in accordance with the Second Notice of Plaintiff's Deposition.  This deposition notice was served on Plaintiff's counsel on August 20, 2021.  I appeared via videoconference and also present for the deposition was Lexitas court reporter, Ms. Gina DeMarco and Korean interpreter, Mr. Sean Kim.  There were no appearances by Plaintiff's counsel, Ms. Lee, or her client, Minhye Park.  A copy of the transcript and exhibits marked is attached.  Exhibits A and B are the deposition notices served in this case for Plaintiff's deposition and Exhibit C is a copy of the emails exchanged between the parties regarding the deposition.

2458859.2

Honorable Judge Bloom
Re: Park v. Kim et al.
September 23, 2021
Page 2



     Plaintiff's counsel's first raised an objection to the Second Deposition Notice on the afternoon of September 17, 2021, after the confirmation link to the deposition was sent by the court reporter. Earlier that day, our office left her a message and sent an email to confirm the deposition appearance and she did not respond to either. In her email on the afternoon of September 17th, plaintiff's counsel stated that her client should not be required to appear for her deposition during normal business hours in Eastern Standard Time because those hours are inconvenient to Ms. Park. Ms. Park resides in South Korea, upon information and belief. Although we agreed to push up the start time of the deposition from 10:00 a.m. EST to 9:30 a.m., this offer was rejected.

     On September 21, 2021, I contacted Ms. Lee and proposed to reschedule the deposition of her client during the Court's business hours on the following dates: September 29, October 5, October 6, October 8 and October 25. Plaintiff's counsel responded that the deposition must take place in "S Korea time," from 10:30 p.m. EST to 4:00 a.m. After this, I sent her a draft of a joint letter in which she could state her client's position as her specific request regarding the start and end time of her client's deposition. Each time she has communicated with our firm regarding this issue, she has proposed different start/end time for her client's deposition.

     Regrettably, the parties have been unable to find a mutually convenient time to reschedule this deposition.

**Defense counsel's position**:

     Defendant's position is that Ms. Park's deposition, along with all other depositions in this case, should proceed during the Court's normal business hours, between the window of 9:30 a.m. and 5:00 p.m. EST. This is particularly necessary in the event that issues arise during the deposition that could require a conference with chambers. Once the case is set down for a jury trial, surely, this Court will not be scheduling trial hours outside of the Court's normal business hours. Since Ms. Park is availing herself of the remedies and procedural rules of this Court, she should appear for deposition during the Court's business hours. The times proposed by plaintiff's counsel for her client's deposition are unreasonable to the other necessary participants of the deposition. The court reporter, court interpreter and defense counsel should not be required to work overnight or outside normal business hours for the convenience of the party who has the burden of prosecuting a civil case that she opted to file in the United States. It would be not only inconvenient, but a hardship, for defense counsel to appear during the hours proposed by Plaintiff's counsel.

     Defense counsel attempted in good faith to comply with this Court's orders dated August 11, 2021 and August 27, 2021 with respect to completing this deposition. We intended to proceed with the deposition, notwithstanding Plaintiff's failure to produce the discovery outlined in those orders. Prior to September 20, 2021, the undersigned filed a Second Letter Motion with

2458859.2

Honorable Judge Bloom
Re: Park v. Kim et al.
September 23, 2021
Page 3



the Court regarding these issues and the outstanding discovery.  See, Docket #23.  The Court has yet to issue a response to that request.  While we are ready to proceed with Plaintiff's deposition pursuant to your Honor's prior directions, this deposition must be kept open until Plaintiff provides the discovery outlined in Defendant's Motion to Compel, in accordance with this Court's orders.

      Defendant is presently available to conduct Plaintiff's deposition during normal business hours on the following dates: September 29, October 5, October 6, October 8 and October 25.

      Defendant wholly objects to Plaintiff's motion for a protective order and motion for sanctions, both of which were filed without prior permission from the Court and therefore fail to comply with the part rules.  Plaintiff falsely accuses the undersigned of having made untruthful statements in the Defendant's Motion to Compel (which was granted by Judge Bloom).  For example, it is claimed that Defendant falsely stated that Plaintiff underwent two prior abortions in South Korea, however, that information is based upon the Plaintiff's medical records and her report of her abortion history to her physicians.  Defendant did not act "inhumanely" or "tortuously" towards Plaintiff by attempt to comply with this Court's order to conduct her deposition before September 30, 2021.  Plaintiff's request for sanctions are completely baseless, improper, and worse, appear to be based upon her false mischaracterization of the record.  She cites to no evidence in support of her claims.

      With respect to Plaintiff's claim about deposition priority, at the time that this issue was raised by Plaintiff during the last conference with Judge Bloom, plaintiff falsely misrepresented to the Court that priority had not already been established and agreed upon months earlier.  Defendant established deposition priority by serving plaintiff's counsel with notice of her client's deposition on November 20, 2020.  Plaintiff did not respond to that notice, nor did she produce her client on the return date of the deposition.  See Exhibit A, annexed.  Moreover, plaintiff's counsel previously agreed to produce her client for deposition before the defendant as documented in the attorney's report of the Rule 26(f) scheduling conference filed with the Court.  See, Docket #11, Report of Rule 26(f) Meeting Plan.  There is no question that Defendant intends to take Plaintiff's deposition first and attempted to do so, in good faith.  Plaintiff did not serve a deposition notice for Dr. Kim's deposition on August 11, 2020. Plaintiff's history of noncompliance with discovery orders and her failure to prosecute this case in a timely manner speaks for itself and is clearly evidenced by the Court's docket.  Plaintiff should not be rewarded for this bad conduct by being permitted to depose Dr. Kim before she produces her client and the rest of the discovery Plaintiff owes in this case.

      If Plaintiff's motion for a protective order or, motion for sanctions, are entertained by this Court, we respectfully request a briefing schedule that provides Defendant with at least one week to file opposition to both motions.

2458859.2

Honorable Judge Bloom
Re: Park v. Kim et al.
September 23, 2021
Page 4



    We also respectfully request that the Court issue a decision as to the Defendant's Second Motion Letter (which is presently unopposed). Defendant has been patiently waiting Court permission to file this motion.

                                        Respectfully submitted,

                                        Hayley Newman

HN/mp

Encls.
Deposition Transcript and Exhibits dated September 20, 2021
Emails with draft joint letter sent to Plaintiff's counsel and copy of draft letter

    cc:    **VIA ECF**

            JSL Law

2458859.2