UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MINHYE PARK,

                              Plaintiff,          Index No.: 1:20-cv-02636

    -against-

DAVID DENNIS KIM, M.D.,

                              Defendant.
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN REPLY AND FURTHER SUPPORT OF DAVID DENNIS KIM, M.D.'s MOTION TO COMPEL

**HEIDELL, PITTONI, MURPHY & BACH, LLP**
81 Main Street
White Plains, New York 10601
T: (914) 559-3100
F: (914) 949-1160
bvandeusen@hpmb.com

On the Memorandum:
**Bianca M. Van Deusen, Esq.**

**Attorneys for Defendant David Dennis Kim, M.D.**

2532868.1

This Memorandum of Law is submitted in reply and in further support of Defendant Dr. Kim's motion to dismiss. Plaintiff failed to establish that she has provided discovery in compliance with the Court's orders and that Defendant's motion should be denied. Rather, Plaintiff submitted inadequate opposition papers that impermissibly attempt to set forth a motion for summary judgment and also fail to prove that she abided by this Court's prior orders to produce outstanding discovery. Plaintiff further asserts that this Court has ordered her to provide discovery "without any authority." However, Plaintiff does not cite to any case law supporting her position on this matter. This unsubstantiated remark is a clear manifestation of plaintiff's disrespect for the discovery process and further indicates that she will continue to disregard Court Orders. Given Plaintiff's willful, inexcusable, and repeated failures to produce the requested discovery, her Complaint must be dismissed with prejudice. Furthermore, Dr. Kim should be awarded costs and attorney fees for making this motion.

## I. PLAINTIFF'S ARGUMENTS THAT HER CLAIMS HAVE BEEN FULLY ESTABLISHED ARE IMPROPERLY RAISED IN OPPOSITION

The instant motion by Dr. Kim was filed to obtain dismissal of Plaintiff's Complaint with prejudice based on her repeated failures to provide outstanding discovery as previously ordered by the Court. Inexplicably, Plaintiff spends the first four pages of her opposition arguing that she established her claims for medical malpractice and lack of informed consent. This is not a motion for summary judgment. Defendant's moving papers sought dismissal of this action based on Plaintiff's inexcusable failures to produce demanded discovery. At no point in his moving papers did Defendant Dr. Kim argue for dismissal of this action based on the merits, or lack thereof, of Plaintiff's claims for medical malpractice and lack of informed consent. Furthermore, whether Plaintiff's claims are meritorious is irrelevant when considering a motion to dismiss

2532868.1

based on Plaintiff's failure to provide necessary discovery. As such, Plaintiff's arguments regarding the merits of her case must be disregarded as they have no bearing on the relief requested here.

## II.  PLAINTIFF HAS NOT COMPLIED WITH PRIOR COURT ORDERS REGARDING THE PRODUCTION OF DISCOVERY

Contrary to Plaintiff's contentions, she did not produce all outstanding discovery as ordered by Judge Bloom on August 11, 2021 and November 29, 2021. The following is a list of the outstanding discovery that was to be produced by January 14, 2022:

- Response to Defendant's First Demand for the Production of Documents; (Exhibit C).
- Supplemental Response to Defendant's First Set of Interrogatories (Exhibit C), as detailed in Defendant's good faith letters (Exhibit E);
- Response to Defendant's Second Demand for Production of Documents (this Demand included a request for Plaintiff's collateral source records and employment records) (Exhibit H);
- Response to demand for metadata and other information regarding the photographs Plaintiff disclosed (Exhibit C and E);
- Copies of all medical records pertaining to Plaintiff's prior abortions and subsequent medical treatment documenting the injuries alleged in the Complaint (Exhibit C); and
- Complete Rule 26 Disclosures, specifically including expert disclosure and a computation of damages as required by 26(a)(1)(A)(iii) (Exhibit D).

The list was specifically referenced in Defendant's moving papers. Despite the numerous discovery items owed by Plaintiff, in her opposition, she chose to address only three items of her outstanding or deficient discovery responses: (1) the collateral source records; (2) her expert report; and (3) lost earnings evidence. Contrary to Plaintiff's contentions, she did not provide sufficient discovery responses to Defendant's demands for these items.

Plaintiff did provide an authorization to obtain her collateral source records. However, the provider, who is located in South Korea, has not responded to our requests for her collateral source records. Plaintiff lives in South Korea and is in a better position to obtain her collateral source

2532868.1

records from her insurance provider. As she chose to avail herself of Courts in the United States, the onus is on her to obtain the records required for the defense and prosecution of the case that are located in South Korea. Plaintiff cannot dispute that it would be vastly easier for her to obtain these collateral source records due to her presence in the county and familiarity with the language and customs. Plaintiff insists she is cooperating with obtaining the medical records, but she fails to set forth her efforts to do so. Rather, she again responds in opposition that she is "not working for the Defendant" and not the custodian of the records. She does not provide any statements delineating her efforts to obtain her own collateral source records and offers only the blanket statement that she is unable to obtain them. Additionally, Plaintiff's snide response that she does not work for the Defendant, which has been made on more than one occasion, demonstrates that she is unwilling to engage in good faith in the exchange of discovery.

As to the expert witness report, Plaintiff has failed to establish that a proper report was provided pursuant to the requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. Instead, Plaintiff asserts only that her expert report was provided on September 12, 2021, and re-sent to Defendant's counsel on January 28, 2022. The re-sent report did not contain any additional materials from the previous report or address any of its deficiencies. On September 17, 2021, Defendant delineated via letter to Plaintiff the various deficiencies with her expert report, including her failure to include copies of the specific records used by her expert to summarize and support his expert opinion; a list of all publications authored by him within the previous 10 years; his testimonial history for 4 years; a statement of the compensation he is receiving for his study and testimony in the case; and four exhibits specifically referenced by her expert in his report. See Exhibit O. Plaintiff's repeated failure to address the deficiencies in her expert disclosure, despite being advised of these deficiencies nearly six months ago and a Court Order directing her to

produce these responses, further demonstrates that she is incapable of acting in good faith in this discovery process.

Plaintiff's failure to produce evidence of her alleged lost earnings is also inexcusable. Plaintiff makes clear in her opposition that her failure to produce evidence of these damages is willful and will not be cured by additional Court Order or other remedies. Plaintiff has produced zero documentary evidence of her lost earnings claims, including tax returns, wage stubs, or prior employment records, despite Defendant's demands for these records. Plaintiff's position is that Judge Bloom had no authority to order her to produce evidence in support of her lost earnings claims. She cites no case law in support of her position. Nonetheless, her assertion is contrary to the case law of this Court, which indicates that Plaintiff can be ordered to provide documentation supporting her lost earnings claims. See Michelman v. Ricoh Ams. Corp., 2013 U.S. Dist. LEXIS 25143, *7, 2013 WL 664893 (E.D.N.Y. 2013) (upholding the magistrate judge's order compelling plaintiff to disclose tax returns as there were claims for lost earnings and entitlement to backpay); see also Carmody v. Vill. of Rockville Ctr., 2007 U.S. Dist. LEXIS 50933, 2007 WL 2042807, at *2 (E.D.N.Y. 2007) (finding that tax returns were relevant to claim for lost earnings because they "will provide accurate information regarding [party's] income"); Parris v. New York City Hous. Auth., 2020 U.S. Dist. LEXIS 148423, *2 (S.D.N.Y 2020) (ordering plaintiff to produce his tax returns as they would be "evidence on his reduction in income and mitigation of damages."). Although Plaintiff alleges that she has no records of any wages from the year prior, she offers no explanation as to why she has not produced any other evidence of lost wages, including tax returns, from the years prior to the treatment at issue or the other four years since the treatment at issue.

Plaintiff's claim that she should be compensated pursuant to the New York Worker's Compensation Law is wholly unfounded and not supported by the language of the statute. The

2532868.1

purpose of the New York Worker's Compensation Law is to "cover[] compensation for injuries, diseases, or death of certain employees in the course of employment, the payment of benefits to employees for disabilities arising from nonoccupational injury and sickness…and special workers' compensation for civil defense volunteers." N.Y. CLS Work Comp, *Scope of Statute*. Plaintiff was not hurt during the course of any employment in New York State. Further, she has never been employed in New York State. Thus, the statute offers no support for her lost earnings claims.

Moreover, nowhere in her opposition did Plaintiff address the remaining discovery items that are also still outstanding or deficient. She did not provide any reason why the demanded discovery, including supplemental responses to Defendant's First Demand for Interrogatories and First Demand for Production, has yet to be produced as directed by this Court. She also failed to set forth any arguments that she should not have been compelled to produce the outstanding discovery. Plaintiff's non-compliance with this Court's Orders is evidently not based on any sound reasoning or supporting case law. As such, it is clear that a lesser sanction than dismissal would be futile. Notably, Plaintiff does not contest that she was made aware by this Court that failure to produce the outstanding discovery could result in dismissal of her case. For these reasons, Plaintiff's Complaint must be dismissed with prejudice.

### III. DEFENDANT HAS PRODUCED ALL DEMANDED DISCOVERY AND PLAINTIFF'S ALLEGATIONS TO THE CONTRARY ARE MERITLESS

Plaintiff alleges that Defendant owes several items of discovery, which she demanded in a good faith letter dated January 28, 2022. Defendant has provided Plaintiff with responses to all of her discovery demands. Her claims that Defendant owes outstanding discovery are contrary to the record and do not warrant denying Defendant's motion to dismiss.

2532868.1

Specifically, Plaintiff alleges that Defendant's responses to Plaintiff's First Request for Production and First and Second Set of Interrogatories are outstanding. However, on January 25, 2022, Defendant served his responses to these discovery demands. See Exhibit P. On February 1, 2022, Defendant again advised Plaintiff's counsel that responses to Plaintiff's First Request for Production and First and Second Set of Interrogatories were previously provided. See Exhibit R. In that same letter, Defendant also addressed the alleged deficiencies in his response to Plaintiff's First Discovery Demand and provided supplemental responses. Id. These documents were also annexed to Defendant's Declaration in Support of the instant motion. Plaintiff additionally alleges that Defendant's expert disclosure has not been served. This allegation is patently false. As demonstrated by Exhibit R, Plaintiff was provided Defendant's Expert Report on February 2, 2022.

The false statements made by Plaintiff's counsel in her opposition papers regarding her alleged non-receipt of Defendant's responses further evinces that she is unable and unwilling to engage in good faith discovery exchanges. Lesser sanctions are unlikely to prompt Plaintiff to meaningfully participate in the discovery process and provide the Court ordered discovery. Plaintiff has also not disputed that Defendant is entitled to reasonable attorney fees and costs for making this motion. As such, Plaintiff's case should be dismissed with prejudice, and Dr. Kim should be awarded the reasonable costs and attorney fees associated with making this motion. See Kaur v. Royal Arcadia Palace, Inc., No. 05-CV-4725, 2007 U.S. Dist. LEXIS 88574, 2007 WL 4276837, at *2-3 (E.D.N.Y. 2007) (adopting magistrate judge's recommendation to dismiss plaintiff's claims with prejudice pursuant to FRCP 41(b) for failure to abide by court orders).

## CONCLUSION

For the reasons outlined above, Defendant respectfully requests that the Court grant his Motion to Dismiss based on plaintiff's willful refusal to comply with discovery demands and

Court Orders.  Lastly, reasonable attorney's fees and costs associated with making this Motion are requested as Defendant attempted in good-faith to resolve these issues prior to making the motion.

Dated: White Plains, New York
       March 4, 2022

_____
Bianca M. Van Deusen (BVD 7066)

2532868.1