UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
MINHYE PARK,

                Plaintiff,

    -against-

DAVID DENNIS KIM, M.D.,

                Defendant.
----------------------------------------------------------------------X

Index No.: 1:20-cv-02636

# MEMORANDUM OF LAW IN SUPPORT OF DAVID DENNIS KIM, M.D.'s MOTION TO COMPEL

**HEIDELL, PITTONI, MURPHY & BACH, LLP**
81 Main Street
White Plains, New York 10601
T: (914) 559-3100
F: (914) 949-1160
agil@hpmb.com

On the Memorandum:
**Alejandra R. Gil, Esq.**

**Attorneys for Defendant David Dennis Kim, M.D.**

2519678.1

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................................... ii

**PRELIMINARY STATEMENT** ............................................................................................. 1

**FACTUAL AND PROCEDURAL BACKGROUND** ............................................................. 3

**ARGUMENT** ............................................................................................................................ 9

**CONCLUSION** ...................................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298 (2d Cir. 2009) ............................................... 11

*Balk v. New York Inst. Of Tech.,* 974 F. Supp. 2d 147 (E.D.N.Y. 2013) ......................................... 9

*Buckingham v. Lewis Gen. Tires, Inc.*, 809 Fed. Appx. 34, 2020 U.S. App. LEXIS 14315 (2d Cir. 2020) .................................................................................................................................... 11

*Carr v. State Farm Mut. Auto. Ins.*, 2015 U.S. Dist. LEXIS 163444 (N.D. Tex. Dec. 7, 2015) .. 10

*Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357 (2d Cir 1991) ....................................... 10

*Farmer v. Hyde Your Eyes Optical, Inc.*, 2015 U.S. Dist. LEXIS 62904 (S.D.N.Y 2015) .......... 12

*Fox v. Cheminova,* 2006 U.S. Dist. LEXIS 11463 (E.D.N.Y. March 1, 2006) ............................ 10

*Griggs v. Weiner*, 2015 U.S. Dist. LEXIS 145030 (E.D.N.Y 2015) ............................................ 10

*Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 Fed. Appx. 354, 2020 U.S. App. LEXIS 32124 (2d Cir. 2020) .................................................................................................................. 10

*Kelly v. Times/Review Newspapers Corp.*, 2016 U.S. Dist. LEXIS 65579 (E.D.N.Y 2016) ....... 10

*Luo v. Panarium Kissena Inc.*, 2019 U.S. Dist. LEXIS 107925 (E.D.N.Y. 2019) ....................... 12

*Luo v. Panarium Kissena Inc.*, 2019 U.S. Dist. LEXIS 14187 (E.D.N.Y. 2019) ......................... 12

*Teller v. Helbrans*, 2019 U.S. Dist. LEXIS 194025 (E.D.N.Y. 2019) ......................................... 11

**Rules**

Fed. R. Civ. P. 37(b)(2)(A)(v) .................................................................................................... 10

**PRELIMINARY STATEMENT**

Defendant David Dennis Kim, M.D., respectfully submits this memorandum of law in support of his motion pursuant to Rule 37(b)(2)(A)(v) and Rule 41(b) of the Federal Rules of Civil Procedure for an Order dismissing plaintiff's action for failure to comply with court orders to produce discovery.

This is a medical malpractice action in which Plaintiff claims that Dr. Kim negligently performed an abortion in November of 2017. Exh. A at ¶¶ 1, 16. Plaintiff further alleges that the procedure was performed without her informed consent and alleges that after the procedure, she suffered physical injuries, emotional distress, and was unable to work. Id. at ¶ 30-33. This motion to dismiss is necessary because Plaintiff has failed to produce basic document discovery or, complete interrogatory responses relevant to the claims made in this case, despite court orders compelling such production.

Plaintiff is a resident of South Korea. Id. at ¶ 5. As such, all of her relevant prior and subsequent treatment records are located in South Korea. Prior to the treatment at issue, Plaintiff underwent two abortions in South Korea.[1] Our firm has been unable to obtain these relevant prior records because Plaintiff failed to produce medical authorizations for these records and, failed to produce actual copies of the records, too.

Plaintiff's counsel has suggested that these records cannot be obtained because her client does not recall the names of the providers who performed these services. Plaintiff provided Defendant with an authorization for the collateral source records, but the South-Korean based insurer has ignored and refused to respond to our firm's request for records for several months. Defendant then served a demand for a copy of Plaintiff's collateral source records because the

---

[1] Although plaintiff testified that she only had one prior abortion, her medical records indicate that she had two.

1

insurance records could reveal the identities of the providers who performed her prior abortions, as well as the identities of other relevant treating physicians who may have information pertinent to Plaintiff's gynecologic history and the injuries alleged in this case. Instead of furnishing the records, Plaintiff objected to the production of a copy of the collateral source records as irrelevant. Plaintiff then provided an authorization, but it was defective. When we followed up with plaintiff, she stated that "Plaintiff is not working for defendant." Upon information and belief, Plaintiff has not made any good faith effort to obtain either her prior abortion records or insurance records.

In addition to the issues above, with respect to document discovery, Plaintiff refused to provide records supporting her claims for lost earnings, complete medical records regarding all injuries alleged in the Complaint, and refuses to provide proper responses to some of the interrogatories served. Plaintiff produced photographs and then failed to respond to Defendant's demand for information regarding these photographs, such as the dates each photo was taken and its metadata.

In addition to the above, Plaintiff has produced incomplete expert discovery, despite the fact that this action involves allegations of medical malpractice. We wrote to plaintiff outlining the deficiencies in her expert disclosure, but to date, she has not remedied these deficiencies.

On July 29, 2021, defendant moved to compel the outstanding discovery. By order dated August 11, 2021, the motion was granted. Despite this court order, plaintiff failed to fully respond to Defendant's demands. On September 16, 2021, Defendant filed a letter requesting leave to file a motion to dismiss based on plaintiff's failure to provide outstanding discovery. By order dated November 29, 2021, plaintiff was directed to comply with defendant's discovery demands by January 14, 2022. In a subsequent order dated January 13, 2022, the deadline for

discovery was extended to January 28, 2022 and a briefing schedule was issued for a motion to dismiss in the event that plaintiff failed to comply with prior court orders. To date, several items of discovery remain outstanding.

Defendant has exhausted good faith efforts to resolve these issues with Plaintiff's counsel. This motion to dismiss is necessary because Plaintiff failed to provide basic discovery, as required by Rule 26 and Rule 37 of the Federal Rules of Civil Procedure, and in violation of several court orders, and has failed to articulate any good faith objections warranting her refusal to provide necessary discovery that is essential to Dr. Kim's defense. Plaintiff's actions are hindering discovery in this case and are prejudicial to the defense. Defendant respectfully requests that the Court issue an order dismissing, with prejudice, plaintiff's complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, who was visiting the United States from South Korea, sought treatment from Dr. Kim for abortion services. Exh. A at ¶ 1. More specifically, at 5-weeks of pregnancy, she consulted with him twice before deciding to undergo a surgical abortion on November 27, 2017. Id. at ¶¶ 1, 14. The abortion was performed at a nonparty medical facility located in Queens, New York. Plaintiff had one post-procedure appointment with Dr. Kim and thereafter, upon information and belief, Plaintiff returned to South Korea. Id. at ¶¶ 1, 18. She then instituted this action on June 13, 2020. See Case 1:20-cv-02636-PKC-LB, ECF No. 1, Filed 06/13/2020.

In the Complaint, Plaintiff claims that Dr. Kim was negligent in performing the abortion, because he failed to completely remove all products of conception. Exh. A at ¶¶ 16-20. She further alleges that Dr. Kim failed to inform her that the abortion was unsuccessful, despite clear and contemporaneous documentation by Dr. Kim to the contrary. See Exh. A at ¶ 18 and Exh. J at 30-32. Plaintiff is seeking damages for loss of earnings, past and future pain and

3

suffering, and the need to undergo a second procedure to remove the retained products of conception. See Exh. A.

Dr. Kim Answered the Complaint on October 22, 2020. See Exh. B. An Initial Scheduling Conference was held in this case on November 12, 2020. See Case 1:20-cv-02636-PKC-LB, Scheduling Order, Filed & Entered 11/12/2020. However, due to Plaintiff's failure to follow prior Court orders regarding service of the Summons and Complaint, the Court declined to set complete discovery deadlines at that time, and Plaintiff's counsel was instructed to re-serve the Defendant. Id. At the next conference on December 22, 2020, all discovery was ordered to be complete by June 15, 2021. Case 1:20-cv-02636-PKC-LB, Scheduling Order, Filed & Entered 12/22/2020.

On November 19, 2020, Defendant's First Set of Interrogatories and First Demand for Production of Documents were served on Plaintiff. See Exhibit C. Plaintiff did not serve a response to Defendant's First Set of Interrogatories or her Initial Rule 26 Disclosures until January 18, 2021. See Exhibit D. The Rule 26 Disclosures and response to Dr. Kim's Interrogatories were deficient. To date, Plaintiff has not provided any response to Defendant's First Demand for Production of Documents.

On February 8, 2021, our firm sent a detailed letter to Plaintiff's counsel identifying the deficient responses. See Exhibit E. Specifically, some of Plaintiff's interrogatory responses were wholly non-responsive to the numbered interrogatory or failed to provide complete information. For example, when asked to identify witnesses to the events described in the Complaint, Plaintiff responded that her "family members" were witnesses but then failed to provide any identifying information regarding these family members, such as their names or addresses. See Exhibit D.

Additionally, Plaintiff disclosed four photos to our firm via email. However, she failed to provide any metadata for the photos or even a description of when each photo was taken, where each photo was taken, and what each photo purported to show. This information was specifically demanded in Defendant's Interrogatory #13 and requested again in the letter dated February 8, 2021.

Over the ensuing months, our office made additional good faith demands for the outstanding discovery. Plaintiff's counsel was served with another letter requesting responses to outstanding discovery on March 9, 2021. See Exhibit F. However, no response was received. Defendant served another letter on Plaintiff's counsel requesting the outstanding discovery on April 29, 2021. See Exhibit G. Again, Plaintiff did not respond. Defendant served a Second Demand for Production of Documents on May 24, 2021. See Exhibit H. No response was received.

Despite our diligent efforts, our office was unable to obtain all necessary discovery by June 15, 2021. The parties jointly requested an extension of time to complete fact discovery at that time, upon the information and belief that Plaintiff's counsel would continue to cooperate with discovery in good faith and required more time to produce all the discovery owed to Defendant. See Case 1:20-cv-02636-PKC-LB, ECF No. 14, Filed 06/01/2021. On June 2, 2021, Magistrate Judge Lois Bloom extended the time to complete discovery to September 30, 2021. See Case 1:20-cv-02636-PKC-LB, Order on Motion for Extension of Time to Complete Discovery, Filed 06/02/2021.

Our firm called Plaintiff's counsel five times in June 2021 to discuss the extensive discovery Plaintiff still owed. Plaintiff's counsel did not return our calls but, on occasion, sent email responses without any further discovery attached. Another good faith letter was sent on June 21, 2021. See Exhibit I. Finally, our office was able to arrange a telephone call with Plaintiff's

counsel on July 7, 2021. During the phone conference, Ms. Lee stated that Plaintiff satisfied her discovery obligations and that she would not produce any additional documents or supplemental responses to Defendant's demands and interrogatories.

During this call, Plaintiff's counsel suggested that Defendant Dr. Kim owed discovery to her firm in the form of a response to a document titled "Plaintiff's First Request for Admission." This document was served on February 9, 2021. See Exhibit K. On March 9, 2021, our office advised Plaintiff's counsel by letter that the document could not be responded to in its current form because the document was confusingly drafted and unclear as to what it sought. See Exhibit L. The document was titled "Plaintiff's First Request for Admission," but the document instructions actually demanded production of discovery, "produce within twenty days as follows…" See Exhibit K. This instruction was then immediately followed by the title "Interrogatories." Our office did not receive a response to the March 9th letter, and Plaintiff did not serve any supplemental discovery demands. Many of the items of discovery described in the demand are identical to a prior demand served by Plaintiff earlier in this action and responded to by Defendant. When plaintiff's counsel raised this issue for a second time, our office responded again by email dated June 21, 2021, and advised Plaintiff that the document could not be responded to in its current form due to the noted issues in our letter dated March 9, 2021.

Plaintiff's counsel stated that she had not been provided a copy of Dr. Kim's medical chart or the Queens Surgical Care Center Records. However, Plaintiff's counsel was previously provided a copy of Dr. Kim's records on February 10, 2021.[2] See Exhibit J and M. Notably, our office has no control over Queens Surgical Center, which is not a party to this case and a wholly separate entity from Dr. Kim. Notwithstanding, we provided a courtesy copy of the

---

[2] The receipt of the medical records by plaintiff's counsel from Dr. Kim was delayed by her failure to provide a duly executed HIPAA authorization permitting the release of Ms. Park's records to her attorney.

6

record we obtained from this nonparty entity to Plaintiff's counsel. Based on the foregoing, defendant Dr. Kim does not owe any discovery in this case.

In May of 2021, Defendant supplemented his Initial Rule 26 Disclosures to include expert witness disclosure. Plaintiff has still not provided any supplemental response to her Initial Rule 26 Disclosures, which were deficient due to her failure to include any computation of damages as required by section (a)(1)(A)(iii) of Rule 26 of the Federal Rules of Civil Procedure and she has not provided any expert witness information, either.

On July 29, 2021, defendant moved to compel the outstanding discovery outlined above. Case 1:20-cv-02636-PKC-LB, Motion to Compel, PACER Docs. 16-17. By order dated August 11, 2021, the motion was granted and plaintiff was ordered to provide discovery by September 10, 2021. Case 1:20-cv-02636-PKC-LB, Order, Filed & Entered 8/11/2022.

On September 14, 2021, plaintiff served an expert disclosure for Dr. John M. Garofalo. See Exh. N. The report did not comply with the requirements of Rule 26(a)(2)(B). Therefore, on September 17, 2021, we wrote to plaintiff and requested supplementation of the report. We also reminded plaintiff's counsel that several items of discovery that she was ordered to produce remained outstanding. See Exh. O. Despite this Court's August 11, 2021 order, plaintiff failed to fully respond to Defendant's demands.

On September 16, 2021, Defendant filed a letter requesting leave to file a motion to dismiss based on plaintiff's failure to provide outstanding discovery. Case 1:20-cv-02636-PKC-LB, PACER Doc. 15. On September 18, 2021, plaintiff moved for a protective order, Case 1:20-cv-02636-PKC-LB, PACER Doc. 24, and on September 22, 2021, she moved for sanctions. Case 1:20-cv-02636-PKC-LB, PACER Doc. 25. On September 27, 2021, this Court scheduled a

telephone conference to be held on October 6, 2021. On September 28, 2021, plaintiff filed a Notice of Appeal, which stayed discovery. Case 1:20-cv-02636-PKC-LB, PACER Doc. 28.

On November 24, 2021, by Mandate of the United States Court of Appeals, plaintiff's appeal was dismissed effective October 29, 2021. Case 1:20-cv-02636-PKC-LB, PACER Doc. 30. By order dated November 29, 2021, the stay was lifted and plaintiff was directed to comply with defendant's discovery demands by January 14, 2022. Magistrate Judge Lois Bloom specifically stated that this was plaintiff's "last chance" to comply with the prior Orders to produce discovery. Case 1:20-cv-02636-PKC-LB, Order, Filed & Entered 11/29/2021. In a subsequent order dated January 13, 2022, the deadline for discovery was extended to January 28, 2022, and a briefing schedule was issued for a motion to dismiss in the event that plaintiff failed to comply with prior court orders. Case 1:20-cv-02636-PKC-LB, Order, Filed & Entered 1/13/2022.

Plaintiff's deposition was completed over two sessions on January 5th and 6th of 2022, and Dr. Kim's deposition was completed on January 28, 2022. Defense counsel agreed to proceed with plaintiff's deposition despite the fact that discovery still remained outstanding. Defense counsel reserved their right to a further deposition of plaintiff upon receipt of complete discovery demands.

On January 25th, Defendant served responses to plaintiff's 1st Request for Production and 1st and 2nd Sets of Interrogatories. See Exh. P. On January 28th, Plaintiff served a letter of deficiencies and provided the same previously disclosed expert report, without correcting the deficiencies, a copy of an airline ticket for travel on November 14th, and an authorization for National Health Insurance. See Exh. Q. Significantly, the authorization for National Health Insurance appears to be identical to the one that was previously provided and could not be

8

processed by Defendant. On February 1, 2022, Defendant responded to Plaintiff's deficiency letter and provided an expert disclosure. See Exh. R.

To date, the following discovery is owed by Plaintiff:

- Response to Defendant's First Demand for the Production of Documents; (Exhibit C).
- Supplemental Response to Defendant's First Set of Interrogatories (Exhibit C), as detailed in Defendant's good faith letters (Exhibit E);
- Response to Defendant's Second Demand for Production of Documents (this Demand included a request for Plaintiff's collateral source records and employment records) (Exhibit H);
- Response to demand for metadata and other information regarding the photographs Plaintiff disclosed (Exhibit C and E);
- Copies of all medical records pertaining to Plaintiff's prior abortions and subsequent medical treatment documenting the injuries alleged in the Complaint (Exhibit C); and
- Complete Rule 26 Disclosures, specifically including expert disclosure and a computation of damages as required by 26(a)(1)(A)(iii) (Exhibit D).

## ARGUMENT

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, a party is permitted to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Relevance under Rule 26 has been broadly construed. Balk v. New York Inst. Of Tech., 974 F. Supp. 2d 147, 154 (E.D.N.Y. 2013). It encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." Id.

All of Dr. Kim's discovery requests relate to the allegations and injuries contained within Plaintiff's Complaint. This information is clearly relevant and necessary to Defendant's

9

defense to Plaintiff's claims. See Kelly v. Times/Review Newspapers Corp., 2016 U.S. Dist. LEXIS 65579, *3 (E.D.N.Y 2016) (noting that disclosure of medical records is warranted where plaintiff has put his medical condition at issue); Griggs v. Weiner, 2015 U.S. Dist. LEXIS 145030, *7 (E.D.N.Y 2015) (holding that medical record disclosure is appropriate in cases where the plaintiff has put her medical condition at issue); Fox v. Cheminova, 2006 U.S. Dist. LEXIS 11463, at *25-26 (E.D.N.Y. March 1, 2006) (granting defendants' motion to compel discovery responses concerning damages because such discovery was relevant to their defense); see also Carr v. State Farm Mut. Auto. Ins., 2015 U.S. Dist. LEXIS 163444, at *26 (N.D. Tex. Dec. 7, 2015). Plaintiff's failure to provide this information is prejudicial to Dr. Kim and completely inhibits his ability to properly prepare a defense. Moreover, the delay in failing to produce records can result in permanent harm as the records pertaining to her relevant prior or subsequent treatment may not be available anymore. Of note, the treatment at issue occurred four years ago and but for the tolling in place due to the Covid-19 pandemic, Plaintiff's lawsuit would not have been timely. By waiting to file a lawsuit and then delaying production of discovery, Plaintiff is prejudicing the Defendant from being able to obtain all the necessary records to examine Plaintiff's allegations and cross-examine her as to the claims made in this case.

When a party fails to comply with a discovery demand, Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure permits the Court to order sanctions for a party's failure to comply with discovery orders. See Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 1363 (2d Cir 1991). Permissible sanctions for failure to abide by court orders or permit discovery include the award of attorney's fees and dismissal of the action with prejudice. See Fed. R. Civ. P. 37(b)(2)(A)(v); Heendeniya v. St. Joseph's Hosp. Health Ctr., 830 Fed. Appx. 354, 2020 U.S. App. LEXIS 32124, 2020 WL 5988525 (2d Cir. 2020); Buckingham v. Lewis Gen. Tires, Inc., 809 Fed.

Appx. 34, 2020 U.S. App. LEXIS 14315, 2020 WL 2146966 (2d Cir. 2020); Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009); Teller v. Helbrans, 2019 U.S. Dist. LEXIS 194025, 2019 WL 5842649 (E.D.N.Y. 2019).

When considering whether dismissal is warranted, the court should consider four factors: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." Agiwal, 555 F.3d at 302.

In the instant matter, willfulness can be gleaned from plaintiff's repeated failure to comply with this Court's orders, and her failure to respond to defendant's good faith efforts to obtain the outstanding discovery. Furthermore, the procedural posture of this case, specifically plaintiff's appeal of this Court's order to compel and her motion for sanctions based on defendant's prior motion to dismiss, are further proof of her willfulness and the futility of a lesser sanction. Also, plaintiff has been noncompliant for over a year, since the outset of the litigation, and has given no reasonable excuse for her failure to comply with discovery orders and demands. Finally, plaintiff cannot in good faith claim that she is not on notice of the possibility of dismissal. This is defendant's third motion to this Court addressing plaintiff's willful failure to comply with her discovery obligations, and this Court cautioned her, without any ambiguity, that she faced dismissal of her complaint if she did not provide discovery. See Case 1:20-cv-02636-PKC-LB, Order, Filed & Entered 11/29/2021.

In compliance with Rule 37(a), Defendant has made numerous good faith attempts, as delineated above and in the attached Rule 37 Certification, to obtain the requested and outstanding discovery. Plaintiff has nonetheless refused to provide the outstanding discovery and

11

has not offered any reason justifying her failure, and now refusal, to do so. In failing to provide the outstanding discovery, Plaintiff has also failed to abide by this Court's numerous discovery orders. As such, Defendant respectfully requests that plaintiff's complaint be dismissed in its entirety, with prejudice.

Defendant also respectfully requests that he be awarded attorney's fees and costs for making this motion pursuant to Rule 37 of the Federal Rules of Civil Procedure. See Luo v. Panarium Kissena Inc., 2019 U.S. Dist. LEXIS 14187, *18 (E.D.N.Y. 2019) (recommending that the action be dismissed with prejudice where plaintiffs were non-responsive, failed to provide discovery, and otherwise failed to abide by court orders), adopted by Luo v. Panarium Kissena Inc., 2019 U.S. Dist. LEXIS 107925, *2, (E.D.N.Y. 2019); Farmer v. Hyde Your Eyes Optical, Inc., 2015 U.S. Dist. LEXIS 62904, *29 (S.D.N.Y 2015) (assessing monetary sanctions against plaintiff where he refused to provide discovery and comply with court orders, including the production of medical records and releases).

## CONCLUSION

For the reasons outlined above, Defendant respectfully requests that the Court grant his Motion to Dismiss based on plaintiff's willful refusal to comply with discovery demands and Court Orders. Lastly, reasonable attorney's fees and costs associated with making this Motion are requested as Defendant attempted in good-faith to resolve these issues prior to making the motion.

Dated: White Plains, New York
February 4, 2022

Alejandra R. Gil  (AG 7582)

# Velazquez, Bernice

| | |
|---|---|
| **From:** | Velazquez, Bernice |
| **Sent:** | Friday, February 4, 2022 2:27 PM |
| **To:** | 'jae@lawjsl.com' |
| **Cc:** | Gil, Alejandra R. |
| **Subject:** | Minhye Park v. David Dennis Kim, M.D.; Our File No.:  778-1018; Motion to Dismiss |
| **Attachments:** | Park- Notice of Motion.pdf; Park- Declaration in Support of Motion to Dismiss.pdf; Park- Memo of Law for Motion to Dismiss.pdf; Park- Rule 37 Certification.pdf; Park - Exhibit N -Plaintiff's Expert Report.PDF; PARK -Exhibit O - Defendant's Letter to Plaintiff dated September 17, 2021.PDF; PARK - Exhibit P - Defendant's Responses to Plaintiff's Interrogatories and Demand for Production of Documents.PDF; Park- Exhibit Q - Plaintiff's Letter to Defendant dated January 28, 2022, regarding deficiencies.pdf; PARK - Exhibit R - Defendant's Letter to Plaintiff dated February 1, 2022, responding to deficiency letter and Defendant's Expert Report.PDF |

On behalf of attorney, Alejandra R. Gil, Esq., attached please find the attached as it pertains to the above-referenced matter:

1. Notice of Motion;
2. Declaration in Support of Motion to Dismiss (with Exhibits:  N, O, P, Q, and R);
3. Memo of Law for Motion to Dismiss; and
4. Rule 37 Certification.

Thank you.


Bernice Velazquez
Legal Secretary
Heidell, Pittoni, Murphy & Bach, LLP
81 Main Street
White Plains, NY 10601
Tel:  (914) 559 - 3100
Fax: (914) 949 - 1160
www.hpmb.com



1