UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MINHYE PARK,

                Plaintiff,              Case No. 1:20-cv-02636

      -against-


DAVID DENNIS KIM, M.D.

                Defendants
-----------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Dated: Uniondale, New York
       March 14, 2022

                                        **JSL LAW OFFICES, P.C.**
                                        Jae S. Lee
                                        626 RXR Plaza
                                        Uniondale, NY 11556
                                        Telephone: (718) 461-8000
                                        Facsimile: (866) 449-8003
                                        Email: jae@lawjsl.com

                                        *Attorneys for Plaintiff*

**PROCEDURAL HISTORY**

This matter alleges medical malpractice. It is undisputed that the Plaintiff was a patient of the Defendant, Dr. David Kim, and that the Plaintiff underwent an abortion procedure performed by the Defendant. Plaintiff subsequently learned that the abortion procedure did not, in fact, terminate the pregnancy. As a result, Plaintiff was required to undergo a second procedure after she had traveled from the United States to Korea. Plaintiff alleges that as a direct and proximate result of the defendant's acts and/or omissions the Plaintiff suffered harm.. Plaintiff filed the instant action against Defendant on or about June 12, 2020, and discovery in this matter, including but not limited to an expert report produced by the Plaintiff, clearly set forth that Defendant violated the standards of care expected of him in his profession. Defendant now seeks dismissal of this action for alleged discovery deficiencies of the Plaintiff. Plaintiff requests that the Court deny this motion for the herein stated reasons.

**LEGAL STANDARD**

    **1. STRIKING PLEADINGS**

Pursuant to *Fed. R. Civ. P.* 12(f), Plaintiff seeks to strike the pleadings of the Motion to Dismiss for discovery non-compline. Plaintiff complied with the discovery Order, but the Defendant failed to comply with the Order dated January 13, 2022. Defendant's motion to dismiss is immaterial and must be stricken.

    **2. DISCOVERY VIOLATIONS ARE NON-DISPOSITIVE UNLESS IT DISPOSES OF A CLAIM**

Alternatively, *Shanghai Weiyi* specifically states discovery violations are normally non-dispositive, unless said violations clearly dispose of a claim. *See Shanghai Weiyi Int'l Trade Co.*

*v. Focus 2000 Corp.,* 2017 U.S. Dist. LEXIS 102304, at *27. (*"*An order precluding the introduction of certain evidence or barring certain contentions "may also be properly characterized as non-dispositive . . . [a]s long as the order does not wholly dispose of a party's claim or defense."(citing *Seena Int'l Inc.,* 2016 U.S. Dist. LEXIS 64850, 2016 WL 2865350, at *10).

Further discovery misconduct was non-dispositive. *See id* ***28** (citing *Magee v. Paul Revere Life Ins,* 178 F.R.D. 33, 37 (E.D.N.Y. 1998) (magistrate judge's order precluding expert witness testimony as a ***sanction*** for plaintiff's ***discovery*** misconduct was non-dispositive)

### 3. Fed. R. Civ. P. 37

The Second Circuit has stated that there are four factors that the court should consider in determining whether a dismissal under Fed. R. Civ. P. 37 is warranted: "(1) the willfulness of the non-complaining party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the noncompliant party had been warned of the consequences of …noncompliance." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 ( 2d Cir. 2009) " These factors are not exclusive, and they need not each be resolved against the noncompliant party, for dismissal to be appropriate…: ultimately, the court must conclude under all of the circumstances whether dismissal would be just." *Lopa v. Safeguard Properties Mgmt., LLC*, No. 14-cv-3198, 2018 WL3104456, at * ( E.D.N.Y. June 18, 2018), and report and recommendation adopted, No.14-cv-319, 2018 WL 3094940 ( E.D.N.Y. June 22, 2018)

Applying the standards above, dismissal is inappropriate in the instant case for the reasons detailed below .

**ARGUMENT**

## A. <u>DEFICIENTIES IN DEFENDANT'S DOCUMENT PRODUCTION , NOT IN PLAINTIFF'S</u>

*PLAINTIFF HAS COMPLIED WITH THE COURT ORDER ON JANUARY 13, 2022*

Plaintiff's deposition was completed on January 5, 2022 & January 6, 2022. Defendant's deposition was completed on January 25, 2022. Plaintiff indeed complied with this Court's Minute order dated January 13, 2022. The Order compelled the production of specific discovery based on the Court's Minute Order dated August 11, 2021. **EXHIBIT A (Orders 1/13/2022 & 8/11/2021**

The Court's Minute's Order dated January 13, 2022, required production of "records regarding [plaintiff's] lost earnings; the names of her experts and their expert reports; and authorizations for collateral source insurance records from 2010 through the present.") *Id*

Plaintiff provided authorization for collateral source insurance records from 2020 to the present on August 24, 2021 and resent the same on January 28, 2022. EXHIBIT B (HIPAA Authorization sent 8/12/2021), EXHIBIT C( email letter: 8/24/2021) & EXHIBIT D ( email letter:1/28/2022)

Plaintiff provided her expert report on September 12, 2021, and resent the same on January 28, 2022, that included the name of the expert, the expert's specialties, and the expert's experience. EXHIBIT E (Expert Report) & EXHIBIT F (email letter to Def: 1/28/2022) The Defendant improperly tried to force Plaintiff to get the records of an abortion on Plaintiff in S. Korea 10 years ago for Defendant. Plaintiff has no custody of the medical records. Nor does the Plaintiff have reasonable access to the records. Plaintiff has already served the authorizations to Defendant and thus has fulfilled, fully, her obligations. As for the loss of earnings, on August 11,

2021, the Hon. Magistrate Judge Bloom ordered that the Plaintiff provide records regarding her lost earnings. Plaintiff worked 3-4 days a week prior to the incident occurred on November 27, 2017. EXHIBIT G (Plaintiff EBT Tran. P.15, lines 8-10)  Plaintiff was unable to work for two (2) years after the incident on November 27, 20177. *See* Exhibit G ( P.16, lines 2-3). Plaintiff stated in a letter motion dated August 10, 2021, that when an injured worker does not have wage records for the prior year, the injured worker may be compensated as a minimum wage worker under the New York Worker's Compensation Act. EXHIBIT H (court conference transcript 8/11/2021, page 22, lines14-18.)  The Court's Minute's Order dated January 13, 2022, clearly stated the condition to file a motion to dismiss, "**If plaintiff fails to produce the outstanding discovery by January 28, 2022**". *See* Exhibit A As set forth above, Plaintiff complied with the court Order dated January 13, 2022, in a timely manner.  Plaintiff has not willfully failed to comply with the Order.

**DEFENDANT FAILED TO COMPLY WITH THE JANUARY 13, 2022, ORDER**

Defendant failed to comply with the Order dated January 13, 2022, which Ordered " **The parties complete all discovery by January 28, 2022".** *See* Exhibit A Plaintiff served discovery demands to Defendant as follows: Plaintiff's first set of interrogatories is dated February 9, 2021, Plaintiff's Second  set of interrogatories is dated December 13, 2021,  and  Defendant's discovery deficiencies were addressed in a good faith letter to Defendant's counsel dated January 28, 2022.

The missing items of discovery include the following:

- Expert reports and documentation from experts consulted by Defendant in accordance with Plaintiff's demand nos. 1, 9j, 9k, and 9p. Defendant has represented that it consulted with an expert in this matter, contrary to inconsistent discovery responses it has given, and in a letter dated February 1, 2022 (copy attached) Defendant stated he would provide expert disclosure under separate cover, but he has failed to do so.

- Any other information pertaining to Plaintiff's claims or Defendant's defenses pursuant to demand no. 9c. Respectfully, this is a demand designed to reach any such materials withheld from Plaintiff on the basis of an unsubstantiated claim of "privilege" or other objections interposed by Defendant, including the many objections contained in Defendant's January 25, 2022, Response to Plaintiff's Second Set of Interrogatories. The Federal Rules of Civil Procedure grant parties in lawsuits broad rights to discovery, and Defendant should produce any other relevant materials in his possession or state that there are none. See *King v. Ortiz*, 17 CV 7507 (EDNY May 2, 2019)

- Information on other malpractice claims besides the Plaintiff's pursuant to demand nos. 9h and 9i. Defendant has objected to the said demand on the basis that this information is a matter of public record, but this is not a valid ground to refuse to produce this information. See, e.g., *Ferdman v. CBS Interactive Inc.*, 342 F. Supp3d 515, 526-529 (SDNY 2018) (a party failed to produce documents in his possession relating to a copyright registration except to state that the opposing party could have obtained the records from the U.S. Copyright Office).

- Information as to hospitals where Defendant Kim had privileges in the past 10 years and any such hospitals where Defendant Kim's privileges were revoked, pursuant to demand 9w. Defendant has objected to this demand on the bases of New York Education Law sec. 6527, and Public Health Law sec. 2805. Although these statutes provide for the confidentiality/non-disclosure of certain records, neither precludes disclosure of the names of hospitals where a physician had and/or lost privileges.

- Rule 26(a)(1), mandates that a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705. Plaintiff demanded the aforesaid information about witnesses from Defendant both through a request for Admissions and a set of Interrogatories sent pursuant to Rules 33 & 36 on February 9, 2021. In addition, Plaintiff sent several good faith letters, including the dates of July 6, 2021, and August 11, 2021, asking for responses to the Admissions and Interrogatories and to date no response has been issued.

As such, Defendant's motion to dismiss should be stricken and denied in its entirety.

### B. THE COURT HAS NEVER DISPOSED OF A CLAIM OF THE PLAINTIFF, RATHER PLAINTIFF'S CLAIMS HAVE ALREADY BEEN ESTABLISHED

*1. The claim that the Defendant's failure to terminate plaintiff's pregnancy was fully established as follows:*

Plaintiff's first claim was Defendant's failure to properly terminate the plaintiff's pregnancy. Compl. ¶¶ 30-33. ECF No.1   On December 13, 2017, Defendant Dr. Kim admitted his failure to terminate Plaintiff's pregnancy by stating he found that Plaintiff was recalled to

review the results of the termination of pregnancy on November 27, 2017.  Defendant  explained to the Plaintiff that the pregnancy was still present. **EXHIBIT I** ( Defendant Dr. Kim's note, page 31 ; Def EBT Trans. At 52, lines 2-11)

In addition to the evidence provided by the Defendant himself, there were two physicians in South Korea who examined the Plaintiff, using among other things  ultrasound,  and etermined that the damaged fetus was still alive in Plaintiff's womb. Contrary to the Defendant's argument otherwise, Plaintiff has provided all medical records to Defendant. **EXHIBIT J** (MED REC_ROSEMOM BOGY CLINIC); **EXHIBIT K** (MED REC_MIRAE Obstetrics and gynecology_12.19.2017)

2. *The plaintiff's second cause of action was lack of informed consent.*

The export report revealed that Defendant deviated from the standard of care for his profession and  that the defendant failed to inform the plaintiff of the differential risk of failed suction curettage from 5 weeks to 7 weeks. If the Defendant had properly told the Plaintiff  of the increased risk of failure, the Plaintiff would likely have deferred the procedure for 1-2 weeks. *See* Exhibit E The  Defendant also failed to examine the aspirated tissue prior to the Plaintiff's departure from the facility. Had the tissue  been examined,  the patient could have been offered a repeat suction curettage at that time or additional testing to rule out any possibility of continued pregnancy. *See* Exhibit E ; *see* also Exhibit G ( p.69, lines 19-22)

Regarding the alleged forged signature of the Plaintiff on the consent form, Plaintiff can't speak English or understand spoken English.  *See* Exhibit G (p.11, lines 4-9)

On November 16, 2017, Plaintiff signed a patient information sheet when an interpreter of the Defendant's staff translated said sheet into Korean and explained every single word and everything was written out in Korean. EXHIBIT L ( P signed consent form only in Korean &

English on 11/16/2016)  Defendant testified the alleged "consent form" was written in English only. EXHIBIT M ( Def EBT trans. p 33, lines 9-11. Plaintiff testified she can't speak English or understand written English and on November 27, 2017, no one spoke Korean at the surgical center and Plaintiff communicate with Defendant by hand gesture. *See* Exhibit G (p 7, lines 15-22 )   Plaintiff also testified under oath that she had not signed any papers on November 27, 2019.

Furthermore, assuming for the sake of argument the Plaintiff did sign the consent form written in a language she cannot read, the consent form does not include any language indicating that the Plaintiff consented to the risk that the Defendant may fail to properly remove the fetus. No such risk was listed at all. The Defendant testified that he advised the Plaintiff that the risks of abortions were pain, bleeding, and infection. *See* Exhibit M (p. 18, lines 5-7   He did not ever state to the Plaintiff that there was any risk that he would fail to remove the fetus. *See* Exhibit G (p.43, lines 20-24)

 Therefore, there was no valid informed consent for possible failure to remove the fetus; nor could there ever be consent given to a non-explained risk. All other claims of Plaintiff have been clearly established.

Plaintiff's claims have been concretely established and none of the Plaintiff's claims have been disposed of at any point.  Therefore, Defendant's motion to dismiss based on the discovery non-compliance must be stricken and denied in its entirety.

### C.  NO SANCTIONS WERE IMPOSED ON PLAINTIFF

No sanctions were imposed on Plaintiff and rather on September_22, 2021, Plaintiff filed a motion for sanctions against the Defendant and defendant's counsel(s) for their discovery

misconduct. Therefore, Defendant's motion to dismiss for discovery non-compliance must be stricken and denied in its entirety.

**CONCLUSION**

Based on the foregoing, it is respectfully requested that the Court strike defendant's motion to dismiss for discovery non-compliance, deny it in its entirety, award attorney's fees and cost in favor of Plaintiff regarding Defendant's motion, impose sanctions on Defendant and his counsels, and issue appropriate orders with regard to discovery.

Dated: Uniondale, New York

March 14, 2022

                                                 */s/ Jae S. Lee*

                                                 Jae S. Lee