# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MINHYE PARK,

                  Plaintiff,             Case No. 1:20-cv-02636

        -against-

DAVID DENNIS KIM, M.D.

               Defendants
-----------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Dated: February 25, 2022

**JSL LAW OFFICES, P.C.**
Jae S. Lee
626 RXR Plaza
Uniondale, NY 11556
Telephone: (718) 461-8000
Facsimile: (866) 449-8003
Email: jae@lawjsl.com

*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

PROCEDURAL HISTORY
LEGAL STANDARD
ARGUMENT

    I.      PLAINTIFF HAS COMPLIED WITH THE COURT ORDER ENERED ON
            JANUARY 13, 2022
    II.     DEFENDANT FAILED TO COMPLY WITH THE ORDER
    III.   CONCLUSION

**PROCEDURAL HISTORY**

This matter alleges medical malpractice.  It is undisputed that Plaintiff was a patient of Defendant, Dr. David Kim and underwent an abortion procedure performed by Defendant. Plaintiff subsequently learned that the abortion procedure did not, in fact, terminate the pregnancy. As a result, Plaintiff was required to undergo a second procedure after she had traveled out of the United States to Korea,  and alleges injuries as a result.  Plaintiff filed the instant action against Defendant on or about June 12, 2020, and discovery in this matter, including but not limited to an expert report produced by Plaintiff,  set forth that Defendant violated the standards of care expected of him.   Defendant now seeks dismissal of this action on the basis of alleged discovery deficiencies. Plaintiff requests that the Court deny this motion.

**LEGAL STANDARD**

The Second circuit has ruled four factors that court may consider whether a dismissal under Fed. R. Civ. P. 37 is warranted: "(1) the willfulness of the non-complaining party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the noncompliant party had been warned of the consequences of …noncompliance."  *Agiwal v. Mid Island Mortg. Corp*., 555 F.3d 298, 302 ( 2d Cir. 2009)  " These factors are not exclusive, and they need not each be resolved against the noncompliant party, for dismissal to be appropriate…: unltimately, the court must conclude under all of the circumstances whether dismissal would be just." *Lopa v. Safeguard Properties Mgmt., LLC*, No. 14-cv-3198, 2018 WL3104456, at * ( E.D.N.Y. June 18, 2018), and report and recommendation adopted, No.14-cv-319, 2018 WL 3094940 ( E.D.N.Y. June 22, 2018)

Applying the standards above, dismissal is inappropriate in this circumstances as discussed

below.

**ARGUMENT**

    I.     PLAINTIFF HAS COMPLIED WITH THE COURT ORDER ENTERED ON
            JANUARY 13, 2022

    Plaintiff's deposition was completed on January 5, 2022 & January 6, 2022. Defendant's

deposition was completed on January 25, 2022.   Plaintiff indeed complied with this Court's

Minute order dated January 13, 2022. The Order compelled the production of specific discovery

based on the Court's Minute Order dated August 11, 2021. **EXHIBIT A ( Orders 1/13/2022 &**

**8/11/2021**

    The Court's Minute's Order dated January 13, 2022 requires production of  ""**records**

**regarding [plaintiff's]  lost earnings; the names of her experts and their expert reports; and**

**authorizations for collateral source insurance records from 2010 through the present.") *Id***

***Authorizations for Collertal Source Insurance Records***

    Plaintiff provided authorization for collateral source insurance records from 2020

through the present on August 24, 2021 and resent it on January 28, 2022.  **EXHIBIT B (**

**HIPAA Authorization 8/12/2021), C( email to Def : 8/24/2021) & D ( email to**

**Def:1/28/2022)**

***Expert Report***

    Plaintiff provided her expert report on September 12, 2021 and resent it on January 28,

2022 that included the name of the expert, specialties and experiences. **EXHIBIT E ( Expert**

**Report)** *See* **Exhibit D**

***Plaintiff does not have custody of the insurance provider's records or reasonable access to the records.***

Defendant filed a Motion to Compel Discovery because the Defendant faced a delay in getting these records from South Korea, and improperly  tried to force Plaintiff to get the records for Defendant. Plaintiff has no custody of the medical records or reasonable access to the records but is, in fact, cooperating to get the medical records. Plaintiff has already served the authorizations to Defendant.

***Plaintiff's Loss of Earning***

As for the loss of earnings, On August 11, 2021, the Hon. Magistrate Judge Bloom ordered that the Plaintiff  provide records regarding her lost earnings.  Plaintiff has no records of wages for the prior year.

The Court's Minute's Order dated January 13, 2022 clearly stated the condition to file a motion to dismiss, " **If plaintiff fails to produce the outstanding discovery by January 28, 2022**". *See* Exhibit A

As set forth above, Plaintiff complied with the court Order dated January 13, 2022 in a timely manner.  Plaintiff has not willfully failed to comply with the Order, and Plaintiff has provided discovery in a timely manner.   As such, Defendant's motion to dismiss should be denied in its entirety.


II.     Defendant failed to comply with the Order dated January 13, 2022, which Ordered

"**The parties [to] complete all discovery by January 28, 2022**" Plaintiff served discovery demands to Defendant as follows: Plaintiff's first set of interrogatories is dated on February 9, 2021,  Plaintiff's Second  set of interrogatories is dated on December 13, 2021, and  Defendant's discovery deficiencies were addressed in a good faith letter to Defendant's

counsel dated January 28, 2022, a copy of which is annexed to this letter motion. *See* EXHIBIT F

The missing items of discovery, include the following:

- Expert reports and documentation from experts consulted by Defendant in accordance with Plaintiff's demand nos. 1, 9j, 9k, and 9p. Defendant has represented that it consulted with an expert in this matter, contrary to inconsistent discovery responses it has given, and in a letter dated February 1, 2022 (copy attached) Defendant stated he would provide expert disclosure under separate cover, but he has failed to do so;

- Any other information pertaining to Plaintiff's claims or Defendant's defenses pursuant to demand no. 9c. Respectfully, this is a demand designed to reach any such materials withheld from Plaintiff on the basis of an unsubstantiated claim of "privilege" or other objections interposed by Defendant, including the many objections contained in Defendant's January 25, 2022 Response to Plaintiff's Second Set of Interrogatories. The Federal Rules of Civil Procedure grant parties in lawsuits broad rights to discovery, and Defendant should produce any other relevant materials in his possession or state that there are none. See *King v. Ortiz*, 17 CV 7507 (EDNY May 2, 2019)

- Information on other malpractice claims besides this Plaintiff's pursuant to demand nos. 9h and 9i. Defendant has objected to the said demand on the basis that this information is a matter of public record, but this is not a valid ground to refuse to produce this information. See, e.g., *Ferdman v. CBS Interactive Inc.*, 342 F. Supp3d 515, 526-529 (SDNY 2018) (a party failed to produce documents

in his possession relating to a copyright registration except to state that the opposing party could have obtained the records from the U.S. Copyright Office);

- Information as to hospitals where Defendant Kim had privileges in the past 10 years and any such hospitals where Defendant Kim's privileges were revoked, pursuant to demand 9w.  Defendant has objected to this demand on the bases of New York Education Law sec. 6527, and Public Health Law sec. 2805. Although these statutes provide for the confidentiality/non disclosure of certain records, neither precludes disclosure of the names of hospitals where a physician had and/or lost privileges.

- Rule 26(a)(1), mandates that a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705. Plaintiff demanded the aforesaid information about witnesses from Defendant both through a request for Admissions and a set of Interrogatories sent pursuant to Rules 33 & 36 on February 9, 2021. In addition, Plaintiff sent several good faith letters, including the dates of July 6, 2021, and August 11, 2021, asking for responses to the Admissions and Interrogatories and to date no response has been issued.

- Rule 26(a)(2)(B) requires that reports be submitted **90 days before trial** and that rebuttals be submitted 30 days after the other party's disclosure. However, a stipulation or a specific date set by the court can (and often does) change this deadline in specific cases.

- Further, the Hon. Magistrate Judge denied the plaintiff's motion to compel defendant's outstanding discovery responses without providing any legal reason or legal authority. This is highly prejudicial to the Plaintiff. *See* transcript page 5, lines 5-6 (Ms. Lee: "Your honor, should the Plaintiff send a letter motion to compel defendants? The Court: "No, absolutely not."; also *see* transcript page 5, lines 20-21("We (Plaintiff) demanded the admissions and interrogatories back to February 9, 2021.")

## III. CONCLUSION

Based on the foregoing, it is respectfully requested that the Court deny defendant's motion to dismiss in its entirety and issue appropriate orders with regard to discovery.    In addition, it is respectfully requested that the Court schedule a settlement conference based on the fact that the parties have exchanged discovery.


Dated: Uniondale, New York
         February 25, 2022

                                    Respectfully submitted,

                                    **JSL LAW OFFICES, P.C.**

                                    By:_/s/ Jae S. Lee_____
                                      Jae S. Lee
                                      626 RXR Plaza
                                      Uniondale, NY 11556
                                      Telephone: (718) 461-8000
                                      Facsimile: (866) 449-8003
                                      Email: jae@lawjsl.com

                                      *Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MINHYE PARK,

                  Plaintiff,            Case No. 1:20-cv-02636

       -against-             **DECLARATION IN**
                                      **SUPPORT OF OPPOSITION**

DAVID DENNIS KIM, M.D.

                  Defendants
-------------------------------------------------------------X

       Jae S. Lee, declares under the penalty of perjury as follows:
I am an attorney of the law firm of JSL LAW OFFICES, P.C., counsel for Plaintiff MINHYE
PARK. I am fully familiar with the facts set forth below based on my review of this file
maintained by this office for the Plaintiff of this action.

       EXHIBIT A : COURT'S MINUTE ORDERS

       **EXHIBIT B: HIPAA AUTHORIZATION**

       **EXHIBIT C: EMAIL  TO DEFENDANT 8/24/2021**

       **EXHIBIT D: EMAIL TO  DEFENDANT 1/28/2022**

       **EXHIBIT E: EXPERT REPORT**

       **EXHIBIT F: LETTER MOTION**

Dated: Uniondale, New York
       February 25, 2022

                       Respectfully submitted,

                       **JSL LAW OFFICES, P.C.**

                     By:_/s/ Jae S. Lee_____
                      Jae S. Lee
                      626 RXR Plaza
                      Uniondale, NY 11556
                      Telephone: (718) 461-8000
                      Facsimile: (866) 449-8003
                      Email: jae@lawjsl.com

                     *Attorneys for Plaintiff*

## TABLE OF CONTENTS

PROCEDURAL HISTORY……………

LEGAL STANDARD……………..

ARGUMENT……….

    I.     PLAINTIFF'S CLAIMS ARE ALREADY ESTABLISHED

    II.    PLAINTIFF HAS COMPLIED WITH THE COURT ORDER ENERED ON JANUARY 13, 2022

    III.   DEFENDANT HAS **NOT** COMPLIED WITH THE COURT ORDER ENERED ON JANUARY 13, 2022

    IV.   CONCLUSION

**PROCEDURAL HISTORY**

Plaintiff had concretely established her all claims I her complaint, that Plaintiff filed complaint against Defendant Dr. David Kim on June 12, 2020.

***The claim Defendant's failure to terminate plaintiff's pregnancy was fully established  as follows:***

Plaintiff's first claim was Defendant's failure to terminate plaintiff's pregnancy. Compl. ¶¶ 30-33. ECF No.1  On December 13, 2017, Defendant Dr. Kim admitted his failure to terminate Plaintiff's pregnancy by stating that Plaintiff  was recalled to review the results of the termination of pregnancy on November 27, 2017 and Defendant  explained to the Plaintiff that the pregnancy was still present. **EXHIBIT H** ( Defendant Dr. Kim's note, page 31)

In addition, the two physicians in South Korea examined the Plaintiff, including the use of ultrasound test, and determined the damaged fetus was still alive in Plaintiff's womb. Plaintiff provided all medical records to Defendant. **EXHIBIT I** (MED REC_ROSEMOM BOGY CLINIC); **EXHIBIT J** (MED REC_MIRAE Obstetrics and gynecology_12.19.2017)

Plaintiff's expert report revealed that Defendant deviated from the standard of care: the defendant failed to inform the plaintiff of the differential risk of failed suction curettage from 5 weeks to 7 weeks. If she had been aware of the increased risk of failure, she would likely have deferred the procedure for 1-2 weeks; the Defendant failed to examine the aspirated tissue prior to the Plaintiff's departure from the facility. If the tissue had been examined, the patient could have been offered as repeat suction curettage at that time or additional testing to rule out persistent pregnancy.; the defendant failed to inform the plaintiff of the pathology report in a timely manner. If she had been aware of the absence of chorionic villi, she would have the option to undergo a more suction curettage. The history of prior abortion was not a risk for failed termination of pregnancy. See Exhibit E

***The plaintiff's second cause of action was lack of informed consent.*** Comp. *Id* ¶¶ 25-29

The defendant failed to inform the plaintiff of any diagnose made, treatment prescribed, and risks and alternatives to said course of treatment. As proven expert's report, the pathology report in a timely manner. If she had been aware of the absence of chorionic villi, she would have the option to undergo a more suction curettage. See Exhibit E

Plaintiff can't speak English or understand spoken English. On November 16, 2017, Plaintiff signed a patient information sheet when an interpreter of the Defendant's staff translated

said sheet into Korean and explained every single word and everything was written out in Korean. **EXHIBIT** K ( P signed consent form only in Korean & English on 11/16/2016) Defendant testified the alleged "consent form" was written in English only. **EXHIBIT** ????? ( **Def EBT trans. At 33, lines 9-11.**

Defendant's counsel misleads this court that Plaintiff signed consent form and that Plaintiff took the risk after surgery. The alleged consent form was written in English only. And, in fact, the consent form does not include any language indicating that Plaintiff consented to the risk that the Defendant may fail to properly remove the fetus. Defendant testified that he advised Plaintiff about the risks of abortions were pain, bleeding, infection. **EXHIBIT** ????? ( **Def EBT trans. At 18, lines 5-7.**  Nothing was informed about possible failure to remove the fetus. Therefore, there was no valid informed consent for possible failure to remove the fetus.

Moreover, Plaintiff denied the allegation that her signatures were on consent forms dated November 27, 2017 and Plaintiff testified that the signatures, handwritten dates are not hers but someone else's. **EXHIBIT** L ( **invalid/ forged consent form in English only on 11/27/2016);** **EXHIBIT** M ( **Plaintiff's email dated 7/5/2021 denying her signatures alleged consent form of 11/27/2016).**

On November 27, 2017, she met Defendant at the Queens Surgical Center. There was no Korean interpreter and Defendant can't speak Korean. Defendant gestured for the Plaintiff to follow Defendant into a room and Defendant preformed the surgery directly.  Plaintiff did not sign any papers on November 27, 2017. **EXHIBIT** N ( **EBT transcript of P)**

Plaintiff must point out that Defendant's counsel Ms. Heyleyman untruthfully stated that Plaintiff came to New York only to obtain the abortion at issue. Plaintiff was travelling in the United State before she saw the Defendant.   Plaintiff visited Defendant for the first time on November 16, 2017 as her symptoms indicated that she was likely pregnant. Defendant told Plaintiff that it's too early to determine whether Plaintiff was pregnant or not, and asked Plaintiff to come later. During her second visit, Defendant confirmed that the plaintiff was indeed pregnant and performed the surgery on November 27, 2017. The Defendant's counsel falsely alleged the above only to insult or harass the Plaintiff.

**LEGAL STANDARD**

The Second circuit has ruled four factors that court may consider whether a dismissal under Fed. R. Civ. P. 37 is warranted: "(1) the willfulness of the non-complaint party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the noncompliant party had been warned of the consequences of …noncompliance." *Agiwal v. Mid Island Mortg. Corp*., 555 F.3d 298, 302 ( 2d Cir. 2009)  " These factors are not exclusive, and they need not each be resolved against the noncompliant party, for dismissal to be appropriate…: unltimately, the court must conclude under all of the circumstances whether dismissal would be just." *Lopa v. Safeguard Properties Mgmt., LLC*, No. 14-cv-3198, 2018 WL3104456, at * ( E.D.N.Y. June 18, 2018), and report and recommendation adopted, No.14-cv-319, 2018 WL 3094940 ( E.D.N.Y. June 22, 2018)

Applying the standards above, dismissal is inappropriate in this circumstances as discussed

follows.

**ARGUMENT**

PLAINTIFF'S CLAIMS ARE ALREADY ESTABLISHED

As mentioned " PROCEDURAL HISTORY" Plaintiff's first cause of action for failure to

remove Plaintiff's pregnancy  was proved and, Plaintiff's second cause of action for lack of

informed consent was warranted  *See supra* Primary facts of  the case"

I.      PLAINTIFF HAS COMPLIED WITH THE COURT ORDER ENERED ON

        JANUARY 13, 2022

        Plaintiff's deposition was completed on January 5, 2022 & January 6, 2022. Defendant's

deposition was completed on January 25, 2022.   Plaintiff indeed complied with this Court's

Minute order dated January 13, 2022. The Order compelled the production of specific discovery

based on the Court's Minute Order dated August 11, 2021. <mark>**EXHIBIT**</mark> **A ( Orders 1/13/2022 &**

**8/11/2021**

        The Court's Minute's Order dated January 13, 2022 includes ""**records regarding her**

**lost earnings; the names of her experts and their expert reports; and authorizations for**

**collateral source insurance records from 2010 through the present.") *Id***

                *Authorizations for Collertal Source Insurance Records*

        Plaintiff provided authorization for collateral source insurance records from 2020

through the present on August 24, 2021 and resent it on January 28, 2022.  <mark>**EXHIBIT**</mark> **B (**

**HIPAA Authorization 8/12/2021), C( email letter: 8/24/2021) & D ( email letter:1/28/2022)**

### *Expert Report*

Plaintiff provided her expert report on September 12, 2021 and resent it on January 28, 2022 that included the name of the expert, specialties and experiences. **EXHIBIT** E ( Expert Report) & F ( email letter: 1/28/2022) . see Exhibit D

### *Plaintiff does not have custody of the insurance provider's records or reasonable access to the records.*

The only reason the defendant filed a motion to compel was that the Defendant faced a delay in getting necessary records from South Korea, and so the Defendant tried to force Plaintiff to get the records for defendant. Plaintiff has no custody of the medical records or reasonable access to the records.  Plaintiff is not working for the defendant but is, in fact, cooperating to get the medical records. Plaintiff has already served the authorizations to Defendant.

### *Plaintiff's Loss of Earning*

As for the loss of earnings, On August 11, 2021, the Hon. Magistrate Judge ordered that the Plaintiff shall provide records regarding her lost earnings. This was done without providing any legal authority. Plaintiff has no records of wages for the prior year. Plaintiff stated in a letter motion dated August 10, 2021, that when an injured worker does not have wage records for the prior year, the injured worker should be compensated as a minimum wage worker under the New York Worker's Compensation Act, and such was cited regarding No Fault Insurance companies.

**EXHIBIT**  F ( court conference transcript 8/11/2021. Transcript page 22, lines14-18.

The Court's Minute's Order dated January 13, 2022 clearly stated the condition to file a motion to dismiss, " **If plaintiff fails to produce the outstanding discovery by January 28, 2022**". *See* Exhibit A

As proven above, Plaintiff complied with the court Order dated January 13, 2022 in a timely manner.  Plaintiff has not willfully failed to complied with the Order, nor has Plaintiff taken longer time to provide the discovery responses.  As such, Defendant's motion to dismiss should be denied in its entirety.

II.      Rather, Defendant failed to comply with the Order dated January 13, 2022, which was " **The parties shall complete all discovery by January 28, 2022"** Plaintiff served discovery demands to defendant as follows: Plaintiff sent good faith letter for  demand for production of documents and things dated on December 13, 2021, Plaintiff's first set of interrogatories dated on February 9, 2021,  Plaintiff's Second  set of interrogatories dated on December 13, 2021,    Defendant's discovery deficiencies were addressed in a good faith letter to Defendant's counsel dated January 28, 2022, a copy of which is annexed to this letter motion. *See* Exhibit D

The missing items of discovery, include the following:

- Expert reports and documentation from experts consulted by Defendant in accordance with Plaintiff's demand nos. 1, 9j, 9k, and 9p.  Defendant has represented that it consulted with an expert in this matter, contrary to inconsistent discovery responses it has given, and in a letter dated February 1, 2022 (copy

attached) Defendant stated he would provide expert disclosure under separate cover, but he has failed to do so;

- Any other information pertaining to Plaintiff's claims or Defendant's defenses pursuant to demand no. 9c. Respectfully, this is a demand designed to reach any such materials withheld from Plaintiff on the basis of an unsubstantiated claim of "privilege" or other objections interposed by Defendant, including the many objections contained in Defendant's January 25, 2022 Response to Plaintiff's Second Set of Interrogatories. The Federal Rules of Civil Procedure grant parties in lawsuits broad rights to discovery, and Defendant should produce any other relevant materials in his possession or state that there are none. See *King v. Ortiz*, 17 CV 7507 (EDNY May 2, 2019)

- Information on other malpractice claims besides this Plaintiff's pursuant to demand nos. 9h and 9i. Defendant has objected to the said demand on the basis that this information is a matter of public record, but this is not a valid ground to refuse to produce this information. See, e.g., *Ferdman v. CBS Interactive Inc.*, 342 F. Supp3d 515, 526-529 (SDNY 2018) (a party failed to produce documents in his possession relating to a copyright registration except to state that the opposing party could have obtained the records from the U.S. Copyright Office);

- Information as to hospitals where Defendant Kim had privileges in the past 10 years and any such hospitals where Defendant Kim's privileges were revoked, pursuant to demand 9w. Defendant has objected to this demand on the bases of New York Education Law sec. 6527, and Public Health Law sec. 2805. Although these statutes provide for the confidentiality/non disclosure of certain records,

neither precludes disclosure of the names of hospitals where a physician had and/or lost privileges.

- Rule 26(a)(1), mandates that a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705. Plaintiff demanded the aforesaid information about witnesses from Defendant both through a request for Admissions and a set of Interrogatories sent pursuant to Rules 33 & 36 on February 9, 2021. In addition, Plaintiff sent several good faith letters, including the dates of July 6, 2021, and August 11, 2021, asking for responses to the Admissions and Interrogatories and to date no response has been issued.

- Rule 26(a)(2)(B) requires that reports be submitted **90 days before trial** and that rebuttals be submitted 30 days after the other party's disclosure. However, a stipulation or a specific date set by the court can (and often does) change this deadline in specific cases.

- Surprisingly enough, on August 11, 2021, the Hon. Magistrate Judge ordered that the PLAINTIFF ONLY must disclose her experts and their expert reports. No such Order was issued against the Defendant.   Further, the Hon. Magistrate Judge denied the plaintiff's motion to compel defendant's outstanding discovery responses without providing any legal reason or legal authority. This is highly prejudicial to the Plaintiff. *See* transcript page 5, lines 5-6 (Ms. Lee: "Your honor, should the Plaintiff send a letter motion to compel defendants? The Court: "No,

absolutely not."; also *see* transcript page 5, lines 20-21("We (Plaintiff) demanded the admissions and interrogatories back to February 9, 2021.")

III.     CONCLUSION

Based on the foregoing, it is respectfully requested that the Court deny defendant's motion to dismiss in its entirety and issue appropriate orders with regard to discovery.     In addition, it is respectfully requested that the Court schedule a settlement conference based on the fact that the parties have exchanged discovery.