UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MINHYE PARK,

                    Plaintiff,

    -against-

DAVID DENNIS KIM, M.D.,

                    Defendant.
-------------------------------------------------------X

**REPORT AND RECOMMENDATION**
**20 CV 2636 (PKC)(LB)**

**BLOOM, United States Magistrate Judge:**

Plaintiff Minhye Park, a resident of South Korea, brings this diversity medical malpractice action against defendant Dr. David Dennis Kim. Compl. ¶¶ 1, 5, 27, ECF No. 1. Defendant now moves to dismiss this action due to plaintiff's failure to comply with Court orders to respond to defendant's discovery demands pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b). Def.'s Mot. to Dismiss, ECF No. 35. The Honorable Pamela K. Chen referred the motion to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the reasons set forth below, it is respectfully recommended that defendant's motion should be granted and this action should be dismissed.

## BACKGROUND

According to plaintiff's complaint, plaintiff Minhye Park, a resident of South Korea, sought obstetric and gynecological care from defendant, Dr. David Kim, at a medical facility in Queens, New York in November 2017. Compl. ¶¶ 5-6, 8, 12-14. On November 22, 2017, Dr. Kim confirmed that plaintiff was five weeks pregnant.[1] Id. ¶¶ 14-15. Five days later, on November 27, 2017, Dr. Kim performed an abortion, a procedure which plaintiff alleges "was

---

[1] The complaint states in error that Dr. Kim confirmed plaintiff's pregnancy on November 22, 2018.

not in accordance with accepted standards of good and accepted removal fetus [sic] surgery." Id. ¶ 16. On December 19, 2017, after traveling back to South Korea, plaintiff visited a physician and discovered that the abortion had been unsuccessful.[2] Id. ¶ 18. The South Korean physician told plaintiff that she was nine weeks pregnant, her fetus was unhealthy, and would have birth defects. Id. On December 29, 2017, plaintiff underwent a second abortion procedure which successfully terminated her pregnancy. Id. ¶ 19.

Plaintiff alleges that the failed abortion resulted from Dr. Kim's negligence and his deviation from accepted medical practices. Id. ¶ 20. Dr. Kim's actions allegedly injured plaintiff, causing scarring, an extended recovery process, and left plaintiff "unable to work for several months." Id. ¶ 22.

## PROCEDURAL HISTORY

Plaintiff commenced this action on June 13, 2020. Compl. ECF No. 1. Defendant answered on October 22, 2020. Answer, ECF No. 7. The Court held the initial conference on November 12, 2020 and ordered plaintiff to produce releases for her medical records. See Electronic Order dated Nov. 12, 2020. The Court ordered the parties to complete all discovery by June 15, 2020 and later extended this deadline until September 30, 2021. See Electronic Orders dated Dec. 22, 2020, June 2, 2020.

On July 29, 2021, defendant moved to compel plaintiff to produce documents and to respond to interrogatories. ECF Nos. 16-17. Defendant alleged that plaintiff had failed to provide multiple items of discovery, including interrogatory responses, documents, medical records, and an expert report. Def.'s Mot. to Compel 11, ECF No. 17-16. Plaintiff's opposition to defendant's

---

[2] Defendant disputes this claim and maintains that he informed plaintiff that the procedure was unsuccessful and that another procedure was necessary. Gil Decl., Ex. R, ECF No. 35-2.

motion to compel stated that the motion should be denied because it sought "incredibly overbroad" information which plaintiff deemed "irrelevant." Pl.'s Oppo. to Mot. to Compel 1, ECF No. 18. The Court granted defendant's motion to compel at a telephone conference on August 11, 2021. <u>See</u> Electronic Order dated Aug. 11, 2021. Plaintiff was ordered at the conference to "turn over…any records that support [plaintiff's] claims for lost earnings, who [plaintiff's] expert is going to be and any expert report, and any collateral source [insurance] information going back to 2010. Aug. 11, 2021 Tr. 16:16-20. The Court specifically warned plaintiff's counsel, "that your client can be subject to sanctions, which could be as severe as dismissal of the case, if she fails to comply." Aug. 11, 2021 Tr. 17:23-18:1. At the end of the conference, the Court reiterated its ruling, stating "I am granting [defendant's] motion to compel, which will require [plaintiff] to turn over records and respond to their interrogatories by September 10th." Aug. 11, 2021 Tr. 24:23-25. Plaintiff sought to vacate these rulings, ECF No. 21, but that request was denied. <u>See</u> Electronic Order dated Aug. 27, 2021.

The parties' discovery disputes persisted. On September 16, 2021, defendant requested permission to file the instant motion to dismiss, stating that plaintiff had failed to comply with the Court's discovery order. Def.'s Sept. 16, 2021 Letter, ECF No. 23. The parties then disagreed further regarding the scheduling of plaintiff's deposition and plaintiff moved for sanctions. ECF Nos. 24-25. The Court scheduled a telephone conference to address the parties' outstanding discovery, <u>see</u> electronic order dated Sept. 27, 2021, but plaintiff appealed the Court's discovery orders to the Second Circuit prior to the conference, ECF No. 28. The Court stayed discovery pending a decision by the Court of Appeals. <u>See</u> Electronic Order dated Oct. 6, 2021. The Court of Appeals subsequently dismissed plaintiff's appeal and the Court lifted the stay of discovery. <u>See</u> Electronic Order dated Nov. 29, 2021.

Rather than considering defendant's request to file the instant motion to dismiss, the Court gave plaintiff additional time to comply with the Court's August 11, 2021 discovery Order. Id. The Court ordered the parties to complete all discovery by January 14, 2022. Id. Plaintiff was again ordered to produce "records regarding her lost earnings; the names of her experts and their expert reports; and authorizations for collateral source insurance records from 2010 through the present." Id. The Order stated that "[p]laintiff shall also respond to defendant's interrogatories and document demands." Id. The Court explicitly warned plaintiff "[t]his is a Court Order and plaintiff must comply. This is plaintiff's last chance." Id. If plaintiff failed to comply with the Court's discovery Order, the Court set a briefing schedule for the instant motion to dismiss and plaintiff's motion for sanctions. Id. Plaintiff appealed these rulings "[i]n summary fashion," ECF No. 33, and the Order was again affirmed. See electronic order dated Dec. 20, 2021.

At the parties' request, the Court extended the time to complete all discovery until January 28, 2022 and ordered that defendant's fully briefed motion to dismiss be filed by March 4, 2022. Defendant filed his motion to dismiss on March 4, 2022, stating that plaintiff has still failed to comply with the Court's discovery Order. In support of his motion, defendant provides his counsel's declaration and various exhibits (Gil Decl., ECF No. 35-2); a Memorandum of Law (Def.'s Mem. of Law, ECF No. 35-3); and a Reply to plaintiff's opposition (Def.'s Reply, ECF No. 35). Plaintiff failed to timely file her opposition to defendant's motion and the Court ordered that any opposition be filed by March 14, 2022. See Electronic Order dated Mar. 10, 2022.

Plaintiff then filed her opposition and several exhibits.[3] Pl.'s Oppo.,[4] ECF Nos. 36-37. In a

subsequent letter, defendant states that the opposition papers filed on the docket on March 14,

2022 differ from the opposition papers plaintiff served on defendant.[5] ECF No. 39.


**DISCUSSION**

**I. Sanctions and Dismissals Under Rules 37(b) and 41(b)**

**A. Rule 37(b)**

Federal Rule of Civil Procedure 37(b)(2)(A) provides in pertinent part that "[i]f a

party…fails to obey an order to provide or permit discovery…the court…may issue further just

orders." In general, Rule 37 provides "broad power" to sanction "parties who engage in abusive

litigation practices." <u>Mahon v. Texaco Inc.</u>, 122 Fed. Appx. 537, 538 (2d Cir. 2005) (summary

---

[3] Although plaintiff's opposition references exhibits A through M, the documents filed on ECF are both mislabeled and incomplete. For example, what the Court assumes to be Exhibit A (ECF No. 37) is unlabeled. Plaintiff's opposition implies that Exhibit H (ECF No. 37-5) is a transcript of a Court conference, Pl.'s Oppo. 5, but upon review, the exhibit contains medical records provided by defendant. Exhibits C and F are missing from plaintiff's submission.

[4] Plaintiff's opposition does not contain page numbers. For ease of reference, the Court refers to the ECF pagination.

[5] The Court scheduled plaintiff's motion for sanctions at the same time as defendant's motion to dismiss. <u>See</u> Electronic Order dated Nov. 29, 2021. The motions were due on the same date. <u>Id.</u> The Court's order stated that "any request to extend these deadlines must be made in writing to the other side at least three days before the deadline." <u>Id.</u> The Court subsequently extended the motion schedule when it granted the parties' request for an extension of time to complete discovery. <u>See</u> Electronic Order dated Jan. 13, 2022. Plaintiff failed to timely file her opposition to defendant's motion as well as her motion for sanctions. The Court "has broad discretion to determine whether to overlook a party's failure to comply with local court rules" and considers plaintiff's opposition to the motion to dismiss in the interest of a complete record. <u>See</u> <u>Goodine v. Suffolk County Water Auth.</u>, No. 14-CV-4514(JS)(ARL), 2014 WL 375049, at *1 n.4 (E.D.N.Y. Jan. 29, 2016) (first quoting <u>Holtz v. Rockefeller & Co.</u>, 258 F.3d 62, 73 (2d Cir. 2001); and then quoting <u>Sentry Ins. A Mut. Co. v. Brand Mgmt., Inc.</u>, No. 10-CV-347(ENV)(RLM), 2013 WL 5725987, at *2 (E.D.N.Y. Oct. 21, 2013)). Plaintiff then filed her motion for sanctions on March 15, 2022 without previously serving it on defendant. ECF No. 38. However, prior to plaintiff's filing of her motion for sanctions the Court noted her failure to timely file the motion and stated that "no motion would be accepted at this time." <u>See</u> Electronic Order dated Mar. 10, 2022. Plaintiff provides no excuse, valid or otherwise, for her failure to comply with the Court's motion schedule. The Court finds defendant would be prejudiced by allowing plaintiff's untimely motion for sanctions. <u>See</u> <u>Desir v. Austin</u>, No. 13-CV-912(DLI)(VMS), 2015 WL 4546625, at *3 (E.D.N.Y. July 28, 2015) (refusing to grant an extension of time to file a motion for summary judgment because of the delay and increased costs). Further, plaintiff's purported motion for sanctions does not contain a memorandum of law as required by Local Civil Rule 7.1(a)(2). Instead, plaintiff provides an additional copy of her opposition to the instant motion to dismiss. For these reasons, I recommend that plaintiff's motion for sanctions should not be considered or in the alternative, should be denied.

order) (citing <u>Friends of Animals, Inc. v. U.S. Surgical Corp.</u>, 131 F.3d 332, 334 (2d Cir. 1997)).

The Court may issue an order:

(i)    directing that the matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims;

(ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)    striking pleadings in whole or in part;

(iv)    staying further proceedings until the order is obeyed;

(v)    dismissing the action or proceeding in whole or in part;

(vi)    rendering a default judgment against the disobedient party; or

(vii)    treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A). Dismissal of an action for failure to comply with the Court's orders is the harshest of sanctions. See <u>Heeneniya v. St. Joseph's Hosp. Health Ctr.</u>, 830 Fed. Appx. 354, 357 (2d. Cir. 2020) (summary order) (citing <u>Baptiste v. Sommers</u>, 768 F.3d 212, 217 (2d Cir. 2014) (discussing dismissal under Rule 41(b)); <u>Mahon</u>, 122 Fed. Appx. at *538 (citing <u>John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.</u>, 845 F.2d 1172, 1176 (2d Cir. 1988)) (discussing dismissal under Rule 37). When considering whether dismissal is an appropriate sanction under Rule 37(b), the Court must evaluate the following factors:

(1) The willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of…noncompliance.

<u>Agiwal v. Mid Island Mortg. Corp.</u>, 555 F.3d 298, 302-03 (2d Cir. 2009) (alterations in original) (quoting <u>Nieves v. City of New York</u>, 208 F.R.D. 531, 535 (S.D.N.Y. 2002). "[T]hese factors are not exclusive, and they need not each be resolved against" the offending party for sanctions to be warranted. <u>S. New England Tel. Co. v. Global NAPs Inc.</u>, 624 F.3d 123, 144 (2d Cir. 2010) (citing <u>Daval Steel Prods., a Div. of Francosteel Corp. v. M/V Fakredine</u>, 951 F.2d 1357, 1366 (2d Cir. 1991)). When selecting the "appropriate sanction" the district court may consider the full case record. <u>Id.</u> (quoting <u>Nieves v. City of New York</u>, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)).

Dismissal may ultimately serve dual purposes; to penalize those who violate the Court's orders and to deter others from engaging in such conduct. Agiwal, 555 F.3d at 303 (quoting Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976)). The complained of conduct may be attributed to a party, even when their counsel is truly the one to blame. Perez v. Siragusa, No. 05-CV-4873(CPS)(JMA), 2008 WL 2704402, at *4 (E.D.N.Y. July 3, 2008) (quoting Metro. Opera Ass'n, Inc. v. Local 100, Hotel Emps. & Rest. Int'l Union, No. 00-CV-3613, 2004 WL 1943099, at *25 (S.D.N.Y. Aug. 24, 2004)).

**B**. **Rule 41(b)**

Federal Rule of Civil Procedure Rule 41(b) permits a defendant to move to dismiss an action when a "plaintiff fails to prosecute or to comply with…[the Federal Rules] or a court order." As with Rule 37, a dismissal under Rule 41(b) is a harsh sanction and the Court must evaluate several factors, including:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

See Zappin v. Doyle, 756 Fed. Appx. 110, 112 (2d Cir. 2019) (summary order) (quoting Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014)); see also Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009). No single factor is dispositive and the determination rests on an action's individual and unique facts. Lewis, 564 F.3d at 576 (quoting United States ex. rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004)).

## II. Analysis

Context is important. Prior to considering the merits of defendant's application, the Court notes the sensitive nature of this case. Plaintiff alleges that defendant committed medical malpractice when he failed to successfully terminate plaintiff's pregnancy. Compl. ¶¶ 17-18. The Court has diversity jurisdiction of this matter. Plaintiff, a resident of South Korea,[6] claims that she only learned defendant's efforts were unsuccessful when on December 19, 2017 she "visited a doctor in South Korea who told her that she was nine weeks pregnant and that the fetus was not healthy and would be born with defects." Id. ¶ 18. Plaintiff further alleges that she "underwent surgery to remove the fetus from her womb in South Korea."[7] Id. ¶ 19.

Defendant has properly sought discovery regarding plaintiff's claims. According to defendant's records, plaintiff acknowledged having had several prior abortions during her initial consult with defendant.[8] Gil Decl., Exs. J, R. During the August 11, 2021 status conference, defendant's counsel explained why discovery regarding these prior procedures is relevant. Aug. 11, 2021 Tr. 6:13-19. In pertinent part, she explained: "[T]here's an informed consent issue, which

---

[6] The complaint states that "plaintiff…is at all times relevant hereto, resident of the [sic] South Korea." Compl. ¶ 5. In pertinent part, under 28 U.S.C. § 1332, diversity of citizenship exists "between citizens of a State and citizens or subjects of a foreign state…." 28 U.S.C. § 1332(a)(2). " '[C]itizenship is determined by…domicile,' and residence or place of employment alone are 'insufficient to establish domicile for jurisdictional purposes.'" Lue v. JPMorgan Chase & Co., No. 21-892, 2022 WL 1146219, at *1 (2d. Cir. Apr. 19, 2022) (summary order) (quoting Van Buskirk v. United Grp. of Cos., Inc., 935 F.3d 49, 53-54 (2d Cir. 2019)). The Court has an affirmative obligation to ensure that an action properly falls within its subject matter jurisdiction. See Landau v. Eisenberg, 922 F.3d 495, 497 (2d Cir. 2019) (quoting United States v. Bond, 762 F.2d 255, 263 (2d Cir. 2014)). In furtherance of this objective, the Court may look to materials outside of the pleadings. See Tandon v. Captain's Cove Marina of Bridgeport, Inc., 752 F.3d 239, 243 (2d Cir. 2014) (quoting APWU v. Potter, 343 F.3d 619, 627 (2d Cir. 2003)). Plaintiff provides her deposition transcript where she testifies that she is a citizen of South Korea and has never lived in the United States. Park Dep. Tr. 9:8-16, ECF 37-4. The Court is satisfied that diversity jurisdiction exists.

[7] Abortion was illegal in South Korea until January 1, 2021, some three years after the occurrence of the events in issue in this case. South Korea: Abortion Decriminalized since January 1, 2021, LIBR. OF CONGRESS (Mar. 18, 2021), https://www.loc.gov/item/global-legal-monitor/2021-03-18/south-korea-abortion-decriminalized-since-january-1-2021/ (last visited April 25, 2022). Prior to the decriminalization of abortion in South Korea, a woman who voluntarily underwent an abortion procedure could be imprisoned for up to a year or fined $1,770. Id.

[8] Plaintiff's counsel disputes that there were two prior abortions and stated at the August 11, 2021 conference that there was only one prior procedure. Aug. 11, 2021 Tr. 13:2-4. At the same status conference, plaintiff's counsel referred to defendant's request to obtain plaintiff's records as "a violation of plaintiff's privacy." Aug. 11, 2021 Tr. 13:4-5.

is why we wanted the collateral source records in part, because this patient had two prior abortions and her knowledge of the procedure before the abortion with Dr. Kim is obviously relevant to what she knew going into the procedure." Id. Defendant's counsel went on to explain that the types of abortions previously performed and records from those procedures were relevant to plaintiff's claims and would inform defendant's expert's analysis. Aug. 11, 2021 Tr. 6:20-23. The Court ruled in December 2020 that defendant was entitled to records regarding these prior procedures. Aug. 11, 2021 Tr. 7:24-8:6. However, plaintiff maintained that she did not recall the names of the providers or where and when she underwent these prior procedures. Aug. 11, 2021 Tr. 11:21-12:5. Therefore, defendant sought plaintiff's collateral source insurance records. Aug. 11, 2021 Tr. 11:21-12:5.

Despite having plaintiff's signed authorization, defendant was unable to obtain records regarding plaintiff's December 2017 abortion in South Korea. Def.'s Mem. of Law 9. Defendant notes the difficulty in obtaining plaintiff's records in South Korea, but also notes that plaintiff has not provided any assistance to procure these records. Def.'s Mem. of Law 1; Aug. 11, 2021 Tr. 4:9-21. At the August 2021 conference, defendant's counsel detailed the records that are outstanding, describing the missing records as follows:

> An operative report or a procedure report that describes the technique and what was done, whether it was a dilation and curettage, a dilation and evacuation, the steps to prepare the patient, what tools or instruments were used, the outcome of the procedure…I'm really looking for the equivalent of an operative report and any other medical records that were maintained at that time by the anesthesiologist.

Aug. 11, 2021 Tr. 9:6-16. Defendant's counsel acknowledged that she had received some medical records from plaintiff but they did not contain necessary information about the December 2017 abortion in Korea. Aug. 11, 2021 Tr. 9:25-10:4. Plaintiff only provided what defendant's counsel described as:

> [A] one-page piece of paper in Korean....an unsigned document that says that [sic] name of the patient and that a dilation and curettage was performed. It's like a one-page sentence piece of paper that could have honestly been written by anyone. It's not an operative report, it's not a medical record.

Aug. 11, 2021 Tr. 10:6-13.

Nevertheless, defendant proceeded with discovery to the best of his ability. For example, despite the deficiencies in plaintiff's discovery responses and the disadvantage at which they placed defendant, defendant's counsel agreed to go forward with plaintiff's deposition in January 2022. Def.'s Mem. of Law 8. The Court also credits defendant's assertion that, despite plaintiff's claims to the contrary, he has complied with his own discovery obligations.[9] Id. at 7. The difficulties presented by plaintiff's records being located in South Korea, including the documented efforts defendant made to obtain her medical and insurance records, make it all the more crucial that plaintiff comply with her other discovery obligations. She has not done so. Defendant should not be forced to defend this medical malpractice case without access to plaintiff's medical records.

## A. Sanctions Under Rule 37(b)

## 1. Willfulness

Failure to comply with the Court's orders is "willful 'when the court's orders have been clear, when the party has understood them and when the party's noncompliance is not due to factors beyond the party's control.'" Perez, 2008 WL 2704402, at *4 (quoting Burgie v. Euro Brokers, Inc., No. 05-CV-968(CPS)(KAM), 2006 WL 845400, at *12 (E.D.N.Y. Mar. 30,

---

[9] In opposition to defendant's instant motion, plaintiff claims that defendant has failed to comply with his discovery obligations and lists several items of discovery she claims have yet to be provided. ECF No. 36. Rather than raising this issue for the first time in her opposition to defendant's motion to dismiss, the proper course would have been to raise this in writing during the discovery period and if necessary, plaintiff should have moved to compel. See FED. R. CIV. P. 37(a)(1) (setting forth the procedure for a motion to compel discovery); see also Osrecovery, Inc. v. One Groupe Int'l, Inc., No. 02 Civ. 8993(LAK), 2003 WL 21285547, at *1 (S.D.N.Y. June 4, 2003) (discounting a litigant's argument that its opponent failed to provide discovery as a defense for its own discovery noncompliance and explaining that the party was free to seek the Court's assistance in obtaining discovery).

2006)). Willfulness will be found when a party has notice of the Court's Order and the discovery requested by an opponent but fails to comply. See Teller v. Helbrans, No. 19-CV-3172(SJB), 2019 WL 5842649, at *7 (E.D.N.Y. Nov. 7, 2019) (citing Coach Inc. v. O'Brien, No. 10-CV-6071(JPO)(JLC), 2011 WL 6122265, at *3 (S.D.N.Y. Nov. 28, 2011)).

In the instant matter, defendant alerted plaintiff to the deficiencies in her discovery responses by letter dated February 8, 2021. See Newman Decl. dated July 29, 2021, Ex. E, ECF No. 17-6. Those deficiencies included plaintiff's failure to provide documents and records as well as incomplete interrogatory responses. Id. Defendant wrote to plaintiff's counsel regarding his discovery requests at least three additional times, on March 9, 2021, April 29, 2021, and June 21, 2021. Id., Exs. F, G, I., ECF Nos. 17-7, 17-8, & 17-10. Ultimately, on July 29, 2021, defendant moved to compel plaintiff to comply with his discovery requests. Def.'s Mot. to Compel, ECF No. 17-16. As referenced above, defendant's motion stated that plaintiff had not provided the following:

- Response to Defendant's First Demand for the Production of Documents;
- Supplemental Response to Defendant's First Set of Interrogatories as detailed in Defendant's good faith letters;
- Response to Defendant's Second Demand for Production of Documents (this Demand included a request for Plaintiff's collateral source records and employment records);
- Response to demand for metadata and other information regarding the photographs Plaintiff disclosed;
- Copies of all medical records pertaining to Plaintiff's prior abortions and subsequent medical treatment documenting the injuries alleged in the Complaint; and
- Complete Rule 26 Disclosures, specifically including expert disclosure and a computation of damages as required by Rule 26(a)(1)(A)(iii).[10]

Def.'s Mot. to Compel 7. Rather than provide the outstanding discovery, plaintiff opposed the motion to compel and stated that she had "served all necessary and material discovery responses and production of documents relevant to this action…." Pl.'s Resp. to Mot. to Compel 1, ECF

---

[10] Defendant states that plaintiff has failed to produce these requested materials. *Compare* Def.'s Mot. to Compel 7, ECF No. 17-16 with Def.'s Mem. of Law 9, ECF No. 35-3.

No. 18. Plaintiff further stated that because she provided authorizations for her insurance records, they were "defendant's responsibility to obtain…." Id. Plaintiff insisted she had "supplied sufficient discovery." Id. at 1-2.

Plaintiff's counsel doubled down on her position at the August 11, 2021 Court conference, and when the Court inquired about progress producing discovery counsel stated "I don't believe we need to provide more." Aug. 11, 2021 Tr. 3:21-22. Defendant's counsel then explained the deficiencies in portions of plaintiff's production, specifically the need for medical records from physicians in South Korea. Aug. 11, 2021 Tr. 6:6-13, 10:3-12. Defendant's counsel also stated that defendant still required "clarification of the interrogatory responses" and discovery pertaining to plaintiff's claims of ongoing injuries and lost earnings. Aug. 11, 2021 Tr. 14:20-15:5.

The Court ultimately granted defendant's motion to compel stating, "[t]hey're saying that you did not adequately respond to the interrogatories or to the demand for production of documents….I'm granting defendant's motion to compel the discovery." Aug. 11, 2021 Tr. 15:11-17. The Court further stated, "[B]y September 10, 2021, plaintiff must produce the information that the Court has specified, anything to support her claim for lost earnings, anything regarding expert discovery, and her authorization regarding collateral source information" for insurers. Aug. 11, 2021 Tr. 17:17-23. Importantly, the Court warned plaintiff in no uncertain terms, stating: "And I am warning you that your client can be subject to sanctions, which could be as severe as dismissal of the case, if she fails to comply." Aug. 11, 2021 Tr. 17:23-18:1. Following the conference, this warning was reiterated in a written Order. See Electronic Order dated Aug. 11, 2021. Plaintiff appealed and the Order was affirmed. See Electronic Order dated Aug. 27, 2021.

Despite the Court's explanation of its Order and plaintiff's obligations on the record and in writing, plaintiff still failed to comply with her discovery obligations. Defendant sought permission to file the instant motion to dismiss. Def.'s Sept. 16, 2021 Letter, ECF No. 23. Defendant, in a letter to plaintiff's counsel, outlined plaintiff's failure to comply with her discovery obligations as well as the deficiencies in plaintiff's expert report. Gil Aff., Ex. O, ECF No. 35-2. As defendant's letter explains, plaintiff's expert report – provided after the Court's August 11, 2021 discovery order and after the Court imposed deadline – fails to comply with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B). Id. Among other requirements, the Rule requires any expert report to contain: any exhibits used to summarize or support the expert's opinion; an expert's qualifications, including a list of all publications in the 10 previous years; a list of prior testimony in the previous four years; and a statement of the compensation to be paid. FED. R. CIV. P. 26(a)(2)(B). Plaintiff's report does not comply with the Rule.

Rather than permit defendant to file a motion to dismiss, plaintiff was granted "one final opportunity" to comply with the Court's discovery Order.[11] See Electronic Order dated Nov. 29, 2021. The Court again ordered plaintiff to provide "records regarding her lost earnings; the names of her experts and their expert reports; and authorizations for collateral source insurance records…." Id. Plaintiff was further ordered to "respond to defendant's interrogatories and document demands." Id. The Court set a briefing schedule for the instant motion to dismiss in the event plaintiff failed to comply with the discovery Order.[12] Id.

Despite the Court's Orders, including giving plaintiff more time and the additional opportunity to comply, plaintiff has still failed to produce the outstanding discovery. Def.'s

---

[11] Discovery was stayed between October 6, 2021 and November 29, 2021 pending a decision on plaintiff's appeal of the Court's discovery order to the Court of Appeals. See Electronic Orders dated Oct. 6, 2021, Nov. 29, 2021.

[12] On January 13, 2022, the Court granted additional time to complete discovery and the briefing schedule for the motion to dismiss was adjusted accordingly. See Electronic Order dated Jan. 13, 2022.

Mem. of Law 35-3. Defendant's instant motion states that he still has not received the discovery that was the subject of his prior motion to compel. Id. Plaintiff's opposition is further proof of her failure to comply. She states that production of a collateral source authorization, a deficient expert report and the denial of the existence of any lost earning records is sufficient. Pl's Oppo. 4-5. Plaintiff ignores the Court's discovery Orders, which required her to correct her interrogatory and document deficiencies cited by defendant.

Given the record in this case, the Court finds that plaintiff's failure to abide by the Court's Orders is willful. The Court's Orders were clear, having been explained on the record and in writing on the docket. See Electronic Orders dated Aug. 11, 2021, Nov. 29, 2021. Plaintiff's willfulness is demonstrated by what can only be described as her practice of ignoring this Court's directives. See Rodriguez v. Oak Room, No. 12 Civ. 2921(PKC), 2012 WL 5305551, at *2 (S.D.N.Y. Oct. 23, 2012) (finding willfulness when counsel ignored "the express terms" of a discovery order). This is not a case where plaintiff failed to provide an isolated item of discovery, rather plaintiff has failed to provide required materials since the start of discovery. Plaintiff's failure to acknowledge her insufficient responses to defendant's interrogatories, her lack of response to defendant's documents demands, and her deficient expert report are further evidence of her willful disregard for the Court's Orders. See Samonte v. Wanat, No. 13-CV-226(MKB)(RLM), 2014 WL 1817605, at *7 (E.D.N.Y. May 6, 2014) (citing John B. Hull, Inc. 845 F.2d at 1176) (finding that a party's failure to respond to the Court's Order or an opponent's requests demonstrates willfulness). Her willful behavior weighs in favor of imposing the severe sanction of dismissal of this action.

**2. Efficacy of Lesser Sanctions**

As discussed above, when evaluating dismissal as a sanction for discovery violations, the Court must consider whether a lesser sanction will effectively curb the offending behavior. See Agiwal, 555 F.3d at 302. The fact that a party continues to disregard a Court Order after being warned that noncompliance may result in dismissal undermines the efficacy of lesser sanctions. See Tian v. Ollies 42nd LLC, No. 15-CV-5499(PKC), 2016 WL 6900684, at *3 (S.D.N.Y. Nov. 22, 2016) (finding that a party's failure to comply with an Order after being warned that such failure would result in dismissal demonstrated the insufficiency of lesser sanctions). This is particularly true when that party was given multiple opportunities to comply with the Court's Order but still fails to do so. Masi v. Steely, 242 F.R.D. 278, 286 (S.D.N.Y. 2007) (dismissing a case when plaintiff failed to comply with five separate orders).

Here, the Court finds that no lesser sanction would be effective. Plaintiff's intransigence is demonstrated by the record. In August 2021, after defendant filed a motion to compel, plaintiff's counsel insisted "I don't believe we need to provide more." Aug. 11, 2021 Tr. 3:21-22. The Court found otherwise. Aug. 11, 2021 Tr. 7:17-19 ("You have not given [defendant] the records that she did talk to the Court about back in December."). Despite claiming in August 2021 that no further discovery was necessary, after the expiration of the Court's deadline, plaintiff first turned over an expert report in September 2021. Gil Decl., Ex. O. Importantly, even after being warned multiple times that failing to comply with the Court's orders could result in dismissal, see electronic orders dated Aug. 11, 2021, Nov. 29, 2021, plaintiff failed to produce the discovery ordered.

The Court would be remiss were it not to observe that throughout this case, plaintiff's counsel's words and actions demonstrate that she has little interest in providing outstanding

discovery. For instance, in her two-page opposition to defendant's motion to compel, plaintiff claimed that because she had provided authorizations to defendant for her insurance records, it was now "defendant's responsibility to obtain the records." Pl.'s Oppo. to Mot. to Compel. 1. Even after defendant's counsel explained the difficulties of trying to obtain plaintiff's insurance and medical records from South Korea, plaintiff reiterated her argument that because authorizations were provided "the defendant can get it." Aug. 11, 2021 Tr. 4:9-21, 13:23-14:1. In this Circuit "if a party has access and the practical ability to possess documents not available to the party seeking them, production may be required." Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 138 (2d Cir. 2007) (citing In Re NASDAQ Market-Makers Antitrust Litig., 169 F.R.D. 493, 530 (S.D.N.Y. 1996)).

> The Second Circuit recognizes that Rule 37 sanctions serve three purposes:
>
> First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault.

Roberts v. Bennaceur, 658 Fed. Appx. 611, 614 (2d Cir. 2016) (summary order) (quoting S. New England Tel. Co., 624 F.3d at 149). The Court is not required to first impose lesser sanctions prior to dismissing a case when the facts and circumstances of a matter support dismissal. S. New England Tel. Co., 624 F.3d at 149 (citing John B. Hull, 845 F.2d at 1176-77)). Given the record in this case, dismissal is appropriate.

## 3. Period of Noncompliance

The Court must also consider the period of noncompliance. Here, the Court granted plaintiff's motion to compel and issued the discovery orders at issue on August 11, 2021 – approximately seven months ago. See Electronic Order dated Aug. 11, 2021. Courts have found

shorter periods of noncompliance justify dismissal. See, e.g., Fitzgibbon v. Target Corp., No. 18-CV-3268(ARR)(RER), 2019 WL 4395129, at *4 (E.D.N.Y. Aug. 21, 2019) (recommending dismissal after a six month period of non-compliance) Report and Recommendation adopted by 2019 WL 4393957 (E.D.N.Y. Sept. 13, 2019); Peterson v. Apple Inc., No. 12 Civ. 6467(GBD)(GWG), 2013 WL 3467029, at *7 (S.D.N.Y. July 10, 2013) (recommending dismissal after a five-month period of noncompliance) Report and Recommendation adopted by 2013 WL 3963456 (S.D.N.Y. Aug. 1, 2013; Martin v. City of New York, No. 09 Civ. 2280(PKC)(JLC), 2010 WL 1948597, at *2 (S.D.N.Y. May 11, 2010) (dismissing a case after a two-and-a-half month period of noncompliance). Plaintiff's continued noncompliance prejudices defendant and has prolonged discovery; the discovery deadline has already been extended multiple times and still plaintiff has failed to comply. See Fitzgibbon, 2019 WL 4395129, at *4. This factor weighs in favor of dismissal.

**4. Prior Warning**

The Court's warning to plaintiff about the consequences of her noncompliance with this Court's discovery Orders has been reiterated several times. First at the August 11, 2021 conference and in the written Order issued that same day. See Electronic Order dated Aug. 11, 2021. On November 29, 2021, the Court again ordered plaintiff to produce discovery and stated "[p]laintiff shall have one final opportunity to comply with the Court's discovery Order." See Electronic Order dated Nov. 29, 2021. Plaintiff was warned that this was her "last chance." Id. The Court also scheduled the instant motion to dismiss which would be considered should plaintiff fail to produce the outstanding discovery. Id. There could be no mistake that the Court's warning was serious. These warnings are more than sufficient to justify dismissal under Rule 37(b). See LeChase Constr. Servs. LLC v. Escobar Constr., Inc., No. 21-CV-289, 2022 WL

363948, at *1 (2d. Cir. Feb. 8, 2022) (summary order) (citing <u>Guggenheim Cap., LLC v.</u>

<u>Birnbaum</u>, 722 F.3d 444, 452-53 (2d Cir. 2013)) (affirming the entry of a default judgment as a

Rule 37 sanction where warnings were issued in two text orders and plaintiff filed a motion for

default judgment); <u>Manigaulte v. C.W. Post of Long Island. Univ.</u>, 533 Fed. Appx. 4, 6 (2d Cir.

2013) (summary order) (affirming dismissal where plaintiff had been warned twice of the

consequences of noncompliance).

      Accordingly, I recommend that defendant's motion to dismiss plaintiff's complaint

pursuant to Rule 37(b)(2)(A)(v) should be granted.

## B. Rule 41(b)

      In the alternative, defendant moves to dismiss under Rule 41(b) which permits dismissal

when a plaintiff fails to comply with Court orders.[13] As discussed above, several of the factors

considered under Rule 37(b) are also relevant to the Court's analysis under Rule 41(b). <u>See</u>

<u>Viruet v. City of New York</u>, No. 16-CV-8327(JGK)(KHP), 2020 WL 4458789, at *5 (S.D.N.Y.

May 1, 2020) (quoting <u>Pena v. Chocolate</u>, No. 10 Civ. 4067(BSJ)(KNF), 2012 WL 3957474, at

*3 (S.D.N.Y. Sept. 10, 2012)) (recognizing that applications under Rules 37(b) and 41(b) rely on

the same analysis) <u>Report and Recommendation</u> <u>adopted by</u> 2020 WL 4431599 (S.D.N.Y. July

31, 2020); <u>see also</u> <u>Jin Fang Luo v. Panarium Kissena Inc.</u>, No. 15-CV-3462(WFK)(ST), 2019

WL 360099, at *4 (E.D.N.Y. Jan. 11, 2019) (quoting <u>Dungan v. Donahue</u>, No 12-CV-

5139(ILG)(RLM), 2014 WL 2941240, at *6 (E.D.N.Y. June 30, 2014)) (recognizing the overlap

in analysis between Rules 37(b) and 41(b) and finding no need to reiterate prior findings) <u>Report</u>

<u>and Recommendation</u> <u>adopted by</u> 2019 WL 356939 (E.D.N.Y. Jan. 29, 2019). These factors

---

[13] Defendant's motion preliminarily states that he seeks dismissal pursuant to Rules 37(b) and 41(b). Def.'s Mem. of Law 1. However, defendant's papers focus exclusively on dismissal under Rule 37(b) with no discussion of Rule 41(b). Nonetheless, the Court considers dismissal under Rule 41(b).

include: the duration of the plaintiff's failure to comply with the court order; whether plaintiff was on notice that the failure to comply would result in dismissal; and whether the Court has adequately considered a less drastic sanction. Having discussed these factors above, the Court confines its analysis to the remaining Rule 41(b) factors: whether the defendant is likely to be prejudiced by further delay in the proceedings and the balancing of the Court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard.

## 1. Prejudice to the Defendant

When a plaintiff's actions unreasonably delay an action, the prejudice to defendant "may be presumed." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982) (citation omitted). The likelihood of prejudice to a defendant increases as the events giving rise to an action recede further into the past. See Heeneniya, 830 Fed. Appx. at 358 (affirming dismissal under Rule 41(b) where the events occurred five years before dismissal). In cases involving insurance and medical records, the passage of time has special significance and may contribute to the destruction of records and other important evidence. Wills v. Constant, No. 04-CV-4454(ARR)(VVP), 2008 WL 314393, at *3 (E.D.N.Y. Feb. 4, 2008). Further, with each episode of non-compliance, defendant is forced to incur additional legal expenses. See Coleman v. Trader Joe's Corp., No. 10-CV-5404(SJF)(ETB), 2011 WL 6182323, at *4 (E.D.N.Y. Nov. 18, 2011) Report and Recommendation adopted by 2011 WL 6205490 (E.D.N.Y. Dec. 13, 2011).

Here, the Court finds that further delay in this action will prejudice defendant. This action has been pending for approximately 21 months and defendant first sought the discovery at issue over one year ago. Newman Aff., Ex. E, ECF No. 17-6. The events giving rise to this action – defendant's alleged negligent medical treatment of plaintiff – occurred over four years ago, in November 2017. Compl. ¶¶ 14-16. The Court credits defendant's claim that "the delay in failing

to produce records can result in permanent harm as the records pertaining to [plaintiff's] relevant prior or subsequent treatment may not be available anymore." Def.'s Mem. of Law 10. The Court also recognizes the expense plaintiff has caused defendant to incur by not complying with her discovery obligations. Accordingly, the Court finds that prejudice to defendant weighs in favor of dismissal.

## 2. Balancing the Court's Interest in Managing the Docket with Plaintiff's Interest in Being Heard

Although the Court affords heavy weight to plaintiff's interest in pursuing her claims, it is mindful that every litigant has an obligation to obey the Court's orders. See Watkins v Marchese, No. 13 Civ. 3267(GBD)(SN), 2015 WL 4605660, at *3 (S.D.N.Y. July 31, 2015) (quoting George v. City of New York, No. 12 Civ. 6365(PKC)(JLC), 2013 WL 5943206, at *4 (S.D.N.Y. Nov. 6, 2013)). When a plaintiff fails to engage in Court ordered discovery, this failure undermines her interest in being heard. See Viruet, 2020 WL 4458789, at *7. When the Court devotes a considerable amount of time to managing a party's noncompliance and the party has been given multiple opportunities to comply, these circumstances militate against the party's interest in litigating her case. See Rosado v. Toulen, No. 18-CV-3697(MKB)(SJB), 2021 WL 2323212, at *4 (E.D.N.Y. Apr. 26, 2021) Report and Recommendation adopted by 2021 WL 2010238 (E.D.N.Y. May 20, 2021).

As detailed above, plaintiff has failed to comply with the Court's discovery orders and has obstinately refused to fulfill her discovery obligations. The Court extended the discovery deadline multiple times, see electronic orders dated June 2, 2021, Nov. 29, 2021, & Jan. 13, 2022, and yet plaintiff still refused to produce the ordered discovery, see Def.'s Mem. of Law 9. This is unacceptable. Plaintiff's interest in having her case proceed does not outweigh her obligation to obey the Court. This factor weighs in favor of dismissal.

### III. Attorney's Fees

Defendant requests an award of the attorney's fees and costs incurred in making the instant motion. Def.'s Mem. of Law 12. Under Rule 37(b)(2)(C), when a party violates a Court order to provide discovery, "the [C]ourt must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." This payment of fees is mandatory. See Sentry Ins. A Mut. Co. v. Brand Mgmt., Inc., 295 F.R.D. 1, 17 (E.D.N.Y. 2013) (citing John B. Hull, Inc., 845 F.2d at 1177).

Although defendant is entitled to recover reasonable attorney's fees, he must first submit contemporaneous records documenting the fees incurred. See Kizer v. Abercrombie & Fitch Co., No. 12-CV-5387(JS)(AKT), 2017 WL 9512408, at *2 (E.D.N.Y. July 24, 2017) (discussing the need to submit a fee application supported by records when fees are sought pursuant to Rule 37(b)(2)(C)) Report and Recommendation adopted by 2017 WL 3411952 (E.D.N.Y. Aug. 9, 2017). I therefore recommend that, should this Report be adopted, defendant should be granted fourteen days to file a reasonable fee application supported by contemporaneous records. I also recommend that defendant brief whether the attorney's fees should be awarded against plaintiff, plaintiff's counsel, or both.

### CONCLUSION

For the reasons stated herein, it is respectfully recommended that defendant's motion to dismiss this action under Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b) should be granted. Should this Report be adopted, defendant should be granted fourteen days to submit a

reasonable fee application supported by contemporaneous records as well as a brief addressing who should be responsible for the fee.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. <u>See also</u> Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. <u>Marcella v. Capital Dist. Physician's Health Plan, Inc.</u>, 293 F.3d 42 (2d Cir. 2002); <u>Small v. Sec'y of Health & Human Servs.</u>, 892 F.2d 15 (2d Cir. 1989); <u>see</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

SO ORDERED.

_____/S/_____
LOIS BLOOM
United States Magistrate Judge

Dated: April 25, 2022
      Brooklyn, New York