UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
MINHYE PARK,                                                                    Case No. 1:20-cv-02636

                               Plaintiff,

      -against-

DAVID DENNIS KIM, M.D.,

                               Defendant.
---------------------------------------------------------------------X

## OBJECTION TO THE REPORT AND RECOMMENDATION

## PRIMARY STATEMENT

Plaintiff MINHYE PARK, in the above named case, hereby objects to Hon. Magistrate Bloom's Report and Recommend (" R&R") entered in this action on April 25, 2022, granting Defendant's Motion to dismiss the action for noncompliance discovery Order(s). Plaintiff submitted the opposition that the motion should be denied for the reasons as set forth below.

## PROCUDERAL HISTORY

In the interest of avoiding voluminous filings, Plaintiff will focuses on the delayed discovery issues and depositions.

**Delayed Depositions:**

In order to comply with the Court Order dated August 11, 2021, Plaintiff was ready and willing to produce her for testimony on September 20, 2021. However, in response to Defendant counsel, Ms. Newman's objection, Plaintiff's deposition did not go forward. Defense counsel insisted the time of the Plaintiff's deposition take place during Defendant's working hours, 9am

to 5pm, NEW YORK TIME, which was 11pm to 7am, KOREA TIME. Plaintiff tried to adjust the time until midnight KOREA TIME but Defendant kept rejecting said adjustments. . EXHIBIT A

Plaintiff filed a motion for protective Order to resolve the time difference issue on September 18, 2021. EXHIBIT B

However, the court did not resolve the time issue. Finally, Defendant's Counsel, Ms. Gil, agreed to adjust the time of the deposition and successfully completed the deposition of Plaintiff on January 5 & January 6, 2022.  The deposition of Plaintiff was delayed for 4 months and it not due to Plaintiff's fault or unwillingness to produce the witness.

Upon completion of Plaintiff's deposition, plaintiff attempted on various occasions to conduct defendant deposition.  Plaintiff served numerous Notice of Depositions, on September 30, 2021 and January 7, 2022. Finally, the deposition of Defendant was completed on January 26, 2022. EXHIBIT C

The court Ordered on January 13, 2022, due to Defendant' counsel's illness, discovery completion time extended to January 28, 2022. Unexpectedly, the motion to extend time for discovery, defendant added Plaintiff's outstanding discovery responses untruthfully and didn't mentioned Defendant's outstanding discovery responses. It was Defendant's tactic to mislead the court.

**Outstanding discovery responses of Defendant:**

Plaintiff served Good Faith Letters for discovery to defendant on  December 14, 2021, December 20, 2021, and February 2, 2022.   EXHIBIT D Defendant served deficient responses

to Plaintiff's First request for production, 1ˢᵗ set & 2ⁿᵈ set of interrogatories on Jan 25, 2022. Plaintiff notified defendant's counsel by letter of the discovery deficiencies on January 28, 2022, along with Plaintiff's supplement responses to Defendants demands. EXBIHIT E

Defendant allegedly responded to Plaintiff's discovery demands to produce documents and expert report on February 25, 2022, however, the email was blank or unable to open. EXHIBIT F  Plaintiff requested Defendant to resend it but no to avail since Defendant failed to resend it or even respond to the request.

As shown, on March 14, 2022, Defendant failed to respond to Plaintiff's discovery demands for over 6 months. EXHIBIT G  Plaintiff filed motion for sanctions against Defendant and his counsel on September 22, 2021 and March 15, 202. EXHBIT H

**Erroneous or omitted Facts Findings**

R&R states that Plaintiff confirmed the two prior abortions. However, nowhere on the records states such a fact.  On the other hand, Plaintiff repeatedly stated that Plaintiff's has only one prior abortion which occurred approximately ten (10) years ago.  Further, Plaintiff's expert opined that the prior abortion is not relevant to act in this claim where the Defendant failed to perform the abortion. Omitted Facts Statements including but not limited to: Defendant's failure to respond to Plaintiff's discovery demands, admission, interrogatories, expert report; Defendant agreed Plaintiff has no need to hire an expert during discovery scheduling  as medical records of the Defendant and other two (2) physicians in South Korea already showed that Defendant failed to remove Plaintiff's pregnancy; EBT time for Plaintiff in bad faith and to delay the case intentionally; and False statements by Defendant's Counsel: defendant's expert recommended the failure of abortion was related to the prior abortion that occurred over 10 years ago.

However, Defendant has never served the expert's report although Plaintiff demanded the expert's report numerous occasions; Omitted Plaintiff's motion to compel and Plaintiff's discovery responses and demands; Omitted Plaintiff's claim for lack of consent; Omitted Plaintiff's request a settlement conference; Irrelevant Unilateral Arguments by the Defendant that Abortion was illegal in Korea until 2021. It's not an issue in this action and Defendant caused to remove the left of the fetus.

**THE LAW**

Determining dismissal of the action must review whole records in the case, " AS ARE JUST". Rule 37(b) provides that a court may impose santions "as are just" on a party for disobedience of a discovery order. *Fed.R.Civ.P*. 37(b)(2). "sanctions must be weighed in light of the full record in the case." *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir.1979) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976)).

It is well settled the following five factors should be considered to determine whether a district court properly excised its discretion to impose discovery sanction for dismissal(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the noncompliant party had been warned of the consequences of noncompliance." *Ayinola v. Lajaunie*, 855 Fed.Appx. 30, 32 (2021)

However, "[t]he sanction of dismissal should not be imposed under Rule 37 unless the failure to comply with a pretrial production order is due to 'willfulness, bad faith, or any fault' of the [sanctioned party]." *Id*. ( quoting) *Salahuddin v. Harris,* 782 F.2d 1127, 1132 (2d Cir. 1986) ; A district court abuses its discretion in issuing harsh sanctions where lesser efficacious alternatives are available See *Ayinola v. Lajaunie*, 855 Fed.Appx. 30, 33 (2021).  Also *See Shcherbakovskiy v. Da Capo Al Fine, Ltd*., 490 F.3d 130, 138 (2007) **("**a party is not obliged to produce, at the risk of sanctions, documents that it does not possess or cannot obtain) ; Fed.R.Civ.P. 34(a) ("Any may serve on any other party a request ... to produce ... documents ... which are in the *possession, custody or control* of the party upon whom the request is served ...." (emphasis added))

Court found that trial court abused its discretion when the party's noncompliance is due to factors beyond the party's control imposing sanctions for dismissal. *Burgie v. Euro Brokers, Inc.,* Not Reported in F.Supp.2d (2006) **(**"…whether plaintiff's non-compliance was willful, or the reasons for plaintiff's non-compliance, non-compliance may be deemed willful "when the court's orders have been clear, when the party has understood them and when the party's noncompliance is not due to factors beyond the party's control.") ( citing *Baba v. Japan Travel Bureau Int'l, Inc.,* 165 F.R.D. 398, 402-403 (S.D.N.Y.1996), *aff'd* 111 F.3d 2 (2d Cir.1997)

Dismissal under Rule 41(b) for failure to comply with a court order is governed by five factors:[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair

chance to be heard, and [5] whether the judge has adequately assessed the efficacy of lesser sanctions. *Scott v. City of New York*, 591 F.Supp.2d 554, 564 (2008).

# ARGUMENTS

## THERE IS AN ABSENSE OF WILLFUL DISREGARD OR BAD FAITH BECASUSE THE PLAINTIFF HAS COMPLIED WITH THE COURT ORDER ENERED ON AUGUST 11, 2021 & JANUARY 13, 2022.

Plaintiff Complied with the Orders[1]. Plaintiff had No Willfulness or No Bad Faith. The Court's Minute's Order dated January 13, 2022 includes ""records regarding her lost earnings; the names of her experts and their expert reports; and authorizations for collateral source insurance records from 2010 through the present.") *Id*

---

[1] **Order 8.11, 2021**

ORDER: The Court held a telephone conference in plaintiff's medical malpractice case on August 11, 2021. Defendant's motion to compel, ECF Nos. [15]-[17], is granted. By September 10, 2021, plaintiff shall provide: records regarding her lost earnings; the names of her experts and their expert reports; and authorizations for collateral source insurance records from 2010 through the present. This is a Court Order and plaintiff must comply. Plaintiff is warned that if she fails to comply with the Court's Order to produce discovery, she may be subject to sanctions, which could include dismissal of this action.
The parties shall complete all discovery, including depositions, by September 30, 2021. Plaintiff shall make herself available for her deposition ahead of the September 30, 2021 deadline. Depositions should be conducted remotely.

1/13/2022 Order:

ORDER: Defendant, with plaintiff's consent, requests an extension of time to complete discovery. ECF No. [34]. The request is granted. The parties shall complete all discovery by January 28, 2022. Defendant states that plaintiff has still failed to produce discovery in accordance with the Court's prior Order. Id. The Court previously set a motion schedule for defendant's motion to dismiss and plaintiff's motion for sanctions. If plaintiff fails to produce the outstanding discovery by January 28, 2022, the parties shall serve and brief their motions as follows: defendant shall serve his motion to dismiss and plaintiff shall serve her motion for sanctions by February 4, 2022; plaintiff shall serve her opposition to defendant's motion to dismiss and defendant shall serve his opposition to the motion for sanctions by February 25, 2022; the parties may serve a reply regarding their motions by March 4, 2022; The parties fully briefed motions shall be electronically filed on March 4, 2022. No request to extend these deadlines will be considered unless it is made in writing on notice to the other side at least three days before the deadline. Plaintiff's previously filed motion for sanctions, ECF No. [25], which was filed without being fully briefed, shall be marked as withdrawn without prejudice and refiled according to the schedule set forth above. Ordered by Magistrate Judge Lois Bloom on 1/13/2022. (Rein, Gilbert)

### *Authorizations for Collateral Source Insurance Records*

Plaintiff provided authorization for collateral source insurance records from 2020 through the present on August 24, 2021 and it was sent again on January 28, 2022.

### *Expert Report*

Plaintiff provided her expert report on September 12, 2021 and resent it on January 28, 2022 that included the name of the expert, specialties and experiences.

### *Plaintiff's deposition was completed on January 5, 2022 & January 6, 2022*.

Defendant's deposition was completed on January 25, 2022.   Plaintiff indeed complied with this Court's Minute order dated January 13, 2022. The Order compelled the production of specific discovery based on the Court's Minute Order dated August 11, 2021.

### *Plaintiff's Loss of Earning*

As for the loss of earnings, On August 11, 2021, the Hon. Magistrate Judge ordered that the Plaintiff shall provide records regarding her lost earnings. This was done without providing any legal authority. Plaintiff has no records of wages for the prior year. Plaintiff stated in a letter motion dated August 10, 2021, that when an injured worker does not have wage records for the prior year, the injured worker should be compensated as a minimum wage worker under the New York Worker's Compensation Act, and such was cited regarding No Fault Insurance companies. Transcript page 22, lines14-18.

### *Plaintiff does not have custody of the insurance provider's records or reasonable access to the records.*

The only reason the defendant filed a motion to compel was that the Defendant

faced a delay in getting necessary records from South Korea, and so the Defendant tried to force Plaintiff to get the records for defendant. Plaintiff has already served the authorizations to Defendant. Plaintiff is not obliged to provide documents where Plaintiff has no custody of the medical records or reasonable access to the records. Rule 34 of the Federal Rules of Civil Procedure requires a party to produce documents and other tangible objects that are within the party's "possession, custody or control." See *Coventry Capital US LLC v. EEA Life Settlements, Inc.,* 329 F.R.D. 508, 515 (2019). A document or tangible object is within a party's control if the party has the practical ability to obtain the document or object. *In re NTL, Inc. Sec. Litig.,* 244 F.R.D. 179, 195 (S.D.N.Y. 2007); *See Shcherbakovskiy v. Da Capo Al Fine, Ltd.,* 490 F.3d 130, 138 (2007) **("**a party is not obliged to produce, at the risk of sanctions, documents that it does not possess or cannot obtain) ; Fed.R.Civ.P. 34(a) ("Any may serve on any other party a request ... to produce ... documents ... which are in the *possession, custody or control* of the party upon whom the request is served ...." (Emphasis added))

The R&R states that court reiterated its ruling, stating " I am granting { defendant's} motion to compel, which will require [ plaintiff] to turn over records and respond to their interrogatories by September 10th." R&R, page 3, at lines 9-12. The Order did not include above, nor did the above include notice or warning. The Orders did not include in particular surgical record or insurance record either, but authorizations.

Thus, the sanction for dismissal should not be imposed for the additional oral order above. Also, as the term of "records" is vague or broad, it should not be included the sanctionable order. If it assumes to turn over medical records, Plaintiff has already provided any and all medical records that she possesses.

With respect to the "respond to interrogatories", Plaintiff already served the responses to the interrogatories. Rather, during the conference on August 11, 2021 and March 14, 2022, Plaintiff requested to compel defendant's outstanding discovery responses, including admissions, interrogatories, expert report. Defendant failed to comply with the Order dated January 13, 2022, which was " **The parties shall complete all discovery by January 28, 2022**" Plaintiff served discovery demands to defendant as follows: Plaintiff sent good faith letter for demand for production of documents and things dated on December 13, 2021, Plaintiff's first set of interrogatories dated on February 9, 2021, Plaintiff's Second set of interrogatories dated on December 13, 2021,  Defendant's discovery deficiencies were addressed in a good faith letter to Defendant's counsel dated January 28, 2022.

The missing items of discovery, include the following:

- Expert reports and documentation from experts consulted by Defendant in accordance with Plaintiff's demand nos. 1, 9j, 9k, and 9p.

Defendant has represented that it consulted with an expert in this matter, contrary to inconsistent discovery responses it has given, and in a letter dated February 1, 2022 (copy attached) Defendant stated he would provide expert disclosure under separate cover, but he has failed to do so.

- Any other information pertaining to Plaintiff's claims or Defendant's defenses pursuant to demand no. 9c.

Respectfully, this is a demand designed to reach any such materials withheld from Plaintiff on the basis of an unsubstantiated claim of "privilege" or other objections interposed by Defendant, including the many objections contained in Defendant's January 25, 2022 Response to Plaintiff's Second Set of Interrogatories.

The Federal Rules of Civil Procedure grant parties in lawsuits broad rights to discovery, and Defendant should produce any other relevant materials in his possession or state that there are none. See *King v. Ortiz*, 17 CV 7507 (EDNY May 2, 2019)

- Information on other malpractice claims besides this Plaintiff's pursuant to demand nos. 9h and 9i.

Defendant has objected to the said demand on the basis that this information is a matter of public record, but this is not a valid ground to refuse to produce this information.  See, e.g., *Ferdman v. CBS Interactive Inc.* , 342 F. Supp3d 515, 526-529 (SDNY 2018) (a party failed to produce documents in his possession relating to a copyright registration except to state that the opposing party could have obtained the records from the U.S. Copyright Office);

- Information as to hospitals where Defendant Kim had privileges in the past 10 years and any such hospitals where Defendant Kim's privileges were revoked, pursuant to demand 9w.

Defendant has objected to this demand on the bases of New York Education Law sec. 6527, and Public Health Law sec. 2805. Although these statutes provide for the confidentiality/non disclosure of certain records, neither precludes disclosure of the names of hospitals where a physician had and/or lost privileges.

Rule 26(a)(1), mandates that a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under *Federal Rule of Evidence 702, 703, or 705*. Plaintiff demanded the aforesaid information about witnesses from Defendant both through a request for Admissions and a set of Interrogatories sent pursuant to Rules 33 & 36 on February 9, 2021. In addition, Plaintiff sent several good faith letters, including the dates of July 6, 2021, and August 11, 2021, asking for responses to the Admissions and Interrogatories and to date no response has been issued.

Rule 26(a)(2)(B) requires that reports be submitted **90 days before trial** and that rebuttals be submitted 30 days after the other party's disclosure. However, a stipulation or a specific date set by the court can (and often does) change this deadline in specific cases.

Surprisingly enough, on August 11, 2021, the Hon. Magistrate Judge ordered that the PLAINTIFF ONLY must disclose her experts and their expert reports. No such Order was issued against the Defendant.   Further, the Hon. Magistrate Judge denied the plaintiff's motion to compel defendant's outstanding discovery responses without providing any legal reason or legal authority. This is highly prejudicial to the Plaintiff. *See* transcript page 5, lines 5-6 (Ms. Lee: "Your honor, should the Plaintiff send a letter motion to compel defendants? The Court: "No, absolutely not."; also *see* transcript page 5, lines 20-21("We (Plaintiff) demanded the admissions and interrogatories back to February 9, 2021.")

Furthermore, Defendant has delayed the action by inhuman treatments on Plaintiff who forced to depose during overnight. Plaintiff put efforts to resolve the deposition time of Plaintiff

but Defendant maliciously refused and insisted the deposition overnight on Plaintiff in Korean time but Defendant during day time in New York time.

Also, Plaintiff requested the Court to involved in the time adjustment but the court didn't resolve the issue. Right before the plaintiff's deposition deadline, Defendant's new Counsel, Ms. Gil, agreed to adjust the time to depose Plaintiff

**Plaintiff has already established the claims.**

The court must review the whole records in the case to impose sanctions for dismissal. Plaintiff's all claims have been proved and the trial court should consider on the merits not the formality.

**Failure to terminate Plaintiff's Pregnancy**

On December 13, 2017, Defendant Dr. Kim admitted his failure to terminate Plaintiff's pregnancy by stating that Plaintiff was recalled to review the results of the termination of pregnancy on November 27, 2017 and Defendant explained to the Plaintiff that the pregnancy was still present. (Defendant Dr. Kim's note, page 31)

In addition, the two physicians in South Korea examined the Plaintiff, including the use of ultrasound test, and determined the damaged fetus was still alive in Plaintiff's womb. Plaintiff provided all medical records to Defendant. **EXHIBIT I** (MED REC_ROSEMOM BOGY CLINIC); (MED REC_MIRAE Obstetrics and gynecology_12.19.2017)

Plaintiff's expert report revealed that Defendant deviated from the standard of care: the defendant failed to inform the plaintiff of the differential risk of failed suction curettage from 5 weeks to 7 weeks. If she had been aware of the increased risk of failure, she would likely have deferred the procedure for 1-2 weeks; the Defendant failed to examine the aspirated tissue prior to the Plaintiff's departure from the facility. If the tissue had been examined, the patient could have been offered as repeat suction curettage at that time or additional testing to rule out

persistent pregnancy.; the defendant failed to inform the plaintiff of the pathology report in a timely manner. If she had been aware of the absence of chorionic villi, she would have the option to undergo a more suction curettage.  The history of prior abortion was not a risk for failed termination of pregnancy.

**Lack of informed consent:**

Defendant failed to inform the plaintiff of any diagnose made, treatment prescribed, and risks and alternatives to said course of treatment. As proven expert's report, the pathology report in a timely manner. If she had been aware of the absence of chorionic villi, she would have the option to undergo a more suction curettage.

Plaintiff can't speak English or understand spoken English.  On November 16, 2017, Plaintiff signed a patient information sheet when an interpreter of the Defendant's staff translated said sheet into Korean and explained every single word and everything was written out in Korean.  **( P signed consent form only in Korean & English on 11/16/2016)**

Defendant's counsel misleads this court that Plaintiff signed consent form and that Plaintiff took the risk after surgery. The alleged consent form was written in English only. And, in fact, the consent form does not include any language indicating that Plaintiff consented to the risk that the Defendant may fail to properly remove the fetus. Plaintiff denied the allegation that her signatures were on consent forms dated November 27, 2017 and Plaintiff testified that the signatures, handwritten dates are not hers but someone else's. **( invalid/ forged consent form in Eng )**

On November 27, 2017, she met Defendant at the Queens Surgical Center. There was no Korean interpreter and Defendant can't speak Korean. Defendant gestured for the Plaintiff to

follow Defendant into a room and Defendant preformed the surgery directly.  Plaintiff did not sign any papers on November 27, 2017.  **( EBT transcript of P)**

Plaintiff must point out that Defendant's counsel Ms. Heyleyman untruthfully stated that Plaintiff came to New York only to obtain the abortion at issue. Plaintiff was travelling in the United State before she saw the Defendant.  Plaintiff visited Defendant for the first time on November 16, 2017 as her symptoms indicated that she was likely pregnant. Defendant told Plaintiff that it's too early to determine whether Plaintiff was pregnant or not, and asked Plaintiff to come later. During her second visit, Defendant confirmed that the plaintiff was indeed pregnant and performed the surgery on November 27, 2017. The Defendant's counsel falsely alleged the above only to insult or harass the Plaintiff.

As stated PROCEDURAL HISTORY above, Plaintiff complied with the Order as much as her ability while Defendant intentionally was delaying his discovery responses and the depositors, Defendant was not suffered prejudice for the delay, but Plaintiff suffered prejudice due to defendant's delays.

## **CONCLUSION**

Based on the foregoing, Plaintiff complied with the Court Orders and there is an absence of willful disregard, bad faith, and intentional delays for non-compliance  but Defendant committed misconducts willfully in bad faith to delay this action, and it is respectfully requested that  R & R should be denied in its entirety.

Dated : Uniondale, New York

May 23, 2022

                                                Respectfully submitted,

                                         /s/ *Jae S. Lee*
                                         Jae S. Lee
                                      Attorney for Plaintiff