UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MINHYE PARK,

                Plaintiff,         Case No. 1:20-cv-02636

      -against-

DAVID DENNIS KIM, M.D.

                Defendants
----------------------------------------------------------------X

## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Now comes the Plaintiff MINHYE PARK, by and through his attorneys of record herein and files this Motion for Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and would show unto the Court the following:

1.     This lawsuit has not been set for trial yet. The Defendant has scheduled the deposition of the Plaintiff for September 20, 2021, at 10:00AM. Rule 30(b)(1) requires that a deposition notice identify the time and place of the deposition. In a remote deposition, **this location is deemed to be the "place where the deponent answers the questions" under Rule 30(b)(4).**

2.     The Plaintiff requests the Court enter a protective order that the deposition of Plaintiff not be taken on September 20, 2021, as scheduled. The reason for the Motion for Protective Order is that the Plaintiff is a resident of South Korea and is ready to attend the deposition on September 20, 2021.

However, due to the time difference of thirteen (13) hours between South Korea and New York, Plaintiff suggested, on September 17, 202, to the Defendant that the Defendant change the starting time to 08:00 AM, New York Time (21:00 PM South Korea Time). Plaintiff also requested that the deposition be finished at midnight South Korean Time. Alternatively, the Plaintiff suggested starting at 20:00 PM New York Time (09:00 AM South Korea Time) if Defendant wants to continue seven (7) hours a day. Defendant, however, insists that the deposition continue for seven (7) hours a day in New York Time and repeatedly rejected all Plaintiff's proposals for a reasonable time for the deposition. The insistence of the Defendant to depose as scheduled is only designed to harass Plaintiff physically and psychologically. This is shown by the fact the Defendant is insisting that the Plaintiff attend the deposition OVERNIGHT in South Korea. This is absurd.

Only two days remain before the scheduled date of Plaintiff's deposition, and yet the parties have not agreed to the starting time for the deposition.

3. The Defendant should not be allowed to treat Plaintiff inhumanely and tortuously by performing an overnight deposition of Plaintiff. Defendant would suffer no prejudice by a simple, short delay of the Plaintiff's deposition. Therefore, the Plaintiff requests the Court enter a protective order that the deposition of Plaintiff not be taken until such time as the Defendant and Plaintiff have adequately and fairly set up the deposition time that is appropriate to all parties.

4. Additionally, Plaintiff seeks sanctions against Defendant and his counsel, Ms. Newman, pursuant to Rule 11 and attorneys' fees pursuant to 15 U.S.C § 1692k(a)(3), Fed. R. Civ. P. Rule 54(d), and 28 U.S.C. § 1927 because Defendants filed this motion without any basis

in fact or in law. Ms. Newman filed above in bad faith and for the purpose of harassing Plaintiff. Defendant has defamed and humiliated the Plaintiff by sending a false letter to the court that stated that Plaintiff came to New York to obtain an abortion. *See* Defendant's letter filed on July 17, 2021. Plaintiff was travelling in the United State before she saw the Defendant. Plaintiff visited Defendant for the first time on November 16, 2017 as her symptoms indicated that she was likely pregnant. Defendant told Plaintiff that it's too early to determine whether Plaintiff was pregnant or not, and asked Plaintiff to come later. During her second visit on November 21, 2017, Defendant confirmed that the plaintiff was indeed pregnant. It's impossible for Plaintiff to discover her pregnancy before Plaintiff came to New York. Ms. Newman also untruthfully stated in her motion to compel, " Prior to treatment at issue, Plaintiff underwent two abortions in South Korea." *See* Def motion filed on July 29, 2021, doc #17-16, page 165, para 3. Obviously defendant's counsel's above statements are false and sanctions against Ms. Newman's repeated bad faiths are warranted.

**WHEREFORE**, Plaintiff, MINHYE PARK, moves the Court for a Protective Order that prevents the deposition of Plaintiff from being taken until such time as the Plaintiff and the Defendant can mutually agree to a reasonable time for said deposition.

Dated: Uniondale, New York
September 18, 2021

Respectfully submitted,

_____/s/ Jae s. Lee_____
Jae S. Lee, Esq
JSL LAW OFFICES, P.C.
*Attorneys for Plaintiff*
626 RXR PLAZA
UNIONDALE, NY 11556
(718) 461-8000

CERTIFICATE OF SERVICE

      I, Jae S. Lee, do hereby certify that I have this day caused to be sent by Email and via United States mail, first class postage prepaid, a true and correct copy of the above and foregoing pleading to the following counsel for Defendant:

      Heidell, Pittoni, Murphy & Bach, LLP
      Attorneys for Defendant
      99 Park Avenue 7th Fl
      New York, New York 10016
      212-286-8585
      hnewman@hpmb.com

      _____/s/ Jae s. Lee_____
      Jae S. Lee

ATTORNEY FOR PLAINTIFF

THIS, the 18th day of September 2021.