UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MINHYE PARK,

                            Plaintiff,                  Index No.: 1:20-cv-02636

    -against-

DAVID DENNIS KIM, M.D.,

                          Defendant.
-------------------------------------------------------------------X

# DEFENDANT'S RESPONSE TO PLAINTIFF'S RULE 72 OBJECTIONS

**HEIDELL, PITTONI, MURPHY & BACH, LLP**
81 Main Street
White Plains, New York 10601
T: (914) 559-3100
F: (914) 949-1160
agil@hpmb.com

On the Memorandum:
**Alejandra R. Gil, Esq.**

**Attorneys for Defendant David Dennis Kim, M.D.**

2574747.1

1. Objections made to a magistrate judge's ruling pursuant to FRCP Rule 72(a) should only be sustained if the ruling was ***clearly erroneous or contrary to law***. See Fed. R. Civ. P. 72(a) (emphasis added); see also 28 U.S.C. § 636(b)(1)(A); Janik v. Spin Media, Inc., 2017 U.S. Dist. LEXIS 199343, 2017 WL 6021644 (S.D.N.Y. 2017). The reviewing court can determine that an order is "clearly erroneous" if it finds, based on a review of the evidence, that a mistake has been made. See Janik, 2017 U.S. Dist. LEXIS 199343 at *3. If the reviewing court finds that an order failed to apply, or misapplied relevant statutes, case law, or rules of procedure, the objection can be sustained based on a determination that the order was contrary to law. Id.

2. Plaintiff's objections to Magistrate Judge Bloom's Report and Recommendation utterly fail to articulate how Judge Bloom's order was contrary to law. Instead, plaintiff makes nonsensical arguments rehashing issues that were not addressed in defendant's motion to dismiss and attempts to shift the focus to what she perceives to be defendant's noncompliance with discovery orders. Plaintiff's submission is replete with misrepresentations and does nothing more than reiterate her unwillingness to comply with discovery orders. For these reasons, plaintiff's objections should be overruled.

**PLAINTIFF'S ARGUMENTS REGARDING DEFENDANT'S ALLEGED NONCOMPLIANCE WITH DISCOVERY DEMANDS AND ORDERS MUST BE DISREGARDED**

3. The subject Report and Recommendation addressed only defendant's motion to dismiss. Although plaintiff was given a deadline of February 4, 2022, to file a motion for sanctions, she failed to timely file such motion. Instead, plaintiff filed her "motion for sanctions" on March 15, 2022, after the Court had already issued an Order stating that a motion would not be accepted. In the Report and Recommendation, Judge Bloom recommended that the motion for sanctions not be considered, or in the alternative, that it be denied. In her Rule 72

Objection, plaintiff offers no excuse or explanation for her failure to abide by the Court's briefing schedule.  Plaintiff also fails to cite any case law to persuade this Court that Judge Bloom's recommendation regarding the motion for sanctions was clearly erroneous.

4. Defendant will not follow plaintiff down her legal rabbit hole by addressing each of her unfounded claims regarding defendant's discovery responses.  However, some of her misrepresentations must be addressed.

5. First, defendant's motion to dismiss did not address depositions.  Depositions were completed and defendant made no arguments to the contrary.  Plaintiff, however, dedicates an entire page, and additional paragraphs dispersed throughout her papers, to the timing of the depositions and disparages defense counsel by claiming that defense counsel inhumanely treated plaintiff.  These arguments are nothing more than a red herring to detract from plaintiff counsel's own unprofessionalism.

6. Second, plaintiff disingenuously states, several times in her papers, that defendant did not serve an expert report.  Plaintiff admits that the expert report was sent to her via e-mail, but she claims she was unable to open it and that defense counsel "failed to resent it or even respond to the request."  This is patently false.  On March 4, 2022, defense counsel mailed a hard copy of the expert report to plaintiff's counsel.  (See Exh. A, cover letter and affidavit of service.)

7. The remainder of plaintiff's arguments regarding defendant's discovery responses address alleged deficiencies in the content of the responses.  As was noted by Judge Bloom in her Report and Recommendation, plaintiff did not timely or properly brief her "motion for sanctions."  Consequently, her objections as to these issues should be overruled.

2574747.1

## PLAINTIFF HAS NOT ARTICULATED ANY ERRONEOUS OR OMITTED FACT FINDINGS

8. In the section of her papers titled "Erroneous or omitted Fact Findings," (PACER Doc. 42, p. 3 of 14) plaintiff again argues that she had one, not two, abortions prior to the subject abortion. However, the question of whether Ms. Park had one or two abortions is irrelevant to defendant's motion to dismiss. The only relevant question is whether plaintiff and her counsel supplied the necessary discovery for defendant to determine whether Ms. Park had one or two abortions. The answer to that question is no, as articulated in the Report and Recommendation.

9. The remainder of this section of plaintiff's papers contains a stream of incomprehensible statements with no legal argument. Amongst those statements is the following: "defendant agreed plaintiff has no need to hire an expert during discovery scheduling as medical records of the defendant and other two (2) physicians in South Korea already showed that defendant failed to remove plaintiff's pregnancy." Plaintiff, not surprisingly, does not support this statement with a citation to the record. Defendant never "agreed" to this and plaintiff's inclusion of this statement in her papers is confusing. Defendant cannot address the remainder of this section because it is incomprehensible.

## THE COURT CORRECTLY RULED THAT DISMISSAL WAS THE APPROPRIATE SANCTION

10. As she has throughout the course of this litigation, plaintiff's counsel continues to insist that she does not need to comply with this Court's orders, without offering any legal support for her argument that her discovery responses were adequate. Plaintiff attempts to establish that dismissal was not warranted, but her legal arguments are woefully inadequate. When considering whether dismissal is warranted, the court should consider four factors: "(1) the

2574747.1

willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009). In the Report and Recommendation, Judge Bloom addresses each of these factors. By contrast, plaintiff only superficially addresses the willfulness and warning factors.

11. Plaintiff argues that she provided an authorization for her collateral source records, and that nothing more is required of her. This item of discovery was addressed in various court orders. Defendant demanded an authorization AND the actual collateral source records, and plaintiff was directed to provide both by order dated August 11, 2021. This was noted in the Report and Recommendation. In her objection, plaintiff argues that she is not obliged to produce documents where "plaintiff has no custody of the medical records or reasonable access to the records," however, she has consistently failed to show this Court that she made even a minimal effort to obtain plaintiff's collateral source records. Rather, plaintiff has repeatedly stated that she does not work for defendant and that she need only provide an authorization. Willfulness has clearly been established.

12. Plaintiff also states that she provided an expert report, but she does not explain why the deficiencies of her report, as stated in defendant's correspondence to plaintiff, and noted in the Report and Recommendation, should be disregarded. Plaintiff has not offered any supplement to her report, nor has she offered any legal argument as to why her expert report should be considered proper under FRCP Rule 26(a)(2)(B). This is further evidence of plaintiff's willfulness to disregard court orders and the Federal Rules of Civil Procedure.

13. Finally, as to her documentation of lost earnings, plaintiff continues to insist that documentation is not required and that her lost earnings can be calculated according to the New York Worker's Compensation Act. Plaintiff again disregards the court orders directing her to provide documentation of her lost earnings, and she offers no legal support for her reliance on the New York Worker's Compensation Act. Plaintiff's failure to offer any explanation or excuse beyond what she has already articulated is further proof of her willful noncompliance.

14. Plaintiff also insincerely claims that she was not warned of the possibility of dismissal for failure to comply with court orders. Plaintiff's counsel was specifically warned of this sanction during the conference held on August 11, 2021, and again in an electronic order of the same date.

15. Plaintiff has failed to show that Judge Bloom incorrectly applied the law regarding dismissal for noncompliance, or that the Report and Recommendation omitted or ignored facts. Consequently, plaintiff's objections regarding the propriety of dismissal as a sanction must be overruled.

## PLAINTIFF'S ARGUMENTS REGARDING THE SUBSTANCE OF HER CLAIMS ARE IMPROPERLY RAISED IN THE INSTANT MOTION SEQUENCE

16. Defendant moved to dismiss this action based on plaintiff's noncompliance with discovery demands and court orders. Defendant did not move for summary judgment. Yet, inexplicably, plaintiff has repeatedly argued that she has proven her claims for medical malpractice and lack of informed consent against defendant. Seemingly recognizing that these arguments were not proper in a motion to dismiss, the Court did not address them in the Report and Recommendation. Plaintiff offers no legal support for this Court to find that Judge Bloom erred in not addressing plaintiff's substantive arguments regarding her claims. As such, the objections must be overruled.

2574747.1

## DEFENDANT DID NOT MAKE ANY UNTRUTHFUL OR MISLEADING REPRESENTATIONS TO THE COURT

17. Throughout her papers, plaintiff's counsel repeatedly makes unfounded accusations that defense counsel made misleading statements to the court. For example, plaintiff claims that "defendant's counsel misleads this court that Plaintiff signed consent form and that Plaintiff took the risk after surgery." Plaintiff's counsel goes on to argue the substance of her informed consent claim, which is not at issue in the motion to dismiss, as discussed above. Defense counsel did not "mislead" the court. Defense counsel simply stated an aspect of the defense which is based on documentary evidence, that is, the signed informed consent form. Whether or not plaintiff understood what she signed is a factual issue, and not one to be resolved in this motion sequence. Plaintiff's accusations are not rooted in fact and serve no legal purpose.

18. Plaintiff's counsel also claims that defense counsel, specifically Hayley Newman, "untruthfully stated that Plaintiff came to New York only to obtain the abortion at issue [and] … falsely alleged the above only to insult or harass the plaintiff." (PACER Doc. No. 42, p. 13.) Again, this accusation is not submitted in support of any legal argument that would be appropriate as an objection to the Report and Recommendation. It is unclear why plaintiff even included this statement in her papers. Notwithstanding, it is patently false. Presumably, plaintiff is referring to correspondence filed with the Court at PACER Doc. 15 in which Ms. Newman stated that "plaintiff is a resident of South Korea and traveled to New York for the procedure." This narrative was drafted based on the factual allegations in the complaint, which were vague. It was unclear at that point in discovery, prior to plaintiff's deposition, what the purpose of plaintiff's visit to New York was. Based on the information in the complaint, defense counsel understood that plaintiff traveled to New York to undergo an abortion. The purpose of this statement was to provide a summary of the facts at issue as we understood them at the time, not to insult and harass

2574747.1

plaintiff. Plaintiff's accusations serve no legal purpose and are disingenuous. As such, they should be disregarded by this Court.

## CONCLUSION

Rule 72 (a) "imposes a heavy burden on the objecting party" and "only permits reversal where the magistrate judge abused [his or her] discretion." <u>Mitchell v. Century, 21 Rustic Realty</u>, 233 F. Supp. 2d 418, 430 (E.D.N.Y. 2002). Plaintiff's objections offer no legal or factual basis for this Court to find that Judge Bloom abused her discretion. For the reasons outlined above, Defendant respectfully requests that plaintiff's Rule 72 objections be overruled and that the Report and Recommendation be adopted in its entirety.

Dated: White Plains, New York
June 8, 2022

_____
Alejandra R. Gil (AG7582)

2574747.1