UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

MINHYE PARK,

                     Plaintiff,                   Index No.:  1:20-cv-02636

     -against-

DAVID DENNIS KIM, M.D.,

                     Defendant.

--------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## APPLICATION FOR ATTORNEYS' FEES

**HEIDELL, PITTONI, MURPHY & BACH, LLP**
81 Main Street
White Plains, New York 10601
T:  (914) 559-3100
F:  (914) 949-1160
agil@hpmb.com

On the Memorandum:
**Alejandra R. Gil, Esq.**

**Attorneys for Defendant David Dennis Kim, M.D.**

2613522.1

## <u>TABLE OF CONTENTS</u>

**PRELIMINARY STATEMENT** ................................................................................................. 1

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND** ....................................... 1

**LEGAL ARGUMENT** ............................................................................................................... 2

**CONCLUSION** ........................................................................................................................... 5

# **TABLE OF AUTHORITIES**

## Cases

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182 (2d Cir. 2008.) ................................................................................................................................. 2

*Au New Haven, LLC v.  YKK Corporation,* 2018 U.S. Dist. LEXIS 3073 (S.D.N.Y. 2018) ......... 3

*Ceglia v. Zuckerberg*, 2012 U.S. Dist. LEXIS 3035 (W.D.N.Y. 2012) ......................................... 4

*Farmer v. Hyde Your Eyes Optical, Inc.*, 2015 U.S. Dist. LEXIS 62904 (S.D.N.Y 2015) ............ 3

*Millea v. Metro-North R.R.,* 658 F.3d 154 (2d Cir. 2011.) .......................................................... 2

*Regulatory Fundamentals Grp. LLC v. Governance Risk Mgmt. Compliance, LLC,* 2014 U.S. Dist. LEXIS 135600 (S.D.N.Y. Sept. 24, 2014) ....................................................................... 3

## PRELIMINARY STATEMENT

Defendant David Dennis Kim, M.D., respectfully submits this memorandum of law in support of his application for reasonable attorneys' fees pursuant to Rule 37(b)(2)(c) of the Federal Rules of Civil Procedure.

By Report and Recommendation dated April 25, 2022, United States Magistrate Judge Lois Bloom recommended dismissal of plaintiff's action, and an award of reasonable attorneys' fees to be paid by plaintiff to defendant.  United States District Judge Pamela K. Chen adopted Magistrate Bloom's Report and Recommendation in full, by Order dated August 24, 2022, and directed defendant to submit a reasonable fee application supported by contemporaneous records, along with a brief addressing who should be responsible for the fees, plaintiff, or her counsel.

Annexed as **Exhibit A** is a detailed accounting of the fees incurred, and balance paid, by defendant related to the motion to dismiss.  As will be addressed below, the amount of time spent on the motion to dismiss was reasonable, as was the hourly rate.  It is also defendant's position that plaintiff's counsel, not plaintiff, should be responsible for payment of the fees. Consequently, defendant respectfully requests that the full amount of $8,053.50 for attorneys' fees be paid by Jae Lee, Esq. of JSL Law Offices, P.C.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Briefly, this is a medical malpractice action in which Plaintiff claims that Dr. Kim negligently performed an abortion in November of 2017.  Plaintiff further alleges that the procedure was performed without her informed consent and that after the procedure, she suffered physical injuries, emotional distress, and was unable to work.  Defendant moved to dismiss because Plaintiff failed to produce basic document discovery or, complete interrogatory responses relevant to the claims made in this case, despite court orders compelling such production.

1

Magistrate Judge Bloom and District Judge Chen both found that plaintiff had failed to comply with the Court's discovery orders and willfully refused to fulfill her discovery obligations. The Court acknowledged that discovery deadlines were extended several times, and plaintiff still refused to comply with court ordered deadlines. Magistrate Judge Bloom concluded that "plaintiff's interest in having her case proceed does not outweigh her obligation to obey the Court." The motion to dismiss was granted and reasonable attorneys' fees were awarded to defendant. The only issues left to be decided are the amount of attorneys' fees to be paid to defendant, and whether they should be paid by plaintiff or her counsel.

## <u>LEGAL ARGUMENT</u>

It is well settled that the courts have broad discretion to determine a fee award based on the circumstances of a case. An award for attorney's fees is reasonable if the court finds that it is based on a "reasonable hourly rate" that a paying client would be willing to pay. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008.) The "lodestar" approach to calculating reasonable attorney's fees multiples the reasonable hourly rate by the reasonable number of hours required to complete the task, in this matter, the motion to dismiss. *Millea v. Metro-North R.R.,* 658 F.3d 154, 166 (2d Cir. 2011.)

Annexed as **<u>Exhibit A</u>** are the contemporaneous billing records related to the motion to dismiss which resulted in dismissal of plaintiff's complaint and an award for attorneys' fees. The total amount of attorneys' fees billed by Partner Alejandra R. Gil (ARG[1]) and Associate Bianca Van Deusen (BMV) is $8,053.50. The total amount of hours is 46.30. A portion of the

---

[1] The initials ARG and BMV are used under the "timekeeper" header in Exhibit A to indicate who performed the task.

2

fees, $4,932.00, was already paid by Dr. Kim's medical malpractice insurance carrier, MedPro. The remainder of the fees, $3,121.50, will be invoiced during the next billing cycle.[2]

Defendant submits that the rates are reasonable for a firm in the metropolitan New York/Westchester area.  The partner rate is $245.00 per hour, and the associate rate is $200.00 per hour.  In the Southern District, in 2018, the court found that attorney/law clerk rates in the range of $650 - $170 were reasonable, citing a 2010 case which held that "district courts have approved rates for experienced law firm partners in the range of $500 to $800 per hour and rates for law firm associates in the range of $200 to $450 per hour."  *See Au New Haven, LLC v. YKK Corporation,* 2018 U.S. Dist. LEXIS 3073, at *23-24 (S.D.N.Y. 2018), quoting *Regulatory Fundamentals Grp. LLC v. Governance Risk Mgmt. Compliance, LLC,* No. 13-CV-2493, 2014 U.S. Dist. LEXIS 135600, 2014 WL 4792082, at *2-3 (S.D.N.Y. Sept. 24, 2014).  Similarly, in a 2015 case, the court found that a rate of $360 per hour was reasonable.  *See Farmer v. Hyde Your Eyes Optical, Inc.,* 2015 U.S. Dist. LEXIS 62904, at *41 (S.D.N.Y 2015) (assessing monetary sanctions against plaintiff where he refused to provide discovery and comply with court orders, including the production of medical records and releases).

Based on the cases cited above, defendant submits that the hourly rates of $245.00 and $200.00 per hour are well within the range of attorney rates that courts in our geographical area have found reasonable.  Annexed as **Exhibit B** are the resumes of Partner Alejandra R. Gil and Associate Bianca Van Deusen to assist the Court in determining the reasonableness of the rates based on level of experience.

Furthermore, the number of hours spent on the motion to dismiss, including file review, drafting of motion papers, review of plaintiff's papers (including baseless Rule 72

---

[2] Defendant can submit additional documentation to the Court once the remainder of the fees are invoiced and payment is received.

objections), and review of the court's decision, are reasonable.  The procedural history of this case was complicated by plaintiff's counsel's own actions which required significant follow-up and communications with the court.  Defense counsel also spent a significant number of hours researching the various legal issues addressed in the motion to dismiss.

Finally, it is defendant's position that the attorney's fees should be paid by plaintiff's counsel, Jae Lee, Esq. of JSL Law Offices, P.C., not plaintiff.  Ms. Lee participated in the various court conferences during which she was warned that failure to abide by discovery orders could result in dismissal of the action.  Ms. Park did not attend these court conferences.  Ms. Lee managed the litigation of this matter and there is no indication that plaintiff herself, Minhye Park, played any role in responding to defendant's discovery demands or the pertinent court orders.

Plaintiff, Ms. Park is a resident of South Korea.  She is in her 30s and her highest level of education is high school which she completed at the age of 19 in South Korea.  She has worked several part-time and full-time jobs as a beautician at a salon, at a coffee shop, an online shopping mall, selling cosmetics, and as a bartender.  She does not speak or read English.  Ms. Park has no legal background and has not been involved in any litigation prior to the instant action.

Ms. Lee, on the other hand, is a practicing attorney who surely understands the potential ramifications of disobeying court orders.  Unlike in *Ceglia v. Zuckerberg*, 2012 U.S. Dist. LEXIS 3035, at *40, 2012 WL 75783 (W.D.N.Y. 2012), where the court found that plaintiff himself "despite being repeatedly advised by his own legal counsel to the contrary, continually failed to comply," there is nothing on the record in this case for this court to conclude that Ms. Park directed her counsel to disregard discovery requests and court orders.  As such, defendant submits that Ms. Lee should be responsible for paying 100% of defendant's attorneys' fees.

4

## **CONCLUSION**

For the reasons outlined above, Defendant respectfully requests that the Court find

that the total amount of attorneys' fees submitted is reasonable, and direct plaintiff's counsel, Ms.

Lee, to issue payment in full.

Dated: White Plains, New York
       September 7, 2022

_____

Alejandra R. Gil  (AG 7582)