UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MINHYE PARK,

                Plaintiff,

-against-

DAVID DENNIS KIM, M.D.,

                Defendant.
----------------------------------------------------------X

**ORDER**
**20 CV 2636 (PKC)(LB)**

**BLOOM, United States Magistrate Judge:**

Defendant moves for an attorney's fees award of $8,053.50 pursuant to Federal Rule of Civil Procedure 37(b)(2)(C).[1] ECF No. 46. Plaintiff did not oppose the motion despite multiple extensions of the deadline to do so. For the reasons set forth below, defendant's motion, ECF No. 46, is granted.[2]

## BACKGROUND

The Court assumes familiarity with the history of this case and limits this recitation to those facts relevant to defendant's motion for attorney's fees. Plaintiff, a resident of South Korea, commenced this medical malpractice diversity action over an allegedly unsuccessful abortion performed by defendant in Queens, New York. In July 2021, defendant moved to compel plaintiff to produce discovery material relevant to plaintiff's claims, including medical records and expert

---

[1] Pursuant to Federal Rule of Civil Procedure 11, "[e]very . . . written motion . . . must be signed by at least one attorney of record in the attorney's name" and "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Defendant's memorandum of law was filed without counsel's signature. "[F]ailure to sign is generally considered a mere technical defect if attributed to inadvertence or excusable neglect." Brefo-Sarpong v. Walcott, No. 19-CV-6053, 2020 WL 4571823, at *1 (E.D.N.Y. Aug. 7, 2020). Defendant's counsel signed the underlying motion to compel and motion for sanctions. The Court finds that defendant's counsel's failure to sign the instant application for fees is attributable to inadvertence or excusable neglect, and therefore considers the motion.

[2] As an award of attorney's fees as a discovery sanction under Rule 37 is nondispositive, defendant's motion is properly decided by a magistrate judge. Errant Gene Therapeutics, LLC v. Sloan-Kettering Inst. for Cancer Rsch., 768 F. App'x 141, 142 (2d Cir. 2019) (summary order) (finding that magistrate judge's orders awarding and calculating attorney's fees under Rule 37 were nondispositive).

1

reports. ECF Nos. 16-17. The Court granted the motion and ordered plaintiff to produce the documents and to respond to defendant's interrogatories. See Orders dated Aug. 11, 2021, Nov. 29, 2021, Jan. 13, 2022. After plaintiff failed to comply with the Court's discovery orders, defendant moved to dismiss plaintiff's complaint as a discovery sanction pursuant to Rules 37(b)(2)(A)(v) and 41(b) and for the Court to award defendant reasonable attorney's fees under Rule 37(b)(2)(C). ECF No. 35. I issued a Report and Recommendation finding that defendant's motion should be granted and that this action should be dismissed. Park v. Kim, No. 20-CV-2636, 2022 WL 4229258, at *10 (E.D.N.Y. Apr. 25, 2022). The recommendation was adopted by the Court, and the Honorable Pamela Chen dismissed plaintiff's complaint. Judge Chen also directed defendant to "submit a reasonable fee application supported by contemporaneous records as well as a brief addressing who should be responsible for the fee." Park v. Kim, No. 20-CV-2636, 2022 WL 3643966, at *5 (E.D.N.Y. Aug. 24, 2022).

Defendant timely filed the instant attorney's fees request, ECF No. 46, which the Court stayed pending plaintiff's appeal of the underlying judgment. The Second Circuit Court of Appeals affirmed the underlying judgment. Park v. Kim, 91 F.4th 610, 613 (2d Cir. 2024) (per curiam). On January 30, 2024, the Court directed plaintiff to respond to defendant's attorney's fees motion by February 13, 2024. See Order dated Jan. 30, 2024. At that point, plaintiff had been in possession of defendant's motion for over a year. On February 12, 2024, plaintiff sought a stay to allow further motion practice in the Second Circuit. ECF No. 49. The Court denied the request but granted plaintiff until April 15, 2024 to oppose defendant's motion for attorney's fees. Order dated Feb. 13, 2024. On the day plaintiff's opposition was due, plaintiff's counsel again moved for a stay. ECF No. 52. I denied the motion and directed plaintiff to file her opposition by April 18, 2024,

and warned that if she failed to do so, the Court would consider defendant's motion unopposed. See Order dated April 16, 2024. Plaintiff did not file an opposition.

## DISCUSSION

Under Rule 37(b)(2)(C), "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by" a party's failure to comply with a discovery order. Fed. R. Civ. P. 37(b)(2)(C). Such an award is mandatory unless the disobedient party shows that "the failure was substantially justified or other circumstances make an award of expenses unjust." Id. "The provision places the burden on the disobedient party to avoid expenses[,]" an allocation that is "particularly appropriate when a court order is disobeyed." Id., Advisory Committee Note to 1970 Amendments.

The Court previously found that an award of attorney's fees to defendant is mandated pursuant to Rule 37(b)(2)(C) given that plaintiff violated the Court's discovery order. Park, 2022 WL 4229258, at *10-11. There is no basis to disturb that determination. That leaves only two narrow questions: how much should be awarded to defendant (i.e. what are defendant's reasonable expenses) and who should pay the award (plaintiff, her counsel, or both). Id. The Court addresses each question in turn.

**I.      Reasonable Expenses**

As noted, while attorney's fees must be awarded pursuant to Rule 37(b)(2)(C), the amount must be reasonable. The Second Circuit "and the Supreme Court have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" Millea v. Metro-N. R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (quoting Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008)). "The reasonable hourly rate should be what a reasonable, paying client

3

would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." Bergerson v. New York State Off. of Mental Health, Cent. New York Psychiatric Ctr., 652 F.3d 277, 289 (2d Cir. 2011) (cleaned up). "This Circuit's 'forum rule' generally requires use of 'the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee.'" Id. at 290 (quoting Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009)); see also Kyros L. P.C. v. World Wrestling Ent., Inc., 78 F.4th 532, 548 (2d Cir. 2023) ("[W]e see no reason why the [forum] rule should not presumptively apply in [the sanctions] context.").

"When determining the reasonable number of hours, a court must make 'a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended.'" Huzhou Chuangtai Rongyuan Inv. Mgmt. P'ship v. Qin, No. 21-CV-9221, 2024 WL 965558, at *7 (S.D.N.Y. Mar. 5, 2024) (quoting Haley v. Pataki, 106 F.3d 478, 484 (2d Cir. 1997)). As the "essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection[,] trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." CBF Industria de Gusa S/A v. AMCI Holdings, Inc., 342 F.R.D. 84, 90 (S.D.N.Y. 2022) (quoting Fox v. Vice, 563 U.S. 826, 838 (2011)). "[A] district court need not conduct an 'item-by-item' analysis of a fee application, and vague time entries or block billing may be permissible so long as the district court is able to conduct a meaningful review of the hours requested." Rossbach v. Montefiore Med. Ctr., 81 F.4th 124, 144–45 (2d Cir. 2023) (cleaned up).

That said, the Court must ensure that "an award of costs and attorney's fees and sanctions [is] related *causally*—and not simply *temporally*—to the sanctionable conduct." Virginia Properties, LLC v. T-Mobile Ne. LLC, 865 F.3d 110, 114 (2d Cir. 2017) (emphasis in original)

4

(citation omitted); see also Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 108 (2017) (reiterating "the need for a court, when using its inherent sanctioning authority (and civil procedures), to establish a causal link—between the litigant's misbehavior and legal fees paid by the opposing party"). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). "Claims for attorney['s] fees in the Second Circuit generally must be supported by contemporaneous time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." Finkel v. Firequench, Inc., No. 23-CV-4868, 2024 WL 320870, at *6 (E.D.N.Y. Jan. 29, 2024).

Here, defendant's contemporaneous billing records reflect that partner Alejandra R. Gil and associate Bianca Van Deusen performed a total of 46.30 hours of work in connection with defendant's motion to dismiss based on plaintiff's failure to comply with the Court's discovery orders. Ms. Gil's hourly rate is $245 per hour and Ms. Van Deusen's hourly rate is $200 per hour. Although defendant cites only to out-of-district cases to establish the reasonableness of these rates, the Court nevertheless finds they fall within the range a reasonable, paying client would pay for cases litigated in the Eastern District of New York. See Rivera v. ABM Indus., Inc., No. 22-CV-1232, 2023 WL 6850327, at *4 (E.D.N.Y. Sept. 29, 2023) ("The prevailing rates for attorneys in the E.D.N.Y. are approximately $300–$450 for partners, $200–$325 for senior associates, and $100–$200 for junior associates." (citation omitted)), report and recommendation adopted, 2023 WL 6845866 (E.D.N.Y. Oct. 17, 2023). Accordingly, the Court finds that defendant's counsel's hourly rates are reasonable.

Further, having reviewed defendant's time records, which set forth in detail the hours expended and the nature of the work performed by counsel, I find the total of 46.30 hours to be

5

reasonable. Defendant seeks recovery for time spent by counsel preparing and litigating the motion to dismiss, work that was directly caused by plaintiff's failure to comply with the Court's discovery orders. As defendant notes, this work was "complicated by plaintiff's counsel's own actions which required significant follow-up and communications with the court." ECF No. 46 at 4. Defendant was forced to write to the Court after plaintiff's counsel filed opposition papers that defendant asserts differed significantly from the opposition plaintiff's counsel previously served on defendant. ECF No. 39. The hours defendant's counsel spent researching the instant fee application may also be recovered.[3] See Novick v. AXA Network, LLC, No. 07-CV-7767, 2015 WL 764021, at *4 (S.D.N.Y. Feb. 23, 2015) (awarding movant fees associated with making fee application because there was no evidence "of unreasonably dilatory or otherwise improper conduct" by the moving party). Therefore, defendant's request for $8,053.50 in attorney's fees is reasonable.

## II.     Responsible Party

Rule 37(b)(2)(C) gives the Court discretion to levy the fee award on "the disobedient party, the attorney advising that party, or both. . . ." "Both logic and the text of Rule 37(b)(2)(C) dictate that a court may impose sanctions in a targeted way against the actors whom it identifies as responsible for misconduct, whether those be parties, their attorneys, or both." Kyros, 78 F.4th at 546. "The Court has wide discretion to apportion Rule 37 monetary sanctions between a party and its counsel." Charlestown Cap. Advisors, LLC v. Acero Junction, Inc., 337 F.R.D. 47, 69 n.19 (S.D.N.Y. 2020) (quotation and citation omitted).

---

[3] Although defendant's fee award is reasonable in and of itself, defendant has, in effect, voluntarily "taken a haircut" by not seeking fees for work trying to obtain discovery from plaintiff. See Figueroa v. W.M. Barr & Co., Inc., No. 18-CV-11187, 2020 WL 996473, at *5 (S.D.N.Y. Mar. 2, 2020) (granting motion for sanctions and awarding fees "associated with bringing the instant motion, as well as in connection with several letter motions to compel"); Smith v. Wettenstin, No. 02-CV-5806, 2003 WL 22966281, at *3 (S.D.N.Y. Dec. 16, 2003) (finding that "predicate work" to motion for sanctions is "properly compensable").

In apportioning fees between counsel and client, the central question is: who is responsible for the misconduct? Courts may levy fees solely against a disobedient party's counsel for failing to respond to discovery orders where the party themselves did not play a direct role. See Figueroa, 2020 WL 996473, at *5 (holding that counsel bears responsibility for paying fees associated with sanctions motion because "[p]laintiff herself is not an attorney or familiar with discovery obligations, [and so] she necessarily relied on her counsel to ensure compliance" with court orders); Ingenieria Esterella, S.A. v. Morisseau, No. 14-CV-1463, 2015 WL 5794334, at *3 (E.D.N.Y. Sept. 30, 2015) (awarding sanctions against defendants' prior counsel where "[d]efendants have not provided any excuse for [failing to produce discovery], beyond their claim that their lawyer was ineffective"). At least one court in this Circuit awarded fees solely against counsel for counsel's failure to produce their client's medical records. Farrell v. U.S. Olympic & Paralympic Comm., No. 12-CV-1178, 2023 WL 6390476, at *9 (N.D.N.Y. July 28, 2023).

If counsel worked to "veil" his or her client's own discovery misconduct, fees may be apportioned between counsel and client based on their respective degree of fault. DeCastro v. Kavadia, 309 F.R.D. 167, 185 (S.D.N.Y. 2015) (requiring counsel to pay 25% and defendants to pay 75% of legal fees caused by defendants' spoliation of evidence and misleading statements). Similarly, holding a party and counsel jointly and severally liable for the full fee award is appropriate where they combine to flout a court's order—for example, where a party fails to make themselves available for a court-ordered deposition and his attorney fails to take steps to allow it to proceed, Antolini v. McCloskey, No. 19-CV-9038, 2021 WL 5411176, at *13 (S.D.N.Y. Nov. 19, 2021), or where counsel files a client affidavit that is materially noncompliant with a court order. Sentry Ins. A Mut. Co. v. Brand Mgmt. Inc., No. 10-CV-347, 2012 WL 6617357, at *6 (E.D.N.Y. Dec. 19, 2012).

With these principles in mind, the Court turns to whether plaintiff, her counsel Jae Lee, or both are at fault for violating the Court's discovery orders. Defendant argues—without opposition—that between plaintiff and her attorney, Ms. Lee should pay all of defendant's attorney's fees because "there is no indication that plaintiff herself . . . played any role in responding to defendant's discovery demands or the pertinent court orders." ECF No. 46 at 4. The Court agrees. There is no showing that plaintiff herself hindered production of any material subject to the Court's discovery orders. Ms. Lee is a resident of South Korea who may not speak English.[4] Id.; see also ECF No. 37-4 (plaintiff's deposition). The record suggests that plaintiff was either not aware of the Court's discovery orders or was led by counsel to believe that her discovery obligations were satisfied.[5] Accordingly, Ms. Lee, not her client, shall pay defendant's attorney's fees.

---

[4] In affirming the Court's judgment, the Second Circuit ordered Ms. Lee to provide a copy of its ruling her to client "translated into Korean if necessary to permit Park to understand it." Park, 91 F.4th at 616.

[5] For example, it was Ms. Lee, not her client, who appeared at all Court conferences. It was Ms. Lee, not her client, who stated that, "I don't believe we need to provide more" discovery at the conference where the Court granted defendant's motion to compel. Aug. 11, 2021 Tr. 3:21-22. It was Ms. Lee, not her client, who erroneously argued in opposition to defendant's motion to dismiss that plaintiff "indeed complied with this Court's" discovery orders. ECF No. 36 at 4. While the ordinary rule is that counsel's actions are "wholly attributable to the client," Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1068 n.10 (2d Cir. 1979), Rule 37(b)(2)(C) specifically contemplates apportioning attorney's fees based on actual comparative fault. Here, there is no basis in the record to find Ms. Park at fault.

## CONCLUSION

For the reasons stated herein, defendant's motion for an award of reasonable attorney's fees pursuant to the Federal Rule of Civil Procedure 37(b)(2)(C), ECF No. 46, is granted. Defendant is awarded $8,053.50 in attorney's fees which shall be paid by plaintiff's counsel, Jae Lee, within 14 days of this Order.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: May 1, 2024
       Brooklyn, New York